COUNTRYMAN & McDANIEL
MICHAEL S. McDANIEL   [State Bar No. 66774]
cargolaw@aol.com
GEOFFREY W. GILL   [State Bar No. 163621]
gwg@cargolaw.com
LAX Airport Center, Eleventh Floor
5933 West Century Boulevard
Los Angeles, California  90045
Telephone:  (310) 342-6500
Facsimile:  (310) 342-6505

Attorneys for defendant
HAAS INDUSTRIES, INC.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA - SAN FRANCISCO

| | |
|---|---|
| ONE BEACON INSURANCE COMPANY, a corporation,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>HAAS INDUSTRIES, INC., a corporation,<br><br>　　　　Defendants. | CASE NO. 3:07-CV-03540-BZ<br><br>HAAS INDUSTRIES, INC.'S ANSWER TO ONE BEACON INSURANCE COMPANY'S COMPLAINT |

COMES NOW defendant HAAS INDUSTRIES, INC. ("Haas"), and in response to plaintiff ONE BEACON INSURANCE COMPANY's ("One Beacon") complaint, responds and alleges as follows:

### FIRST CLAIM FOR RELIEF

#### (Cargo Loss)

1.  Haas is without sufficient information or knowledge to form a belief as to the allegations of paragraph 1 of One Beacon's complaint, and on that basis, denies those allegations in their entirety, and further denies that the claim asserted can be brought by any person or entity other than a real party in interest.

2.  Haas admits it is a California Corporation headquarted in South San Francisco, California and has contract carrier authority under the United States Department of Transportation. Except as Haas has expressly admitted the allegations of paragraph 2 of One Beacon's complaint, Haas denies the same.

3.  Haas is without sufficient information or knowledge to form a belief as to the allegations of paragraph 3 of One Beacon's complaint, and on that basis, denies those allegations in their entirety.

4.  Haas is without sufficient information or knowledge to form a belief as to the allegations of paragraph 4 of One Beacon's complaint, and on that basis, denies those allegations in their entirety.

5.  Haas is without sufficient information or knowledge to form a belief as to the allegations of paragraph 5 of One Beacon's complaint, and on that basis, denies those allegations in their entirety.

6.  Haas admits that it issued bill number 1590479 pertaining to a certain cargo with particulars furnished by shipper Omneon Video Networks for motor transportation from Sunnyvale, California to New York, New York. Except as Haas has expressly admitted the allegations of paragraph 6 of One Beacon's complaint, Haas denies the same.

7. Haas is without sufficient information or knowledge to form a belief as to the allegations of paragraph 7 of One Beacon's complaint, and on that basis, denies those allegations in their entirety.

8. Haas admits it subcontracted the cargo under its bill number 1590479 to one or more other carriers. Except as Haas has expressly admitted the allegations of paragraph 8 of One Beacon's complaint, Haas denies the same.

9. Haas denies the allegations of paragraph 9 of One Beacon's complaint.

10. Haas is without sufficient information or knowledge to form a belief as to the allegations of paragraph 10 of One Beacon's complaint, and on that basis, denies those allegations in their entirety.

11. Haas is without sufficient information or knowledge to form a belief as to the allegations of paragraph 11 of One Beacon's complaint, and on that basis, denies those allegations in their entirety.

12. Haas is without sufficient information or knowledge to form a belief as to the allegations of paragraph 12 of One Beacon's complaint, and on that basis, denies those allegations in their entirety.

**FIRST AFFIRMATIVE DEFENSE**

13. One Beacon's complaint fails to state facts sufficient to constitute a cause of action against Haas.

**SECOND AFFIRMATIVE DEFENSE**

14. One Beacon, its subrogors, agents, representatives and/or predecessors-in-interest did not exercise ordinary care, caution, or prudence to avoid the alleged loss and the alleged loss, if any, sustained by One Beacon was proximately caused by and contributed to by the acts, omissions, breaches, negligence, and/or fault of One Beacon, its subrogors, agents, representatives and/or predecessors-in-interest. Said negligence and fault bars One Beacon's recovery from Haas or comparatively reduces the percentage of fault, if any, of Haas.

**THIRD AFFIRMATIVE DEFENSE**

15. Haas is informed and believes and thereon alleges that the alleged loss, if any, was caused by the acts, omissions, breaches, negligence, and/or fault of third parties for which Haas is not responsible or liable. Said fault and neglect comparatively reduces the percentage of fault, if any, of Haas.

**FOURTH AFFIRMATIVE DEFENSE**

16. One Beacon, its subrogors, agents, representatives and/or predecessors-in-interest failed to mitigate its alleged damages and its recovery herein, if any, should be diminished in a sum equivalent to that portion of any actual damages that shall be proven to have been sustained and that One Beacon, its subrogors,

agents, representatives and/or predecessors-in-interest could have mitigated.

### FIFTH AFFIRMATIVE DEFENSE

17. If One Beacon sustained any loss, none of said loss was caused or contributed to by any fault or neglect on the part of Haas, but rather from a cause or causes from which Haas is expressly exempted and/or limited in the monetary amount of its liability under the applicable terms and conditions of the contract(s) and/or agreements that govern the transportation and handling of the subject cargo, including, without limitation, the terms and conditions of Haas' bill and Haas' Terms and Conditions of Service. Haas claims the benefit of each and every provision contained or otherwise incorporated in said contract(s) and/or agreements and requests leave to amend this answer and to offer proof thereof when more fully advised of the details concerning said loss or damage.

### SIXTH AFFIRMATIVE DEFENSE

18. One Beacon is not entitled to recover from Haas because the loss alleged occurred through no fault or negligence of Haas.

### SEVENTH AFFIRMATIVE DEFENSE

19. Haas is not liable for special or consequential damages under the terms and conditions of service of the applicable contract(s), tariff(s), bill(s) of lading, and/or at common law.

///

### EIGHTH AFFIRMATIVE DEFENSE

20. One Beacon, its subrogors, agents, representatives and/or predecessors-in-interest, and each of them, is estopped from claiming the damages alleged in the complaint from Haas.

### NINTH AFFIRMATIVE DEFENSE

21. One Beacon, its subrogors, agents, representatives and/or predecessors-in-interest, and each of them, has waived all right, if any, that One Beacon may have had to seek relief from Haas.

### TENTH AFFIRMATIVE DEFENSE

22. One Beacon, its subrogors, agents, representatives and/or predecessors-in-interest, and each of them, has released all right, if any, that One Beacon may have had to seek relief from Haas.

### ELEVENTH AFFIRMATIVE DEFENSE

23. Haas alleges that One Beacon's complaint, and every cause of action alleged therein, is barred under the applicable statue of limitations and/or applicable contractual limitations period.

### TWELFTH AFFIRMATIVE DEFENSE

24. Haas alleges that the complaint, and every cause of action alleged therein, is barred because Haas was acting in the capacity of an agent for a disclosed principal at the time of the subject loss.

///

///

### THIRTEENTH AFFIRMATIVE DEFENSE

25. Haas alleges that, upon information and belief, plaintiff One Beacon is not a real party in interest.

### FOURTEENTH AFFIRMATIVE DEFENSE

26. Haas acted in respect to matters alleged in the complaint in good faith and observed reasonable commercial standards, and so is exonerated by California Commercial Code section 7404 from any such liability as otherwise may attach.

### FIFTEENTH AFFIRMATIVE DEFENSE

27. One Beacon's complaint is barred in whole or in part by the doctrine of accord and satisfaction.

### SIXTEENTH AFFIRMATIVE DEFENSE

28. As a result of there not having been a value declared, Haas' liability, if any, is limited to $0.50 per pound of any goods proven to have been lost, or $50, whichever amount is higher, pursuant to the terms and conditions of the bill under which the goods referred to in One Beacon's complaint were carried.

### SEVENTEENTH AFFIRMATIVE DEFENSE

29. Haas reserves its right to assert by amendment of its answer to One Beacon's complaint such further affirmative defenses as discovery shows Haas to be entitled.

///

///

1     WHEREFORE, Haas prays as follows:

2     1.   That the Court dismiss One Beacon's complaint;

3     2.   That the Court enter judgment for Haas and against One Beacon;

    3.   That Haas recover from One Beacon its costs of suit incurred herein; and

    4.   For such other and further relief as the Court may deem just and proper.

Dated: August 27, 2007

**COUNTRYMAN & McDANIEL**
MICHAEL S. McDANIEL
GEOFFREY W. GILL

By: _____
MICHAEL S. McDANIEL
Attorneys for defendant
HAAS INDUSTRIES, INC.