**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA - SAN FRANCISCO**

| | |
|---|---|
| ONE BEACON INSURANCE COMPANY, a corporation,<br><br>  Plaintiff,<br><br>  vs.<br><br>HAAS INDUSTRIES, INC., a corporation,<br><br>  Defendants. | **CASE NO. 3:07-CV-03540-BZ**<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date: 10/29/07<br>Time: 4:00 P.M.<br>Judge: Hon. Bernard Zimmerman |

The parties, by their undersigned attorneys, respectfully submit their Joint Case Management Statement in conformity with the Northern District Judges' Standing Order.

1. <u>Jurisdiction and Service</u>: Defendant plans to bring in Direct Air, the custodial carrier, prior to October 29, 2007.

2. <u>Objective Statement of Facts Provided by Plaintiff</u>: Plaintiff One Beacon is the subrogated insurer of PPI, a retailer of computer wafers. PPI purchased an order of wafers from wholesaler Omneon Video Graphics for resale to City University of New York. The sale

- 1 -
L:\Cases\HAAS\One Beacon\Joint CMS.wpd
JOINT CASE MANAGEMENT STATEMENT

terms provided that the product was FOB Omneon's dock, but that Omneon would make the transportation arrangements, pay the freight charges and then invoice PPI for the transportation later.

PPI's contract called for Omneon to make shipping arrangements through a company called Unishippers. However, Unishippers proved to be unreliable, and Omneon retained Haas Industries instead. Haas is a licensed freight forwarder, which took possession of the goods and issued a bill of lading in its own name. Haas then turned the load over to Direct Air for transportation to New York. The load delivered short with a resulting loss alleged to be $105,000.

According to personnel at Omneon, Haas insisted that a claim for damages be filed by Omneon, rather than by PPI. Omneon did so. Haas contends that its liability is limited by the terms and conditions of the bill of lading contract. Haas forwarded a check for $88.00 to Omneon, which Omneon cashed.

3.   Legal Issues: Haas contends that the $88.00 payment to Omneon represents an accord and satisfaction. PPI disputes that there was an accord and satisfaction at all, and in any event, contends that Omneon was neither its agent nor a proper claimant.

Haas further contends that its liability, if any, is limited to 50 cents per pound as provided in the bill of lading contract. One Beacon contends that as a matter of law, the limitation fails to satisfy Carmack Amendment, 49 USC 14706, or *Hughes Aircraft v.*

1  *North American Air Lines*, 970 F2d 609 (9th Cir. 1992).  Counsel are
2  familiar with these issues and familiar with each other, and have
3  exchanged extensive correspondence based upon pertinent case law
4  arising since the enactment of the *Interstate Commerce Commission*
5  *Termination Act of 1995*.  It is agreed that for all intents and
6  purposes this case will be decided on summary judgment.

8  4.   <u>Motions</u>:   Cross-Motions for Summary Judgment are anticipated
9  to be the only motions filed.

11  5.   <u>Amendment of Pleadings</u>: No amendment is anticipated, however,
12  the parties propose a 60-day window for possible ammendment.

14  6.   <u>Evidence Preservation</u>:   Each side believes that all relevant
15  and admissible evidence has been preserved.

17  7.   <u>Disclosures</u>:   Initial disclosures have been exchanged.

19  8.   <u>Discovery</u>:   Since the case is likely to turn on documents,
20  minimal discovery is anticipated.

22  9.   <u>Class Actions</u>:   Not a class action.

24  10.  <u>Related Cases</u>:   No related cases.

26  11.  <u>Relief</u>:   No counterclaim is asserted.

28  12.  <u>Settlement and ADR</u>:   Extensive discussions had taken place

prior to the filing of suit.  A settlement conference prior to a hearing on cross-motions for summary judgment probably would not be fruitful.

13. <u>Consent to Magistrate Judge for All Purposes</u>:  The parties consent.

14. <u>Other References</u>:  No.

15. <u>Narrowing of Issues</u>:  The issues appear to have been narrowed.

16. <u>Expedited Schedule</u>:  No - Direct Air is to be brought in.

17. <u>Scheduling</u>:   Proposed dates:
    Trial - June 23, 2008
    Pretrial Conference - June 4, 2008
    Discovery Cutoff for all Purposes - May 9, 2008
    Exchange of Expert Reports - April 1, 2008

18. <u>Trial</u>:  Trial by the Court, if necessary.

19. <u>Disclosure of Non-Party Interested Entities or Persons</u>: Certification to be filed prior to October 29, 2007.

20. Counsel for defendant has requested permission to make a telephonic appearance at the conference.

Dated: October 22, 2007          **LAW OFFICES OF JAMES ATTRIDGE**
                                 JAMES ATTRIDGE


                           By:   /S/ James Attridge
                                 JAMES ATTRIDGE
                                 Attorney for Plaintiff
                                 ONE BEACON INSURANCE COMPANY


Dated: October 22, 2007          **COUNTRYMAN & McDANIEL**
                                 MICHAEL S. McDANIEL
                                 GEOFFREY W. GILL


                           By:   /S/ Geoffrey W. Gill
                                 GEOFFREY W. GILL
                                 Attorneys for Defendant
                                 HAAS INDUSTRIES, INC.

- 5 -

L:\Cases\HAAS\One Beacon\Joint CMS.wpd

JOINT CASE MANAGEMENT STATEMENT