UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ONE BEACON INSURANCE COMPANY,<br><br>          Plaintiff(s),<br><br>     v.<br><br>HAAS INDUSTRIES, INC,<br><br>          Defendant(s). | No.   C07-3540 BZ<br><br>**ORDER SCHEDULING COURT TRIAL AND PRETRIAL MATTERS** |

Following the Case Management Conference, **IT IS HEREBY ORDERED** that the Case Management Statement is adopted, except as expressly modified by this Order.  It is further **ORDERED** that:

1.  <u>DATES</u>

Trial Date: **Tuesday, July 1, 2008**, 2 days

Pretrial Conference: **Tuesday, 6/24/2008**, 4:00 p.m.

Last Day to Hear Motion for Summary Judgment: **Wednesday, 3/19/2008.**  Should both parties wish to move for summary judgment, the parties shall file as discussed in the case management conference.  The parties shall meet and confer to determine which party will file the initial moving papers.

1

1  The motions shall be briefed as follows: initial motion shall
2  be filed by no later than **Friday, January 18, 2008**; the
3  opposition and cross motion shall be filed by **Friday, February**
4  **8, 2007**; the reply and cross opposition shall be filed by
5  **Friday, February 22, 2007**; and the cross reply shall be filed
6  by **Monday, March 3, 2007**.
7  Last Day for Expert Discovery: **Friday, 4/11/2008**
8  Last Day for Expert Disclosure: **Friday, 4/4/2008**
9  Close of Non-expert Discovery: **Friday, 3/28/2008**
10 Should defendant determine it is necessary to file a third
11 party complaint pursuant to Federal Rule of Civil Procedure
12 14(a), the complaint shall be filed and served, along with a
13 copy of this order by **Monday, December 3, 2007.**
14 2.   DISCLOSURE AND DISCOVERY
15      The parties are reminded that a failure to voluntarily
16 disclose information pursuant to Federal Rule of Civil
17 Procedure 26(a) or to supplement disclosures or discovery
18 responses pursuant to Rule 26(e) may result in exclusionary
19 sanctions.  Thirty days prior to the close of non-expert
20 discovery, lead counsel for each party shall serve and file a
21 certification that all supplementation has been completed.
22      In the event a discovery dispute arises, **lead counsel** for
23 each party shall meet in person or, if counsel are outside the
24 Bay Area, by telephone and make a good faith effort to resolve
25 their dispute.  Exchanging letters or telephone messages about
26 the dispute is insufficient.  The Court does not read
27 subsequent positioning letters; parties shall instead make a
28 contemporaneous record of their meeting using a tape recorder

or a court reporter.

In the event they cannot resolve their dispute, the parties must participate in a telephone conference with the Court **before** filing any discovery motions or other papers. The party seeking discovery shall request a conference in a letter filed electronically not exceeding two pages (with no attachments) which briefly explains the nature of the action and the issues in dispute. Other parties shall reply in similar fashion within two days of receiving the letter requesting the conference. The Court will contact the parties to schedule the conference.

3. <u>MOTIONS</u>

Consult Civil Local Rules 7-1 through 7-5 and this Court's standing orders regarding motion practice. Motions for **summary judgment** shall be accompanied by a statement of the material facts not in dispute supported by citations to admissible evidence. The parties shall file a joint statement of undisputed facts where possible. If the parties are unable to reach complete agreement after meeting and conferring, they shall file a joint statement of the undisputed facts about which they do agree. Any party may then file a separate statement of the additional facts that the party contends are undisputed. A party who without substantial justification contends that a fact is in dispute is subject to sanctions. A Chambers copy of all briefs shall be submitted on a diskette formatted in WordPerfect 6.1, 8, 9, 10 or 13 (Windows), or may be e-mailed to the following address: bzpo@cand.uscourts.gov.

4. <u>SETTLEMENT</u>

1        This case is referred to a Magistrate Judge to conduct a
2   settlement conference in April or May 2008 in the event the
3   case is not resolved by summary judgement.  Counsel will be
4   contacted by that judge's chambers with a date and time for
5   the conference.
6   5.    PRETRIAL CONFERENCE
7        Not less than thirty days prior to the date of the
8   pretrial conference, the parties shall meet and take all steps
9   necessary to fulfill the requirements of this Order.
10       Not less than twenty days prior to the pretrial
11  conference, the parties shall: (1) serve and file a joint
12  pretrial statement, containing the information listed in
13  **Attachment 1**, and a proposed pretrial order; (2) serve and
14  file trial briefs, Daubert motions, proposed findings of fact
15  and conclusions of law, and statements designating excerpts
16  from discovery that will be offered at trial (specifying the
17  witness and page and line references); (3) exchange exhibits,
18  agree on and number a joint set of exhibits and number
19  separately those exhibits to which the parties cannot agree;
20  (4) deliver all marked trial exhibits directly to the
21  courtroom clerk, Ms. Scott; (5) deliver one extra set of all
22  marked exhibits directly to Chambers; and (6) submit all
23  exhibits in three-ring binders.  Each exhibit shall  be marked
24  with an exhibit label as contained in **Attachment 2**.  The
25  exhibits shall also be separated with correctly marked side
26  tabs so that they are easy to find.
27       No party shall be permitted to call any witness or offer
28  any exhibit in its case in chief that is not disclosed at

4

1  pretrial, without leave of Court and for good cause.
2      Lead trial counsel for each party shall meet and confer
3  in an effort to resolve all disputes regarding anticipated
4  testimony, witnesses and exhibits.  Not less than ten days
5  prior to the pretrial conference, the parties shall serve and
6  file any objections to witnesses or exhibits or to the
7  qualifications of an expert witness, and any oppositions to
8  <u>Daubert</u> motions.  There shall be no replies.
9      All motions, proposed findings of fact and conclusions of
10 law and trial briefs shall be e-mailed to the following
11 address: **bzpo@cand.uscourts.gov**
12     At the time of filing the original with the Clerk's
13 Office, two copies of all documents (but only one copy of the
14 exhibits) shall be delivered directly to Chambers (Room 15-
15 6688).  Chambers' copies of all pretrial documents shall be
16 three-hole punched at the side, suitable for insertion into
17 standard, three-ring binders.
18 Dated: November 1, 2007

_____
          Bernard Zimmerman
     United States Magistrate Judge

5

**ATTACHMENT 1**

The parties shall file a joint pretrial conference statement containing the following information:

(1) **The Action.**

    (A)   Substance of the Action. A brief description of the substance of claims and defenses which remain to be decided.

    (B)   Relief Prayed. A detailed statement of each party's position on the relief claimed, particularly itemizing all elements of damages claimed as well as witnesses, documents or other evidentiary material to be presented concerning the amount of those damages.

(2) **The Factual Basis of the Action.**

    (A)   Undisputed Facts. A plain and concise statement of all relevant facts not reasonably disputable, as well as which facts parties will stipulate for incorporation into the trial record without the necessity of supporting testimony or exhibits.

    (B)   Disputed Factual Issues. A plain and concise statement of all disputed factual issues which remain to be decided.

    (C)   Agreed Statement. A statement assessing whether all or part of the action may be presented upon an agreed statement of facts.

    (D)   Stipulations. A statement of stipulations requested or proposed for pretrial or trial purposes.

    (3) **Trial Preparation.**

    A brief description of the efforts the parties have made to resolve disputes over anticipated testimony, exhibits and witnesses.

    (A)  Witnesses to be Called. In lieu of FRCP 26(a)(3)(A), a list of all witnesses likely to be called at trial, other than solely for impeachment or rebuttal, together with a brief statement following each name describing the substance of the testimony to be given.

    (B)  Estimate of Trial Time. An estimate of the number of court days needed for the presentation of each party's case, indicating possible reductions in time through proposed stipulations, agreed statements of facts, or expedited means of presenting testimony and exhibits.

    (C)  Use of Discovery Responses. In lieu of FRCP 26(a)(3)(B), cite possible presentation at trial of evidence, other than solely for impeachment or rebuttal, through use of excerpts from depositions, from interrogatory answers, or from responses to requests for admission. Counsel shall state any objections to use of these materials and that counsel has conferred respecting such objections.

    (D)  Further Discovery or Motions. A statement of all remaining motions, including <u>Daubert</u> motions.

    (4) **Trial Alternatives and Options.**

7

        (A)    Settlement Discussion. A statement summarizing the status of settlement negotiations and indicating whether further negotiations are likely to be productive.

        (B)    Amendments, Dismissals. A statement of requested or proposed amendments to pleadings or dismissals of parties, claims or defenses.

        (C)    Bifurcation, Separate Trial of Issues. A statement of whether bifurcation or a separate trial of specific issues is feasible and desired.

(5) **Miscellaneous.**

Any other subjects relevant to the trial of the action, or material to its just, speedy and inexpensive determination.

# ATTACHMENT 2

**USDC**
Case No. CV06-05025 BZ
**JOINT** Exhibit No. _____

Date Entered _____

Signature _____

_____

**USDC**
Case No. CV06-05025 BZ
**JOINT** Exhibit No. _____

Date Entered _____

Signature _____

_____

**USDC**
Case No. CV06-05025 BZ
**PLNTF** Exhibit No. _____

Date Entered _____

Signature _____
____

_____

**USDC**
Case No. CV06-05025 BZ
**PLNTF** Exhibit No. _____

Date Entered _____

Signature _____

_____

**USDC**
Case No. CV06-05025 BZ
**DEFT** Exhibit No. _____

Date Entered _____

Signature _____

_____

**USDC**

---

**USDC**
Case No. CV06-05025 BZ
**JOINT** Exhibit No. _____

Date Entered _____

Signature _____

**USDC**
Case No. CV06-05025 BZ
**JOINT** Exhibit No. _____

Date Entered _____

Signature _____

**USDC**
Case No. CV06-05025 BZ
**PLNTF** Exhibit No. _____

Date Entered _____

Signature _____

**USDC**
Case No. CV06-05025 BZ
**PLNTF** Exhibit No. _____

Date Entered _____

Signature _____

**USDC**
Case No. CV06-05025 BZ
**DEFT** Exhibit No. _____

Date Entered _____

Signature _____

**USDC**

| | | |
|---|---|---|
| 1 | Case No. CV06-05025 BZ<br>**DEFT** Exhibit No. _____ | Case No. CV06-05025 BZ<br>**DEFT** Exhibit No. _____ |
| 2 | Date Entered _____ | Date Entered _____ |
| 3 | | |
| 4 | Signature _____ | Signature _____ |