1  JAMES ATTRIDGE [SBN NO. 124003]
   Business Trial Lawyer
2  The Fox Plaza, Suite 1204
   1390 Market Street
3  San Francisco, CA 94102
   Telephone:    (415) 552-3088
4
   Attorney for Plaintiff
5  ONEBEACON INSURANCE COMPANY

6

7

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10                     SAN FRANCISCO DIVISION

11  ONEBEACON INSURANCE COMPANY,          Case No:  C-07-3540 BZ (MEJ)

12            Plaintiff(s),              **DECLARATION OF JAMES ATTRIDGE
                                         IN SUPPORT OF PLAINTIFF'S MOTION
13        v.                             FOR SUMMARY JUDGMENT OR, IN THE
                                         ALTERNATIVE, FOR PARTIAL
14  HAAS INDUSTRIES, INC.,               SUMMARY JUDGMENT**

15            Defendant(s).
                                         Date:      April 2, 2008
16                                       Time:      10:00 a.m.
                                         Courtroom: Courtroom G
17

18       I, JAMES ATTRIDGE, declare and state:

19       1.    I am attorney of record for plaintiff ONEBEACON Insurance Company

20  ("ONEBEACON") in this action.  I know the following of my own personal knowledge and if

21  called upon to do so, could and would competently testify thereto.

22       2.    Attached hereto as Exhibit 1 is a true and correct copy of the Initial Disclosures

23  provided to me by defendant.

24       3.    Attached hereto as Exhibit 2 is a true and correct copy of a Stipulation already

25  filed with the Court, whereby it was agreed that the documents exchanged in the disclosures

26  would be deemed authenticated.

27       4.    Prior to filing suit, I requested once of Haas and later of its counsel to forward me

28  copies of the tariff which provided a menu of rates tied to levels of liability.  I have received

---

1    none other than those in the Initial Disclosures.

2         I declare under penalty of perjury under the laws of the United States of America that the

3    foregoing is true and correct.

4         Executed on this 27th day of February, 2008, at San Francisco, California.

5

6                                              _____/s/_____

7                                              JAMES ATTRIDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 1

1  **COUNTRYMAN & McDANIEL**
   MICHAEL S. McDANIEL   [State Bar No. 66774]
2  cargolaw@aol.com
   GEOFFREY W. GILL    [State Bar No. 163621]
3  gwg@cargolaw.com
   LAX Airport Center, Eleventh Floor
4  5933 West Century Boulevard
   Los Angeles, California  90045
5  Telephone: (310) 342-6500
   Facsimile: (310) 342-6505
6
   Attorneys for defendant
7  HAAS INDUSTRIES, INC.

8               UNITED STATES DISTRICT COURT

9         NORTHERN DISTRICT OF CALIFORNIA - SAN FRANCISCO

10

11 ONE BEACON INSURANCE COMPANY, ) **CASE NO. 3:07-CV-03540-BZ**
   a corporation,                )
12                               ) **INITIAL DISCLOSURE BY**
                                  ) **DEFENDANT HAAS INDUSTRIES,**
13            Plaintiff,          ) **INC.**
                                  )
14       vs.                     )
                                  )
15 HAAS INDUSTRIES, INC., a      )
   corporation,                  )
16                               )
              Defendants.        )
17 _____  )

18      Defendant Haas Industries, Inc. submits its initial disclosure

19 pursuant to Fed. R. Civ. P. 26(a)(1)(A) and (B) in addition to

20 prior exchanges of information and documents between the parties.

21 Defendant reserves its right to supplement this disclosure, if new

22 information is ascertained.

23

24 **A.    Individuals:**

25      Carmen Holster, Director if Claims at Haas Industries, Inc.,

26 telephone  number  (650)  873-5222,  is  familiar  with  pricing

27 agreements  and  dealt  with  Omenon  Video  Network  regarding  the

28 underlying claim.

                          - 1 -

1  **B.   Documents:**

2       1.   Standard Tariff - 1 page;

3       2.   Omneon Video Nationwide Trade Show Tariff - 1 page;

4       3.   Direct Air Service Airbill 274550- July 1, 2005 - 1
    page;

5

6       4.   Pickup Disclaimer - 1 page;

       5.   Conditions of Contract of Carriage - 6 pages;
7

8       6.   Claim of Presentation - December 7, 2005 - 1 page;

9       7.   Letter J. Williams to C. Holster - January 4, 2006 - 1
    page;

10      8.   Sworn Statement in Proof of Loss;

11      9.   Omneon Order Acknowledgment - 2 pages;

12      10.  Haas Freight bill Number SFO1590479 - front and back -
    2 pages;
13

14      11.  Delivery Receipt - 1 page;

15      12.  Trace Notes Listing - 1 page;

16      13.  Claim Presentation - handwriting - 1 page;

17      14.  Letter C. Holster to C. Siller [Omneon] - November 21,
    2005 - 1 page;

18      15.  Haas check payable to Omneon - $88.00 with endorsement
    - 1 page; and
19

20      16.  Letter J. Attridge to C. Holster - March 18, 2006 - 1
    page.

21

22      I hereby certify that to the best of knowledge, and on

23  information and belief, formed after a good faith inquiry and a

    reasonable investigation, that this disclosure is complete and
24
    correct as of the date of service of these initial disclosures.
25

26
    ///
27
    ///
28

- 2 -

1  Dated: December 31, 2007        **COUNTRYMAN & McDANIEL**
                                   MICHAEL S. McDANIEL
2                                  GEOFFREY W. GILL

3

4

5                          By: _____
                                GEOFFREY W. GILL
6                               Attorneys for defendant
                                HAAS INDUSTRIES, INC.
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 3 -

# STANDARD TARIFF



# ZONE A          ZONE B          ZONE C

|  | NEXT DAY | TWO-DAY | 3-5 DAY |
|---|---|---|---|
| WITHIN ZONE | MIN. $100.00<br>PER LB. 0.87 | MIN. $80.00<br>PER LB. 0.58 | MIN. $70.00<br>PER LB. 0.45 |
| CROSS 1 ZONE | MIN. $100.00<br>PER LB. 1.02 | MIN. $80.00<br>PER LB. 0.68 | MIN. $70.00<br>PER LB. 0.50 |
| CROSS 2 ZONES | MIN. $100.00<br>PER LB. $1.17 | MIN. $80.00<br>PER LB. 0.78 | MIN. $70.00<br>PER LB. 0.55 |

## RULES AND REGULATIONS

· Rates are door to door within areas A, B, and C of major airport cities.
· Shipments which require freighter service due to size, weight restrictions, or to meet service
  requirements, will be charged on a quote only basis.
· Weekends and holidays will be excluded when computing shipment arrival date
· Special service charges are not included in the above rates.
· Dimensional weight will apply to all serivce levels using factor 194.

PHONE: 800-875-5222
FAX: 650-873-8365
www.haasindustries.com
EFFECTIVE 04.24.01

HAAS

000001

Jun-17-03 04:50P                                                    P.07





# Omneon Video Network
### Sunnyvale, CA

Nationwide Trade Show Tariff

| Service | Minimum | Within Zone | Across 1 Zone | Across 2 Zones |
|---------|---------|-------------|---------------|----------------|
| Next Day | $ 100.00 | $ .78 | $0.92 | $ 1.05 |
| Two Day | $ 80.00 | $ .52 | $ .61 | $ .70 |
| 3 - 5 Day | $ 70.00 | $ .41 | $ .45 | $ .50 |

## Rules and Regulations

- *Rates include pickup and delivery services within areas A through C of all major airport cities.*

- *Weekends will be excluded when computing shipment arrival date.*

- *Special pickup and delivery services are not included in above rates.*

- *Dimensional weight will apply to all service levels using a factor of 194.*

- *All shipments will be charged 7% fuel/security] surcharge.*

- *Shipments requiring freighter service due to size, weight restrictions or to meet service requests will be accessed an additional 50% of the overnight rate.*

All In Door-to-Airport London (excluding clearance)

| Minium | 45 Kilo | 100 Kilo | 500 Kilo |
|--------|---------|----------|----------|
| $182 | $3.00/kilo | $2.13/kilo | $1.98/kilo |

*May 2, 2003*

---

TRANSPORTATION/LOGISTICS

228 EAST HARRIS AVENUE, SOUTH SAN FRANCISCO, CA 94080 PHONE: 650-873-5222 FAX: 650-873-8365 NATIONAL WATS: 800-875-5222

=> HAASx                    ,TEL=650 873 8365       06/17'03 15:28

000002

Carrier's liability is li___  1.50 per lb. unless shipper requests additional declared value. (Subject to additional charge)

| AIRBILL NUMBER | | DATE MO. DAY YR. | DECLARED VALUE | PREPAID | COLLECT | BILL TO |
|---|---|---|---|---|---|---|
| ORIGIN | SERIAL NUMBER 274550 | 08-01-05 | NVD | XXX | | |
| SFO | | | | | | |

**SHIPPER** | SHIPPER'S ACCOUNT NO.

DESTINATION AIRPORT: NVD

# Direct Air Service, Inc.

320 ELIZABETH AVENUE
NEWARK, N.J. 07112

**NEWARK** (973) 242-8223    **LOS ANGELES** (310) 644-9980

NAME: HAAS INDUSTRIES

STREET ADDRESS: P.O. BOX 280840

CITY/STATE/ZIP CODE: SAN FRANCISCO, CALIF    94128

**CONSIGNEE**

NAME: CARTAGE BY DIRECT

STREET ADDRESS: NOA    800/446-3907

CITY/STATE/ZIP CODE: NEWARK  N.J.    (EWR)

| DIMENSIONAL WT. | | | |
|---|---|---|---|
| PCS | L | W | H |
| | | | |
| | | | |

CUBIC INCHES

CUBIC WEIGHT

RATE

FREIGHT CHARGES

EXCESS VALUE

OTHER

It is mutually agreed that the shipment described herein is accepted on the date hereof in apparent good order (except as noted) for carriage as specified hereon, subject to governing tariffs in effect on the date of this bill of lading.
RELEASED VALUE: Rates and charges covering the shipment described hereon are based on a released value of $50 minimum or not to exceed $50 per pound. Likewise, Direct Air Service, Inc's liability for loss or damage is limited to $50.00 for any shipment of 100 pounds unless shipper declares and pays for a higher value. This value shall be deemed to related to the gross weight of each shipping package separately. All weights entered on this bill of lading are subject to verification by Direct Air Service, Inc. Shipments have a chargeable weight equal to 6 pounds per cubic foot or greater. Freight whose density is less than 6 pounds per cubic foot is subject to application of a dimensional weight factor of 194.
DECLARED VALUE: The Shipper may increase Direct Air Service, Inc.'s liability by declaring a higher value on the face of the Bill of Lading and paying the additional charges. Declared value may not exceed actual value. Direct Air Service, Inc.'s liability for complete loss or damage will the lesser of the total declared value or the total actual value. Direct Air Service, Inc.'s liability for partial loss or damage will be prorated based on the ratio of total declared value to total actual value. For example: Shipper tenders goods with a total actual value of $20,000. Shipper declares and pays for a value of $10,000. Partial damage of $8,000 = $4,000).
CLAIMS: Any claim for damages not noted on the delivery receipt must be submitted in writing to Direct Air Service, Inc. within 15 days of the delivery date. Any claim for damage noted on the delivery receipt must be submitted in writing within 270 days. No claim will be processed until all transportation charges have been paid. Claims cannot be deducted from transportation charges. Claims must be submitted to Claims Dept., Direct Air Service, Inc., 320 Elizabeth Avenue, Elizabeth, N.J. 07112.

NOTE:
The undersigned agrees to make immediate payment upon receipt of statement. In the event such payment is not made within 15 days after receipt of the original statement, it is agreed that Direct Air Service, Inc. may immediately impose a LATE PAYMENT CHARGE at the rate of 1½ % per month (Annual Rate - 18%), or the maximum allowed by law, on the unpaid balance, and the reasonable cost of collection including attorney fees.

ROUTING

REG | TRK | OTHER

| SHIPPER'S SIGNATURE | CARRIER'S SIGNATURE | DATE | TIME | **TOTAL CHARGES** |
|---|---|---|---|---|
| X  RIC AYALA/SFO | X  Sandoval   stc | 07/01/05 | 9:45 | |

INSTRUCTIONS TO CARRIER: Include carrier ref. no. & billing instructions.

| NO. PCS. | GROSS WEIGHT | CHARGEABLE WEIGHT | DESCRIPTION OF PACKING PIECES AND CONTENTS | | |
|---|---|---|---|---|---|
| 3 | 554 LBS. | | STC 8 CTNS  c/c    REF# 1590479 | | |
| 1 | 299 LBS. | | MED.EQUIP.    R$F# 1578162 | | |
| 2 | 238 LBS. | | c/c    REF# 2153491 | | |
| 20 | 870 LBS. | | GLASSWARE  /  12 HAWB's | | |
| 26 | 1961 LBS. | | CARRIER REMARKS | | |

AIRFREIGHT
exempt Carmack
allowed .50
per lb.
7-1-05

CONSIGNEE'S SIGNATURE | DATE | TIME
X

000003

## NOTICE

BY PROCESSING AND TENDERING YOUR SHIPMENT VIA THE HAAS INDUSTRIES INTERNET SYSTEM, YOU AGREE, REGARDLESS OF WHETHER YOU SIGN THE FREIGHT BILL, AS AGENT FOR AND ON BEHALF OF ALL PARTIES INVOLVED, TO ALL TERMS AND CONDITIONS OF THE HAAS INDUSTRIES FREIGHT BILL. THIS SHIPMENT WILL BE BILLED TO YOUR ACCOUNT AND YOU ARE RESPONSIBLE FOR ALL CHARGES INCURRED UNDER YOUR USER ID AND PASSWORD. HAAS INDUSTRIES IS NOT RESPONSIBLE FOR PROBLEMS ATTRIBUTABLE TO THE FUNCTIONING OF THE INTERNET OR THE HAAS INDUSTRIES INTENET SYSTEM. HAAS INDUSTRIES MAY MODIFY OR TERMINATE THE HAAS INDUSTRIES INTERNET SYSTEM WITHOUT NOTICE. THIS SYSTEM DOES NOT PROVIDE DOCUMENTATION THAT MAY BE REQUIRED FOR CUSTOMS CLEARANCE OF INTERNATIONAL SHIPMENTS. IT IS THE RESPONSIBILITY OF THE SHIPPER TO PROVIDE ALL NECESSARY DOCUMENTS FOR INTERNATIONAL SHIPMENTS.

## Conditions of Contract of Carriage

1. In tendering this shipment, the shipper agrees to these Conditions of Contract of Carriage, which no agent or employee of the parties may alter, and that this shipping document is non-negotiable and has been prepared by the shipper. The shipper certifies and represents to Haas Industries that the information inserted on the face of this shipping document is complete and accurate. It is agreed among the parties involved that the conditions of contract of carriage for this shipment are governed by Haas Industries tariffs, available for inspection at Haas Industries offices, and which are hereby incorporated into this contract, and a copy of which will be supplied upon request. *NOTE:* "Shipper" on this contract means the party from whom the shipment is received, the party who requested the shipment be transported by Haas Industries, and party having an interest in the shipment, and any party who acts as an agent for any of the above. Except to the extent of any written contract between shipper and Haas Industries, this shipping document supersedes and negates any claimed, alleged or asserted oral or written contract, promise, representation or understanding between the parties with respect to this shipment.

2. In the event that shipment is tendered to Haas Industries on a straight bill of lading or any other shipping document, Haas Industries rules and regulations will supersede any rules and regulations contained on the shipping document on which the freight was tendered.

3. Shipper warrants that each package in this shipment is properly and completely described on this shipping document, is properly marked and addressed, is packaged adequately to protect the enclosed goods to insure safe transportation with ordinary care in handling, and except as noted, is in good order and condition. For articles shipped in unenclosed containers, Haas Industries shall not be liable for damage/loss unless mishandling and/or loss is evident and is so noted on the delivery receipt at time of delivery. NOTE: A shipment in which delivery is made in exchange for a clear delivery receipt shall be prima facie evidence of having received ordinary care in handling.

4. At time of delivery, the consignee must note on the delivery receipt any exceptions to the shipping containers that would indicate a discrepancy (shortage in the shipment or damage to the containers). The consignee may not inspect the contents of the shipping containers until the consignee signs for the shipment on the delivery receipt. NOTE: Such notations as "subject to inspection" and "subject to recount" are not exceptions. NOTE: A shipment in which delivery is made in exchange for a clear delivery receipt shall be prima facie evidence of having received ordinary care in handling. *NOTE: Under no circumstances shall Haas Industries be liable for loss and/or damage to external shipping containers of any kind.*

5. Haas Industries SHALL NOT BE LIABLE IN ANY EVENT FOR ANY SPECIAL, INCIDENTAL OR CONSEQUENTIAL DAMAGES, INCLUDING BUT NOT

LIMITED TO LOSS OF PROFITS, INCOME, INTEREST, UTILITY OR LOSS OF MARKET, WHETHER OR NOT Haas Industries HAD KNOWLEDGE THAT SUCH DAMAGES MIGHT BE INCURRED.

6. Due to the inherent nature of the transportation business, Haas Industries does not guarantee pick up, transportation or delivery by a stipulated date or a stipulated time, nor shall Haas Industries be liable for the consequences of failure to do so.

7. Overcharge claims must be received in writing by the corporate office of Haas Industries (P. O. Box 280840, San Francisco, CA 94128-0840) within one year after date of acceptance of the shipment by Haas Industries. Written notification on all other claims (except concealed loss/damage claims) must be received in writing by the corporate office of Haas Industries (P. O. Box 280840, San Francisco, CA 94128-0840) within 60 days after Haas Industries accepted the shipment. Notification of concealed loss/damage claims (i.e., claims for loss or damage discovered by the consignee after delivery and after a clear receipt has been given) must be received in writing by the corporate office of Haas Industries (P. O. Box 280840, San Francisco, CA 94128-0840) within 3 days after delivery, or if perishables, verbally within 48 hours. For damage claims and concealed loss claims, Haas Industries must be allowed the privilege to make inspection of the shipment and the container(s) and packaging material(s) at place of delivery. Claims must be perfected within 180 days after delivery or date delivery was intended. No claims will be entertained until all transportation charges have been paid. Claims may not be deducted from transportation charges and no claims may be deducted from any charges owed Haas Industries. Legal action to enforce a claim must be brought within one year after the claim has been denied in writing by Haas Industries, in whole or in part.

8. Haas Industries liability, in the absence of a higher declared value for carriage, is limited to a minimum of $50.00 per shipment or $0.50 per pound, per piece, of cargo lost, damaged, misdelivered or otherwise adversely affected, but in no event shall exceed the actual invoice value of the goods. This limitation is subject to provisions as published in Haas Industries governing tariffs in effect at the time of this shipment. Declared values for carriage in excess of $0.50 per pound, per piece, shall be subject to an excess valuation charge.

9. Unless each piece of the shipment has a declared value stated and is specifically identified on the Haas Industries shipping document at the time of the shipment and is so identified on the delivery receipt as being lost, damaged, destroyed, or otherwise affected at time of delivery, Haas Industries shall be liable subject to tariff provisions in effect at the time of the shipment for the "average declared value" of the shipment. The "average declared value" of the shipment shall be determined by first dividing the total declared value of the shipment by the total weight of the shipment. This figure, multiplied by the packaged weight of the piece(s) adversely affected, shall then establish the amount of Haas Industries liability. The total declared value amount must be inserted in the DECLARED VALUE box on the face of this shipping document.

000006

Haas Industries liability shall in no event exceed the actual invoice value of the goods adversely affected.

10. In the event of the failure or inability of the consignee to take delivery of the shipment, Haas Industries will notify shipper in writing at the address shown on the shipping document and request disposition instructions. If the shipper fails to provide disposition instructions within 30 days after the date of Haas Industries notice, Haas Industries will return shipment to the shipper at the shipper's expense. If the shipper fails to accept delivery of a shipment thus returned, Haas Industries may, upon 30 days written notice to the shipper, dispose of the shipment at public or private sale and pay itself out of the proceeds to satisfy the transportation charges owing on the shipment. Any sums collected by Haas Industries in excess of such transportation charges will be paid to the shipper. No sale or disposal pursuant to this rule will discharge any liability or lien to any greater extent than the proceeds thereof. The shipper and the consignee shall remain liable, jointly and severally, for any deficiency.

11. Haas Industries shall not be liable for loss, damage, delay or monetary loss of any type caused by: Acts of God; public authorities acting with actual or apparent authority; strikes; labor disputes; weather; mechanical failures; aircraft failures; civil commotions; acts or omissions of customs or quarantine officials; the nature of the freight or any defects thereof; public enemies; hazards incident to a state of war; acts of terrorism; and by acts, defaults or omissions of the shipper or consignee for failure to observe the terms and conditions of the contract of carriage contained in this shipping document, including but not limited to improper packaging, marking, incomplete/inaccurate shipping instructions and the rules relating to freight not acceptable for transportation of freight acceptable only under certain conditions outlined below.

12. Unless otherwise expressly provided in Haas Industries tariffs and subject to any conditions or restrictions contained therein, the following articles will not be accepted for carriage: any shipment prohibited by law; original works of art, antiques, bonds, coins of any kind, currency, currency equivalents, furs, fur clothing, gems or stones (cut or uncut), industrial diamonds, gold or silver, coined concentrates, jewelry (other that costume jewelry), pearls, precious metals, securities (negotiable), time sensitive written material (e.g., bids, contract proposals, etc.), when the declared value exceeds $0.50 per pound; household goods and/or personal effects, one-of-a-kind articles or models, prototypes, valuable rugs (i.e., Oriental rugs, Persian rugs) and prints or lithographs when the total declared value of the shipment exceeds $500.00 or when the declared value exceeds $0.50 per pound, per piece; and such other articles provided in Haas' governing tariffs and/or service guide. Haas Industries shall not be liable for any loss, damage, delay, liabilities or penalties resulting from the transportation of any of the foregoing articles, however described or misdescribed in this shipping document, and no employee or agent of Haas Industries has any authority to accept for transportation such articles or to waive the limitations herein contained.

13. Haas Industries liability for aggregate losses at any one time at any one place is limited to $1,000,000.00. For shipments having declared values over $25,000.00, Haas Industries must be given advance notice prior to pick up.

14. Rates and charges for this shipment will be based on actual or dimensional weight, whichever is greater. For domestic shipments dimensional weight will be assessed on the basis of one (1) pound for each 194 cubic inches, for international shipments dimensional weight will be assessed on a basis of one (1) pound for each 166 cubic inches.

15. If this is an International shipment, a) all rules relating to liability as established by the Warsaw Convention shall apply, b) except as otherwise provided in Haas Industries tariffs or conditions of carriage, in carriage to which the Warsaw Convention does **not** apply, Haas Industries liability shall not exceed U.S. $20.00 per kilogram or the equivalent of goods lost, damaged or delayed, unless a higher value is declared by the shipper and a supplementary charge paid, c) Haas Industries accepts this shipping document as a shipper's letter of instructions with authorization to prepare and sign on shipper's behalf an international shipping document, and d) Haas Industries reserves the option to act as agent of the carrier, instead of as a forwarder, in which event the direct carrier's tariffs shall apply to this shipment and e) the shipper may select by inserting on the face of this shipping document cargo coverage based on insurance and/or declared value for carriage.

16. Unless inserted otherwise on the face of this shipping document, the C.O.D. amount of the shipment shall be deemed to be the declared value for carriage amount. This declared value for carriage amount in excess of $0.50 per pound, per piece, shall be subject to an excess valuation charge.

17. Collect on Delivery (C.O.D.) service is provided under the following conditions: a) shipper must identify the shipment as a C.O.D. shipment by entering the amount to be collected in the "Shipper's C.O.D. Box" on the front of this shipping document, b) shipper must specify the type of payment to be received (e.g. cash, check, money order or cashier's check) in the "Special Services Box" on the front of this shipping document and c) Haas Industries and shipper agree that Haas Industries does not guarantee nor verify that a check, money order, cashier's check or other such financial instrument is valid or negotiable. All payments are collected at shipper's risk.

18. Unless prior arrangements are made, the acceptance of cash by Haas Industries and its agents for payment of freight charges and/or C.O.D. amounts is limited to a maximum of $2,000.00 per shipment and/or stop. Payment of freight charges and/or C.O.D. amounts in excess of $2,000.00 must be remitted by cashier's check, certified check, money order, or consignee's check as authorized by the shipper in writing.

19. Haas Industries shall have the right to a) substitute alternate carriers or other means of transportation and b) select the routing or deviate from that shown on the face hereof.

20. This shipment is subject to inspection by Haas Industries; however, Haas Industries is not obligated to perform such inspection.

21. The shipper and the consignee shall be liable jointly and severally for all unpaid charges payable on account of this shipment pursuant to this contract and to pay or indemnify Haas Industries for claims, fines, penalties, damages, costs (storage, handling, reconsignment, return of freight to shipper, etc.) or other sums which may be incurred by Haas Industries by reason of any violation of this contract or any other default of the shipper or consignee or their agents. Haas Industries shall have a lien on any goods shipped for failure to pay charges payable on account of this shipment pursuant to this contract. Haas Industries may refuse to surrender possession of the goods until such charges are paid. Should Haas Industries bring legal action for the enforcement of this contract or collection of any sums due and payable under this contract, Haas Industries shall be entitled to reasonable attorney fees and costs.

22. All invoices are due and payable in 14 days from the invoice date.

23. Shipper and consignee shall hold Haas Industries and its agents harmless for loss/damage/delay or any monetary losses which are a result of auxiliary services including but not limited to local cartage, crating, uncrating, packing, and unpacking which are requested by the shipper or consignee and arranged by Haas Industries as a customer service unless such services are actually performed by Haas Industries or its agents. Such limitation of liability shall extend to the selection by Haas Industries of the providers of the auxiliary services. Auxiliary services are those which are performed prior or subsequent to transportation and which may be billed directly by the provider of the services or by Haas Industries. Provider of auxiliary services are contractors for the shipper or consignee and are not agents for Haas Industries. Local cartage is the movement of unpackaged/uncrated freight. *NOTE*: Under no circumstances will the liability of Haas Industries for any monetary loss which is a result of any auxiliary services performed by Haas Industries or its agents be greater that the liability contained in this contract.

24. Should Haas Industries successfully defend itself of any legal actions brought by any party with an interest in this shipment, Haas Industries shall be entitled to reasonable attorney fees and costs. NOTE: In lieu of legal actions, any disputed claim not greater than $15,000.00 is to be settled through binding arbitration submitted to the Transportation Arbitration Board or the American Arbitration Association under its cargo claim arbitration program. An alternative arbitrator is to be selected by Haas Industries if the claim is unacceptable for arbitration by both the above arbitrators.

25. Shipments are subject to security controls by carriers and, where appropriate, by government agencies. Copies of shipping documents will be retained until the shipment is delivered.

000009

## INDIRECT AIR CARRIER STANDARD SECURITY PROGRAM

"Cargo items tendered for air transportation are subject to aviation security controls by air carriers and when appropriate, other government regulations. Copies of all relevant shipping documents showing the cargo's consignee, description, and other relevant data will be retained on file until the cargo completes its air transportation."



Direct Air Services/
Cartage by Direct
Attn: Cargo Claims
320 Elizabeth Avenue
Newark, NJ  07112

December 7, 2005

## CLAIM PRESENTATION

| | |
|---|---|
| Haas Freight Bill Number: | SFO 1590479 00 |
| Direct Air Pro: | 274550 |
| Date: | July 1, 2005 |
| Amount: | $154,195.50 |

Reason:        Shipment delivered one piece short.
Enclosed Documents: Copy or original Direct Air Pro
                         Copy of claim presented by the customer (including proof of
                         value)
                         Copy of proof of delivery reflecting shortage

Remit to:
Haas Industries, Inc.
P. O. Box 280840
San Francisco, CA 94128-0840

000011



**L E I Z U R E**

(410) 752-3036
FAX (410) 752-6029

**A S S O C I A T E S**

**I N C .**

508 ST. PAUL PLACE....BALTIMORE, MD. 21202-2289

January 4, 2006

*JAN 9 - REC'D*

Ms. Carmen Holster
c/o Haas Industries
P.O. Box 280840
San Francisco, CA  94128-0840

> **RE: OUR INSURED – PROFESSIONAL PRODUCTS, INC.**
> **SHIPPER – OMNEON VIDO NETWORKS**
> **FREIGHT BILL #1590479**
> **PRODUCT DISAPPEARANCE OF 6/30/2005-7/8/2005**

Dear Carmen,

As we have recently discussed on several occasions, I represent the interests of the OneBeacon Insurance Company, the transit and property insurance carrier for Professional Products, Inc. regarding the captioned shipment and subsequent partial loss thereunder.

Per our miscellaneous communication, I am aware that you are continuing to search for the portion of the missing shipment and the intent of this correspondence is to advise that if your search is successful at some time in the foreseeable future we would appreciate your direct communication as that property would be owned, for salvage purposes, by the OneBeacon Insurance Company.  The proper owner of the shipment was Professional Products, Inc. in Gaithersburg, Maryland, when the loss occurred due to contractual relationships between Omneon Video Networks and Professional Products, Inc.

In summary, I would ask that you please attach this correspondence to your file with a request that you contact this writer directly should the missing portion of the shipment be found.  I thank you for your cooperation exhibited to date and appreciate your general concern during our previous communications.

Very truly yours,

LEIZURE ASSOCIATES, INC.

Jim Williams, Adjuster

JW/sm

cc: OneBeacon Insurance Co.
cc: David Brisco, Cozen & O'Conner



000012

# SWORN STATEMENT
# IN PROOF OF LOSS

AMOUNT OF POLICY AT TIME OF LOSS: *420 000*

DATE ISSUED: *8/1/2004*

DATE EXPIRES: *8/1/2005*

POLICY NUMBER: *7190086639*

AGENCY AT: *Rockville Md*

AGENT: *M6 IX*

To the _*One Beacon Insurance Co.*_

of _____

At time of loss, by the above indicated policy of insurance you insured: *Professional Protection*

against loss by *all risk of loss* to the property described under Schedule "A," according to the terms and conditions of the said policy and all forms, endorsements, transfers and assignments attached thereto.

1. **Time and Origin:** A *Loss in transit* loss occurred about the hour of ____ o'clock ____ M., on the *6* day of *July* 19 *2005*. The cause and origin of the said loss were *portion of shipment lost in transit while being transported by Hurst Inastitute from Omnion in California to CUNY in New York New York.*

2. **Occupancy:** The building described, or containing the property described, was occupied at the time of the loss as follows, and for no other purpose whatever: *Commercial*

3. **Title and Interest:** At the time of the loss the interest of your insured in the property described therein was *Owner* _____ No other person or persons had any interest therein or encumbrance thereon, except: *none regarding this property*

4. **Changes:** Since the said policy was issued there has been no assignment thereof, or change of interest, use, occupancy, possession, location or exposure of the property described, except: *in a loss*

5. **Total Insurance:** The total amount of insurance upon the property described by this policy was, at the time of the loss, $ *420 000* , as more particularly specified in the apportionment attached under Schedule "C," besides which there was no policy or other contract of insurance, written or oral, valid or invalid.

6. The Actual Cash Value of said property at the time of the loss was . . . . . . . $ *270,032.50*

7. The Whole Loss and Damage was . . . . . . . . $ *105,617.00*

8. Less Amount of Deductible . . . . . . . . . . $ *1,000.00*

9. The Amount Claimed under the above numbered policy is . . . . . . . $ *104,617.00*

In consideration of and to the extent of said payment the undersigned hereby subrogates said Company, to all of the rights, claims and interest which the undersigned may have against any party, person, persons, property or corporation liable for the loss mentioned above, and authorizes the said Company to sue, compromise, or settle in the undersigned's name or otherwise all such claims and to execute and sign releases and acquittances and endorse checks or drafts given in settlement of such claims in the name of the undersigned, with the same force and effect as if the undersigned executed or endorsed them.

Warranted no settlement has been made by the undersigned with any party, person, persons, property or corporation against whom a claim may lie, and no release has been given to anyone responsible for the loss, and that no such settlement will be made nor release given by the undersigned without the written consent of the said Company and the undersigned covenants and agrees to cooperate fully with said Company in the prosecution of such claims, and to procure and furnish all papers and documents, in the undersigned's possession, necessary in such proceedings and to attend court and testify if the Company deems such to be necessary but it is understood the undersigned is to be saved harmless from costs in such proceedings.

The said loss did not originate by any act, design or procurement on the part of your insured, or this affiant; nothing has been done by or with the privity or consent of your insured or this affiant, to violate the conditions of the policy, or render it void; no articles are mentioned herein or in annexed schedules but such as were destroyed or damaged at the time of said loss; no property saved has in any manner been concealed, and no attempt to deceive the said Company, as to the extent of said loss, has in any manner been made. Any other information that may be required will be furnished and considered a part of this proof.

The furnishing of this blank or the preparation of proofs by a representative of the above insurance company is not a waiver of any of its rights.

State of *Maryland*

County of *Montgomery*

C. DENTON BELL JR.
NOTARY PUBLIC
MY COMMISSION EXPIRES
10/01/07
HOWARD CO. MD

Subscribed and sworn to before me this ____ day of *November* 20 *05*

X _*Chris Knill*_ Insured

000013


**OMNEON**
VideoNetworks

# Order Acknowledgement

965 Stewart Drive
Sunnyvale, CA 94086-3913

PHONE: 408 585-5178
FAX:   408 585-5099

Bill
to

**Professional Products, Inc.**

9116 Gaither Road
Gaithersburg    MD 20877
USA

| | |
|---|---|
| Customer ph#: | 240-864-4012 |
| Customer PO#: | P14294 |
| Request Date: | 06/30/05 |
| Omneon Order#: | R11559 |
| Change Order: | 0 |
| Page number: | 1 |

Ship
to

**CUNY TVRM# 1400**
PO# 04220050043395
16 East 35th Street
New York        NY 10016
attn: R. Isaacson 212-827-7829

---

SHIP VIA: DHL Acct 779744633        TERMS: NET 30                    FOB:ORIGIN

**Title and risk of loss pass upon delivery to freight forwarder**
**Buyer responsible for freight and insurance costs**

---

| ITEM | PARTNO | DESCRIPT DATE REQ | QTY | PRICE | TOTAL PRICE |
|------|--------|-------------------|-----|-------|-------------|
| 0001 | FCA-305-OF | KIT, FIBRE CHANNEL, LC W/SFP TO LC | 9 | 270.00 | 2430.00 |
| 0002 | MCP-2101-US | MODULE,MCP 2101, US, DIR, 3 FIBRE/6 | 2 | 24375.00 | 48750.00 |
| 0003 EFS | MCP-2101-F01 | LICENSE, EXTENDED FILE SYSTEM LICEN | 1 | 6000.00 | 6000.00 |
| 0004 | NSM-2003-US | NETWORKED CONTENT SERVER MGR, US | 1 | 6000.00 | 6000.00 |
| 0005 | MIP-1003A-US | MODULE,MIP 1003a,US, MEDIAPORT, DV/ | 3 | 6375.00 | 19125.00 |
| 0006 | MIP-3003-US | MIP 3003, 3 CHNL MPEG MULTIPORT | 2 | 14625.00 | 29250.00 |
| 0007 | MRT-2001 | MODULE,MRT 2001,TRAY,RACKMOUNT,19 I | 2 | 157.50 | 315.00 |
| 0008 | MSC-4272C-US | MODULE,US,MEDIA STR,W/16X300GB | 3 | 51637.50 | 154912.50 |
| 0009 | T&E | Travel and Expenses | 1 | 1000.00 | 1000.00 |
| 0010 | Service TC/2 | 2 day on site support | 1 | 2250.00 | 2250.00 |
| 0011 | Service Plus | Service Plus 24x7 | 1 | 0.00 | 0.00 |

Case 3:07-cv-03540-BZ   Document 23   Filed 02/27/2008   Page 21 of 44

NOTES:

|  | SUBTOTAL: | 270032.50 |
|---|---|---|
|  | TAX: | 0.00 |
|  | TOTAL: | 270032.50 |

TOTALS FOR SALES ORDER : R11559

Please contact me if any of the above information is incorrect or needs revision.

Signed: _____     Date: _____

Kristin Strong
Senior Sales Coordinator
phone: (408) 585-5158
email: kstrong@omneon.com

000015

# HAAS
## FREIGHT AND AIR, INC.

P.O. BOX 280840 * SAN FRANCISCO, CA 94128-0840
TELEPHONE 650-873-5222 * 1-800-875-5222 * FAX 650-873-8365

**FREIGHT BILL NUMBER**

**SFO 1590479**

DATE SHIPPED

06/30/2005

| FROM | | SHIP TO | | | |
|---|---|---|---|---|---|
| COMPANY | | COMPANY | | ORIGIN | TARIFF DESTINATION |
| OMNEON VIDEO NETWORKS | | CUNY TVRM #1400 | | SFO | EWR |
| ADDRESS | | ADDRESS | | | |
| 965 STEWARD DRIVE | | 16 EAST 35TH STREET | | PREPAID [X] | COLLECT [ ] |
| CITY / STATE / ZIP | | CITY / STATE / ZIP | | OTHER [ ] | |
| SUNNYVALE CA 94086 | | NEW YORK NY 10016 | | | |
| SENT BY | TELEPHONE | ATTN. | TELEPHONE | ASSUME PREPAID | |
| CONNIE SILLER | 1-408-585-5168 | JOHN HARVEY | 212 817 7810 | IF NOT OTHERWISE SPECIFIED | |
| SHIPPER REFERENCE NO. | | CONSIGNEE P.O. OR REFERENCE NO. | | FREIGHT | |
| R11559 | | 04220050043395 | | | |

| BILL TO | |
|---|---|
| NAME | |
| OMNEON VIDEO NETWORKS | PICKUP |
| ADDRESS | |
| 965 STEWARD DRIVE | DELIVERY |
| CITY / STATE / ZIP | DECLARED VALUE FEE |
| SUNNYVALE CA 94086 | |
| P.O. OR REFERENCE NO. | OTHER (EXPLAIN) |

SPECIAL SERVICES REQUESTED

| PIECES | DESCRIPTION AND CONTENT OF PIECES | WEIGHT | RATE | |
|---|---|---|---|---|
| 1 | E/E 3PLTS STC 8BOXES | 554 | | ORIGIN ADVANCE |
| 1 | | | | |
| 1 | | | | DESTIN. ADVANCE |
| 3 | TOTAL | 554 | | |

SHIPPER'S C.O.D.
SUBJECT TO NOTATIONS
ON REVERSE SIDE

| INDICATE TYPE OF SERVICE DESIRED | FREIGHT SUBJECT TO DIMENSIONAL CHARGES | | | | | | | | | | C.O.D. AMOUNT |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | PCS. | L | W | H | TOTAL | PCS. | L | W | H | TOTAL | |
| SAME DAY [ ]  3-5 DAY [X] | 1 | 37 | 32 | 18 | | | | | | | |
| NEXT DAY [ ]  OTHER [ ]___ | 1 | 50 | 40 | 18 | | | | | | | C.O.D. FEE |
| 2ND DAY [ ] | 1 | 50 | 40 | 43 | | | | | | | |

| DECLARED VALUE FOR CARRIAGE | DECLARED VALUE AGREED AND UNDERSTOOD TO BE NOT MORE THEN $.50 PER POUND, PER PIECE, OR $50.00 WHICHEVER IS HIGHER UNLESS HIGHER VALUE DECLARED AND CHARGES PAID. FREIGHT BILL SUBJECT TO CONDITIONS SET FORTH ON REVERSE SIDE. | TOTAL CHARGES |
|---|---|---|

| RECEIVED FOR HAAS INDUSTRIES BY | RECEIVED IN GOOD ORDER EXCEPT AS NOTED | | DATE | TIME |
|---|---|---|---|---|
| X | X | | | |

| SHIPPER'S SIGNATURE | PRINT NAME | | DATE | TIME |
|---|---|---|---|---|
| FREIGHT BILL SUBJECT TO CONDITIONS SET FORTH ON REVERSE SIDE | | | | |

000016

## TERMS AND CONDITIONS OF CONTRACT

1. **NON-NEGOTIABLE DOCUMENT** : IN TENDERING THE SHIPMENT DESCRIBED HEREIN FOR CARRIAGE, SHIPPER AGREES TO THESE CONDITIONS OF CONTRACT, WHICH NO AGENT OR EMPLOYEE OF THE PARTIES MAY ALTER, AND THAT THIS AIRBILL IS NON-NEGOTIABLE AND HAS BEEN PREPARED BY HIM, OR ON HIS BEHALF BY THE CARRIER.

2. **CARRIER TARIFFS GOVERN** : IT IS MUTUALLY AGREED THAT THE SHIPMENT DESCRIBED HEREIN IS ACCEPTED ON THE DATE HEREOF IN APPARENT GOOD ORDER (EXCEPT AS NOTED) FOR CARRIAGE AS SPECIFIED HEREIN, SUBJECT TO GOVERNING TARIFFS IN EFFECT AS OF THE DATE HEREOF. SAID TARIFFS ARE AVAILABLE FOR INSPECTION BY THE PARTIES HERETO AND ARE HEREBY INCORPORATED INTO AND MADE PART OF THIS CONTRACT.

3. **LIABILITY LIMITS** : DECLARED VALUE IS AGREED AND UNDERSTOOD TO BE NOT MORE THAN FIFTY CENTS PER POUND OR $50.00 WHICHEVER IS LESSER, UNLESS A HIGHER VALUE IS DECLARED HEREIN AND APPLICABLE CHARGES PAID THEREON. OTHERWISE, CERTAIN COMMODITIES MAY BE DEEMED TO HAVE A LESSER VALUE, IN WHICH CASE THE VALUE STATED IN GOVERNING TARIFFS WILL APPLY.

4. **C.O.D. SHIPMENTS** : SHIPPER MUST ENTER THE AMOUNT OF ANY SHIPPER'S C.O.D. WHICH SHALL BE COLLECTED SUBJECT TO THE FEE AND RULES OF THE DELIVERING CARRIER.

5. **APPLICABLE ROUTING** : CARRIER'S ROUTING APPLIES UNLESS SHIPPER INSERTS SPECIFIC ROUTING.

6. **DELIVERY** : DELIVERY WILL BE MADE BY THE DELIVERING CARRIER TO THE CONSIGNEE AT A POINT WHERE DELIVERY SERVICE IS AVAILABLE AT APPLICABLE TARIFF CHARGES UNLESS INSTRUCTIONS TO DELIVER AT CITY TERMINAL OR AIRPORT TERMINAL ARE SPECIFIED BY SHIPPER UNDER SPECIAL INSTRUCTIONS.

7. **ALTERNATE ROUTING** : TRANSPORTATION OF THE SHIPMENT IS SUBJECT TO AVAILABILITY OF EQUIPMENT AND SPACE THEREIN. FORWARDER SHALL HAVE THE RIGHT TO (1) SUBSTITUTE ALTERNATE CARRIERS OR OTHER MEANS OF TRANSPORTATION, AND (2) SELECT THE ROUTING OR DEVIATE FROM THAT SHOWN ON THE FACE HEREOF. FORWARDER DOES NOT GUARANTEE COMMENCEMENT OR COMPLETION OF FREIGHT SHIPMENT WITHIN A SPECIFIED TERM UNLESS STATED OTHERWISE ON BILLING.

8. **SHIPPER RESPONSIBILITY** : THE SHIPPER IS RESPONSIBLE FOR PREPARING, MARKING, PACKING, AND LABELING HIS SHIPMENT SO AS TO ENSURE SAFE TRANSPORTATION WITH ORDINARY CARE. A CARRIER ACCEPTANCE OF THE SHIPMENT SHALL BE PRIMA FACIE EVIDENCE OF SHIPPER'S COMPLIANCE WITH THIS PARAGRAPH.

9. **INSPECTION OF SHIPMENTS** : ALL SHIPMENTS ARE SUBJECT TO INSPECTION BY THE CARRIER, BUT THE CARRIER SHALL NOT BE OBLIGATED TO PERFORM SUCH INSPECTIONS.

10. **EXCLUSIONS** : THE CARRIER SHALL NOT BE LIABLE FOR LOSS, DAMAGE, DELAY OR OTHER RESULT CAUSED BY (A) ACTS OF GOD, PERILS OF THE AIR, PUBLIC ENEMIES, PUBLIC AUTHORITIES ACTING WITH ACTUAL OR APPARENT AUTHORITY ON THE PREMISES, AUTHORITY OF LAW, QUARANTINE, RIOTS, STRIKES, CIVIL COMMOTIONS, OR HAZARDS OR DANGERS INCIDENT TO A STATE OF WAR OR UNDECLARED WAR; (B) THE ACT OR DEFAULT OF THE SHIPPER OR CONSIGNEE; (C) THE NATURE OF THE SHIPMENT OR ANY DEFECT CHARACTERISTIC OR INHERENT VICE THEREOF; (D) VIOLATION BY THE SHIPPER OR CONSIGNEE OF ANY OF THE RULES CONTAINED IN APPLICABLE TARIFFS, INCLUDING, BUT NOT CONFINED TO, IMPROPER OR INSUFFICIENT PACKING, SECURING, MARKING, OR ADDRESSING, AND FAILURE TO OBSERVE ANY OF THE RULES RELATING TO SHIPMENTS NOT ACCEPTABLE FOR TRANSPORTATION OR SHIPMENTS ACCEPTABLE ONLY UNDER CERTAIN CONDITIONS; (E) COMPLIANCE WITH DELIVERY INSTRUCTIONS FROM THE SHIPPER OR CONSIGNEE OR NONCOMPLIANCE WITH SPECIAL INSTRUCTIONS FROM THE SHIPPER OR CONSIGNEE NOT AUTHORIZED BY APPLICABLE TARIFFS.

11. **CONSEQUENTIAL AND SPECIAL DAMAGES** : THE CARRIER SHALL NOT BE LIABLE FOR ANY CONSEQUENTIAL OR SPECIAL DAMAGES, WHETHER OR NOT THE CARRIER HAD KNOWLEDGE THAT SUCH DAMAGES MIGHT BE INCURRED.

12. **CLAIMS, TIME LIMITS AND PROCEDURES** :
    a. ALL CLAIMS FOR OVERCHARGES MUST BE MADE IN WRITING TO THE HOME OFFICE OF HAAS INDUSTRIES, INC., AT P.O. BOX 193940, SAN FRANCISCO, CA 94126-0940 WITHIN A PERIOD OF NINE MONTHS AND NINE DAYS AFTER THE DATE OF ACCEPTANCE OF THE SHIPMENT BY THE ORIGINATING CARRIER.
    b. DAMAGE AND/OR LOSS DISCOVERED BY THE CONSIGNEE AFTER DELIVERY AND AFTER A.O. SAN FRANCISCO RECEIPT HAS BEEN GIVEN TO THE CARRIER MUST BE REPORTED IN WRITING TO THE HOME OFFICE OF HAAS INDUSTRIES, INC., AT P.O. BOX 193940, SAN FRANCISCO, CA 94126-0940 WITHIN 15 DAYS AFTER DELIVERY OF THE SHIPMENT WITH PRIVILEGE TO THE CARRIER TO MAKE INSPECTION OF THE SHIPMENT.
    c. RECEIPT AS INSTRUCTED IN PARAGRAPH 10 ABOVE RECEIPT BY THE CONSIGNEE OF THE SHIPMENT WITHOUT WRITTEN NOTIFICATION OF DAMAGE ON THE DELIVERY RECEIPT SHALL BE PRIMA FACIE EVIDENCE THAT THE SHIPMENT HAS BEEN DELIVERED IN GOOD CONDITION. ALL CLAIMS FOR LOSS OR DAMAGE MUST BE MADE IN WRITING TO THE HOME OFFICE OF HAAS INDUSTRIES WITHIN 180 DAYS AFTER DELIVERY OF SHIPMENT.
    d. WHEN AWAITING INSPECTION BY CARRIER, THE CONSIGNEE MUST HOLD THE SHIPPING CONTAINER AND ITS CONTENTS IN THE SAME CONDITION THEY WERE IN WHEN DAMAGE WAS DISCOVERED.
    e. NO CLAIM WILL BE ENTERTAINED UNTIL ALL TRANSPORTATION CHARGES HAVE BEEN PAID. CARRIER SHALL NOT BE LIABLE IN ANY ACTION BROUGHT TO ENFORCE A CLAIM UNLESS ALL CLAIMS PROCEDURES HAVE COMPLIED WITH AND THE ACTION IS BROUGHT WITHIN ONE YEAR AFTER THE DATE THAT CARRIER DISALLOWED ALL OR PART OF THE CLAIM.

13. **INDEMNITY** : THE SHIPPER AND CONSIGNEE SHALL BE LIABLE, JOINTLY AND SEVERALLY, TO PAY OR REIMBURSE THE CARRIERS FOR ALL CLAIMS, FINES, PENALTIES, DAMAGES, COSTS OR ANY OTHER DEFAULT OF THE SHIPPER OR SUCH OTHER PARTIES WITH RESPECT TO A SHIPMENT.

14. **LIENS** : HAAS INDUSTRIES, INC. SHALL HAVE A LIEN ON A SHIPMENT FOR ALL SUMS DUE AND PAYABLE.

15. **DIMENSIONAL WEIGHT** : DIMENSIONAL WEIGHT WILL BE ASSESSED ON THE BASIS OF ONE (1) POUND FOR EACH 194 CUBIC INCHES ON ALL SHIPMENTS. THE ASSESSMENT WILL BE ON THE BASIS OF ONE (1) POUND FOR EACH 166 CUBIC INCHES ON ALL SHIPMENTS, FOR INTERNATIONAL SHIPMENTS.

16. **INTERNATIONAL SHIPPING** : INTERNATIONAL AIR CARRIAGE IS SUBJECT TO THE RULES RELATING TO THE LIABILITY ESTABLISHED BY THE CONVENTION FOR THE UNIFICATION OF CERTAIN RULES RELATING TO INTERNATIONAL CARRIAGE BY AIR, SIGNED AT WARSAW, OCTOBER 12, 1929.

17. **FREIGHT CHARGES** : TO THE EXTENT THAT IT IS NOT GOVERNED BY FEDERAL LAW, THIS CONTRACT AND THE TARIFFS INCORPORATED BY REFERENCE SHALL BE CONSTRUED AND THE PERFORMANCE OF THE TRANSPORTATION HEREUNDER SHALL BE DETERMINED IN ACCORDANCE WITH THE LAWS OF THE STATE IN WHICH THE SHIPMENT IS ACCEPTED BY THE FORWARDER. IF ANY PROVISION OF THIS CONTRACT INCLUDING THE TARIFFS INCORPORATED BY REFERENCE IS DETERMINED TO BE INVALID OR UNENFORCEABLE, THE REMAINDER OF THE CONTRACT SHALL NOT BE AFFECTED THEREBY. ALL INVOICES ARE DUE AND PAYABLE WITHIN 14 DAYS OF INVOICE DATE.



COPY OF "BOL" showing missing Pallet

Date: 10/12/2005
Time: 1:55:03 PM

# Trace Notes Listing

Page:    1

## OMNEON VIDEO NETWORKS

### Shipment#:        55414    SFO   1590479

| Date | Time | User Name | Note |
|------|------|-----------|------|
| 00/00/0000 | 0000 | RHEORDAN | DOCK CHECK AND NO PALLET. A TRUCK ARRIVING FRI/08 |
| 00/00/0000 | 0000 | RHEORDAN | TO SEE IF IT'S ON THAT TRUCK. |
| 06/30/2005 | 1752 | KIM | WAYBILL ASSIGNED: SFO 1590479 00 |
| 06/30/2005 | 1752 | KIM | STATUS: NEW SHIPMENT |
| 06/30/2005 | 1915 | KIM | CHARGE WEIGHT CHANGED FROM 685 TO 740 |
| 06/30/2005 | 1935 | RAYES | FS - REVENUE CHANGE .00 TO 40.70 |
| 06/30/2005 | 1935 | RAYES | 7D - REVENUE CHANGE FROM .00 TO 370.00 |
| 07/01/2005 | 1421 | CRAIG | PUAG SFO3 - COST CHANGE .00 TO 35.00 |
| 07/01/2005 | 1840 | RAYES | STATUS CHANGED FROM:    TO: ALR |
| 07/01/2005 | 1840 | RAYES | MAWB= 274550   ORG=SFO DES=EWR |
| 07/07/2005 | 1458 | RHEORDAN | MIKE/DIRECT AIR...SHORT 1 PALLET. SFO OFFICE DID A |
| 07/08/2005 | 1557 | CRAIG | STATUS: APPROVED FOR BILL |
| 07/08/2005 | 1635 | CARMEN | SHIPMENT POSTED |
| 07/13/2005 | 1223 | RHEORDAN | POD NAME CHANGED TO: JOHN HARVI |
| 07/13/2005 | 1223 | RHEORDAN | POD DATE CHANGED TO: 7082005 |
| 07/13/2005 | 1223 | RHEORDAN | POD TIME CHANGED TO: 1500 |
| 07/25/2005 | 1221 | CARMEN | C/A:OMNEON VIDEO NETWORKS    16656 |

000019



# CLAIM PRESENTATION

**CARRIER: HAAS INDUSTRIES, INC.**
P. O. BOX 280640
SAN FRANCISCO, CA
94128-0640

**CLAIMANT:** Omneon Video Networks
965 Stewart Drive
Sunnyvale, CA 94085

**FREIGHT BILL NUMBER:** 15904479
**DATE:** June 30, 2005
**AMOUNT CLAIMED:$** _____  (X)LOSS  ( )DAMAGE  ( )OTHER
CHECK ONE

## DETAILED STATEMENT SHOWING HOW CLAIM
## AMOUNT IS DETERMINED
(NUMBER AND DESCRIPTION OF ARTICLES, NATURE AND EXTENT OF LOSS OR DAMAGE, INVOICE PRICE OF ARTICLES, ETC.

| | |
|---|---|
| MSC-4272-C-US, MEDIA STRG X 3 | $ 51,637.50 |
| 16 x 300 GB HARD DRIVES | $ 51,637.50 |
| | $ 51,637.50 |
| | $ |

**TOTAL AMOUNT CLAIMED** $ 154,912.50

### THE FOLLOWING DOCUMENTS ARE SUBMITTED
### IN SUPPORT OF THIS CLAIM
(CHECK ALL THAT APPLY)

(X) BILL OF LADING
(X) DELIVERY RECEIPT
( ) ORIGINAL COMMERCIAL INVOICE
( ) OTHER DOCUMENTS RELATED TO PROOF OF LOSS OR
DAMAGE CLAIMED

THE FOREGOING STATEMENT OF FACTS IS HEREBY CERTIFIED AS CORRECT:

_____
SIGNATURE OF CLAIMANT



Ms. Connie Siller
Omneon Video Networks
965 Stewart Drive
Sunnyvale, CA 94085

November 21, 2005

Dear Ms. Siller

    We have completed our review of your claim against Haas Industries, Inc. Freight Bill Number 1590479 in the amount of $154,912.50.

    As stated in the Conditions of Contract of Carriage as well as on the face of the Freight Bill: "DECLARED VALUE AGREED AND UNDERSTOOD TO BE NOT MORE THAN $.50 PER POUND, PER PIECE, OR $50.00 WHICHEVER IS HIGHER UNLESS HIGHER VALUE DECLARED AND CHARGES PAID."

    The complete Conditions of Contract of Carriage can be viewed on the reverse side of the freight bill or on our website at www.HaasIndustries.com.

    Enclosed you will find our check number 70906 in the amount of $88.00 which represents our maximum liability for this claim. The settlement is based on two missing cartons weighing 176 pounds.

    We apologize for any inconvenience this situation may have caused you or your company. Should you have any questions, please feel free to contact this office.

Sincerely,

Carmen Holster
Comptroller

000021

**TRANSPORTATION/LOGISTICS**

70906



**HAAS**
AUTOMATION, INC.
P.O. BOX 280640
SAN FRANCISCO, CA 94128-0640
(650) 873-5222

WELLS FARGO BANK, N.A.
11-4288-1210
11/21/2005

70906

DATE

AMOUNT

$*********88.00*

Eighty Eight and NO/100 Dollars

Pay to the
order of

Omneon Video Networks
965 Stewart Drive
Sunnyvale CA 94085

*Lauren H. Christi*

⑈070906⑈ ⑆121042882⑈764941?586⑈             ⑈0000008800⑈

04062006  28  614085184  000880030 070  10

-COMERICA
SAN JOSE CA          1726>121137522<
614085184 04-06-06 710 1717 02

WFB SF, CA 04072006
TRACER # 6895 PKT. 001
122105278
0113552901

000022

**James Attridge**
**Business Trial Lawyer**
*1390 Market Street*        *Suite 1204*        *San Francisco    California    94102*
*tel. (415)  552  3088*        *fax (415)  522  0513*        *email.  jattridge@attridgelaw.com*

March 18, 2006

Carmen Holster
Director of Claims
Haas Industries, Inc.
P.O. Box 280840
San Francisco, CA  94128

Claimant: One Beacon Insurance Company
Shipment: 1590470
Date of Delivery: July 8, 2005
Amount: $105,705.00

Dear Ms. Holster:

I have been retained by One Beacon Insurance Company, subrogated insurer of Professional Products, Inc. owner of the above-referenced shipment which was delivered one pallet short. A copy of the delivery receipt and proof of loss are enclosed. This letter constitutes a claim as provided in 49 CFR 1005.2. It is filed within the statutory time limit provided for in 49 USC 14706 which supercedes any time limit of less than nine months.

In earlier communications, Haas Industries has expressed its view that its liability is limited by the provisions of paragraph 8 of the bill of lading issued to shipper Omneon Video Networks. If you continue to maintain this position please provide a copy of the pertinent items from the governing tariff which were in effect on June 30, 2005 and which outline the range of rate choices available to the shipper.

A search of the FMCSA database reveals that Haas Industries has contract carrier authority only and it therefore cannot avail itself of common carrier defenses. Moreover, the specific provisions of 49 USC 14706 provide that the liability of a motor carrier is for "actual loss or injury to the property." Section 14101 of that act also provides that the rights and remedies provided elsewhere in the act must be expressly waived. Therefore unilateral limitations of liability or limitations based upon tariff provisions incorporated by reference on a bill of lading would be inoperative.. Accordingly, it is One Beacon's position that the limitation of liability upon which you rely is not enforceable.

We await your reply in conformity with the requirements outlined in 49 CFR 1005.3

Yours truly,

000023

## PROOF OF SERVICE BY OVERNIGHT MAIL

### STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen (18) and not a party to the within action. My business address is: 5933 West Century Boulevard, Suite 1111, Los Angeles, California 90045.

I am familiar with this firm's practice whereby OVERNITE EXPRESS is placed in a special OVERNITE EXPRESS envelope and placed into a OVERNITE EXPRESS drop-off box before the last pick-up time indicated on the drop-off. The appropriate postage and OVERNITE EXPRESS charges are then billed to us at a later time by OVERNITE EXPRESS.

On December 31, 2007 I served the foregoing document described as: INITIAL DISCLOSURE BY DEFENDANT HAAS INDUSTRIES, INC. on the interested party(ies) in this action by placing ⸱ the original **X** true copies thereof enclosed in sealed envelopes addressed as follows:

James Attridge, Esq.
Law Office of James Attridge
The fox Plaza 1390 Market St., Suite 1204
San Francisco, CA 94111

|   |   |   |
|---|---|---|
| ⸱ | (State) | I declare under penalty of perjury under the laws of the State of California that the above is true and correct. |
| X⸱ | (Federal) | I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. |

Executed on December 31, 2007 at Los Angeles, California.

MARIA PAYNE

PROOF OF SERVICE

LAW OFFICES

*Countryman & McDaniel*

MICHAEL S. McDANIEL●
BYRON E. COUNTRYMAN
BRUCE A. LINDSAY
CHRISTOPH M. WAHNER†

OF COUNSEL:
GEOFFREY W. GILL⁻

● PROCTOR IN ADMIRALTY
†ALSO ADMITTED IN MINNESOTA
⁻ALSO ADMITTED IN NEW YORK & FLORIDA

LAX AIRPORT CENTER
ELEVENTH FLOOR
5933 WEST CENTURY BOULEVARD
LOS ANGELES CALIFORNIA 90045
TEL (310) 342-6500
FAX (310) 342-6505
E-MAIL: info@cargolaw.com
www.cargolaw.com

22 January 2008

**Via Facsimile to 415-522-0513**
James Attridge, Esq.
1390 Market Street
Suite 1204
San Francisco, CA 94102

Re: *HAAS Industries re: Claim of One Beacon Insurance Company*
     **HAAS Bill of Lading No.**      :     **1590479**
     **Date of Loss**                 :     **July 8, 2005**
     **Claim Amount**                 :     **$105,705.00**
     **Our File No.**                 :     **4584-901**

Dear Jim:

Following further review of the file, it appears that inadvertently these documents were excluded from the initial disclosure:

1.   Professional Products, Inc. claim, 2 pages, November 15, 2005.

2.   Omneon letter to Jim Williams, 2 pages, December 9, 2005.

3.   FMCSA Motor Carrier Details, 1 pages, printed May 8, 2006.

Each of these documents has been previously exchanged.

With kind regards,

*Countryman & McDaniel*

Geoffrey W. Gill
GWG/mp

Attachment

L:\Cases\HAAS\One Beacon\attridge-ltr-006.wpd





**Professional Products, Inc.**

9116 Gaither Road · Gaithersburg, MD 20877-1422
240-864-4000 · www.professionalproducts.com

11/15/2005

Debbie Thatcher
HRH Claims

Debbie- I am submitting a claim for a lost freight shipment in the amount of
$ 105,705. Copies of all of the invoices and freight tickets are enclosed.
After review please let me know if you have any questions.

Thanks

Denny Bell
Vice President
Professional Products Inc.
240-864-4000
dbell@ppionline.com

6/05 - shipment made from Omneon to CUNY, NY was determined that not
all of the product arrived, Cindy Smith received a call to make the claim.
Once she saw that Omneon used their shipping company she told them to file
the claim and that we also need the replacement product sent out.

7/05 - Replacement order went in to Omneon for the loss $105705.00

9/05 - Omneon was looking for their payment on both invoices (lost product
and new product) which is when I got involved.

- Called Bernie to ask about the term "ORIGIN" he informed me that this meant that it was "PPI's" problem to file all claims etc.. I emailed you to let you know about this right away. 9/12/05

- Spoke with Connie Siller and Tony Short and received all original shipping paperwork and moved forward call HAAS Trucking and trying to make the claim. Per Rex with HAAS only Omneon could make the claim since they are the shipper.

- Emailed Tony and Connie with this info. (Keeping Christie in the loop the entire way)

10/05 - Christie received a call from Stan Jung (Omneon finance guy) letting us know that we needed to do something since Omneon did NOT insure the product and HAAS was only going to pay $150.00 total for the loss.

11/05 - Claim needs to be made with PPI's insurance carrier to be reimbursed so we can then pay Omneon.



## OMNEON
### VIDEONETWORKS

VIA TELEFAX TO 1 410 752 6029
Total Pages: 15

December 9, 2005

Mr. Jim Williams
Leizure Associates, Inc.
508 St. Paul Place
Baltimore, MD 21202-2289

Dear Mr. Williams:

We are in receipt of your letter to Mr. Stan Jung, dated December 6, 2005. As the manager of Omneon's logistical operations, I believe that I am in the best position to address the issues you have identified in your letter.

1. We received verbal instructions from Diane Speakes, buyer at Professional Products, Inc.(PPI) to use HAAS for both the original and replacement shipments under PO no. P14294. This action was warranted because a previous shipment under PO no. P13822, was damaged by the carrier assigned by Unishippers, the PPI designated agent, resulting in the necessity for return of the product to Omneon for retesting. After the retest, the product was re-shipped through Unishippers which resulted in further damage from their carrier's handling of the shipment. Both Omneon and PPI suffered considerable additional expense as a result of the Unishippers' designated carrier's mishandling of this product shipment.

2. Our HAAS shipments are not insured as our terms of sale are FOB origin with shipping at the buyer's risk. Additionally, please refer to the executed Systems Integrator Purchase Agreement, dated August 12, 2004, Omneon Product Delivery, section 3.1, which details PPI's liability. A copy is attached for your reference.

3. The shipping manifest is attached for your reference.

4. The transfer of legal title and risk of loss is not linked to which party pays the freight bill. Our business practice is to prepay freight on behalf of our customers; and bill our customers on a separate freight invoice. Consistent with this practice, the freight associated with the original shipment for PO no. P14294 was billed to PPI on 07/18/05, invoice no. 2420, in the amount of $410.70.

Omneon has met its contractual obligation by delivering the product in question to the mutually agreed upon common carrier, HAAS. At that point, legal title and risk of loss is transferred to Professional Products, Inc., the buyer. PPI is thus liable for the value of the missing product, $105,705.00.

Mr. Jim Williams
December 9, 2005
Page 2


Please feel free to contact me directly if you have any additional questions. We look to a speedy resolution, and payment of this issue.

Sincerely yours,

John Turk
Vice President, Operations

Attachments

cc:      Denny Bell, Professional Products, Inc.

  Menu Choose Menu Option 

## Motor Carrier Details

| US DOT: | N/A | | Docket Number: | FF004884 |
|---|---|---|---|---|
| Legal Name: | HAAS INDUSTRIES, INC. | | | |

| Doing-Business-As Name: | |
|---|---|
| | |

| Business Address | Business Telephone and Fax | Mail Address | Mail Telephone and Fax | Undeliverable Mail |
|---|---|---|---|---|
| 228 E HARRIS AVE S. SAN FRANCISCO CA 94080 | (650) 873-5222 | PO BOX 280840 SAN FRANCISCO CA 94128-0840 | | NO |

| Authority Type | Authority Status | Application Pending |
|---|---|---|
| Common | NONE | NO |
| Contract | ACTIVE | NO |
| Broker | NONE | NO |

| Property | Passenger | Household Goods | Private | Enterprise |
|---|---|---|---|---|
| YES | NO | NO | NO | NO |

| Insurance Type | Insurance Required | Insurance on File |
|---|---|---|
| BIPD | $750,000 | $1,000,000 |
| Cargo | YES | YES |
| Bond | NO | NO |

BOC-3: YES
Blanket Company: ALL AMERICAN AGENTS OF PROCESS

| Active/Pending Insurance | Rejected Insurance | Insurance History | Authority History | Pending Application | Revocation |

Monday , May 08, 2006 at 19:27:21
FMCSA Home | DOT Home | Privacy Policy/Disclaimer | Accessibility | Related Sites | Help

United States Department of Transportation - Federal Motor Carrier Safety Administration

## *Countryman & McDaniel*

# FACSIMILE TRANSMITTAL SHEET

**DATE:**           25 January 2008

**TO:** *JAMES ATTRIDGE, ESQ.*

**COMPANY:** *LAW OFFICE OF JAMES ATTRIDGE*

**FAX NO.:** *415 - 522 - 0513*

**NO. OF PAGES:**   This sheet plus: *5*

**HARD COPY TO FOLLOW:**   _____ Yes    ✓ No

**REFERENCE NO.:** *ONE BEACON ADV. HAAS*

**MESSAGE:** *PER E-MAIL*

**COUNTRYMAN & McDANIEL**
5933 West Century Boulevard
Suite 1111
Los Angeles, California 90045
(310) 342-6500 tel; (310) 342-6505 fax

If pages are not received, or are illegible, please contact the facsimile operator at **(310) 342-6500**. Between the hours of 6:00 p.m. to 9:00 a.m. (PST) and on weekends, please leave a message on our voicemail.

This transmission is intended for the sole use of the individual and entity to whom it is addressed, and may contain information that is privileged, confidential and exempt from disclosure under applicable law. You are hereby notified that any dissemination, distribution or duplication of this transmission by someone other than the intended addressee or its designated agent is strictly prohibited. If your receipt of this transmission is in error, please notify this firm immediately and send the original transmission to us by return mail at the address above.

# Geoffrey W. Gill

**From:** Geoffrey W. Gill [gwg@cargolaw.com]
**Sent:** Friday, January 25, 2008 4:38 PM
**To:** 'jattridge@attridgelaw.com'
**Subject:** ONE BEACON adv HAAS Our 4584-901

Dear Jim:

Further to previous disclosure, two former Haas employees may have "touched" this transaction;

Rex Schmidt was a customer sales representative 9/11/00 until 2/24/06 – he may have spoken to the customer but there is no documentation establishing that he did.

Rheordan Gabriel also was a CSR 3/05/01 until 10/04/05.

Because both are no longer with Haas, Haas is reluctant to release addresses on grounds of privacy.

Also, I am faxing you outprint of Omneon shipment history, which I just have received.

With kind regards,

Geoffrey W. Gill

**Law Offices of Countryman & McDaniel**
Office Telephone: 310-342-6500
Office Fax: 310-342-6505
5933 West Century Boulevard, Suite 1111, Los Angeles, CA 90045 USA.

Visit www.cargolaw.com

**PRIVACY NOTICE:** This message is intended only for the use of the individual or entity to whom it is addressed and may contain information that is privileged, confidential or exempt from disclosure under applicable federal or state law. If the reader of this message is not the intended recipient or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone and return the original message (and all copies you may have made) to us at the above address via regular US mail.



Omneon Networks 2005

| Airbill# | Shipper Name | Consignee Name | Shipment D: | Declared Value |
|---|---|---|---|---|
| 1586377 | OMNEON VIDEO NETWORKS | KTXT TV | 1/20/2005 | 0.00 |
| 1586378 | OMNEON VIDEO NETWORKS | WGN TELEVISION | 2/1/2005 | 0.00 |
| 1586378 | OMNEON VIDEO NETWORKS | CITY OF LONG BEACH | 2/11/2005 | 0.00 |
| 1586380 | OMNEON VIDEO NETWORKS | OMNEON VIDEO NETWORKS | 2/11/2005 | 0.00 |
| 2011857 | AUSTIN FOAM PLASTICS | OMNEON VIDEO NETWORKS | 2/11/2005 | 0.00 |
| 1586379 | OMNEON VIDEO NETWORKS | MAJOR LEAGUE BASEBALL | 2/12/2005 | 0.00 |
| 1586381 | OMNEON VIDEO NETWORKS | OMNEON VIDEO NETWORKS | 2/14/2005 | 0.00 |
| 2012014 | CENTRAL FREIGHT LINES | OMNEON VIDEO NETWORKS | 2/15/2005 | 0.00 |
| 1586382 | OMNEON VIDEO NETWORKS | ROSCOR CORP. | 2/15/2005 | 0.00 |
| 1586383 | OMNEON VIDEO NETWORKS | ROSCOR CORPORATION | 2/16/2005 | 0.00 |
| 1586384 | OMNEON VIDEO NETWORKS | WDSE-TV EIGHT | 2/17/2005 | 0.00 |
| 1586402 | OMNEON VIDEO NETWORKS | HB COMMUNICATIONS | 2/18/2005 | 0.00 |
| 1586402 | OMNEON VIDEO NETWORKS | AF ASSOCIATES | 2/16/2005 | 0.00 |
| 1583385 | OMNEON VIDEO NETWORKS | RRWG TV, NEW MEXICO STATE U | 2/24/2005 | 0.00 |
| 1586401 | OMNEON VIDEO NETWORKS | TV MAGIC | 3/7/2005 | 0.00 |
| 1586400 | OMNEON VIDEO NETWORKS | KPTS CHANNEL 8 | 3/11/2005 | 0.00 |
| 1586387 | OMNEON VIDEO NETWORKS | NNY INC. | 3/14/2005 | 0.00 |
| 1586389 | OMNEON VIDEO NETWORKS | FLORICAL SYSTEMS | 3/16/2005 | 0.00 |
| 1586388 | OMNEON VIDEO NETWORKS | AMARILLO COLLEGE/ KACV TV | 3/17/2005 | 0.00 |
| 1586397 | OMNEON VIDEO NETWORKS | KBDI | 3/21/2005 | 0.00 |
| 1586396 | OMNEON VIDEO NETWORKS | WUSA-TV | 3/23/2005 | 0.00 |
| 1586395 | OMNEON VIDEO NETWORKS | AF ASSOCIATES | 3/24/2005 | 0.00 |
| 1586394 | OMNEON VIDEO NETWORKS | WHRO | 3/28/2005 | 0.00 |
| 1586393 | OMNEON VIDEO NETWORKS | KLRN | 3/29/2005 | 0.00 |
| 1586392 | OMNEON VIDEO NETWORKS | BECK ASSOCIATES | 3/30/2005 | 0.00 |
| 1586391 | OMNEON VIDEO NETWORKS | EQUITY BROADCASTING | 3/30/2005 | 0.00 |
| 1586390 | OMNEON VIDEO NETWORKS | DISCOVERY COMMUNICATIONS | 3/30/2005 | 0.00 |
| 2014690 | OMNEON VIDEO NETWORKS | A.F. ASSOCIATES | 3/30/2005 | 0.00 |
| 2014694 | OMNEON VIDEO NETWORKS | A.F. ASSOCIATES | 3/31/2005 | 0.00 |
| 1572629 | OMNEON VIDEO NETWORKS | MILWAUKEE AREA TECH COLLEGE | 3/31/2005 | 0.00 |
| 1572630 | OMNEON VIDEO NETWORKS | DISCOVERY COMM. | 4/1/2005 | 0.00 |

HAAS

| Account | Company | Contact | Date | Amount |
|---|---|---|---|---|
| 1572631 | OMNEON VIDEO NETWORKS | TELEVISION PRODUCTION SERVICE | 4/4/2005 | 0.00 |
| 1592750 | DISCOVER | OMNEON VIDEO NETWORKS | 4/7/2005 | 0.00 |
| 1572632 | OMNEON VIDEO NETWORKS | DISCOVER | 4/11/2005 | 0.00 |
| 1572635 | OMNEON VIDEO NETWORKS | LVCC-BOOTH #SU8668 | 4/12/2005 | 0.00 |
| 1572633 | OMNEON VIDEO NETWORKS | LVCC- BOOTH #SU10332 | 4/12/2005 | 0.00 |
| 1572334 | OMNEON VIDEO NETWORKS | LVCC - BOOTH #SU9343 | 4/12/2005 | 0.00 |
| 1572537 | OMNEON VIDEO NETWORKS | CREST NATIONAL | 4/13/2005 | 0.00 |
| 1572636 | OMNEON VIDEO NETWORKS | SIGNASYS, INC. | 4/13/2005 | 0.00 |
| 1572639 | OMNEON VIDEO NETWORKS | CEI | 4/14/2005 | 0.00 |
| 2015740 | TELEVISION PRODUCTION SVCS. | OMNEON VIDEO NETWORKS | 4/14/2005 | 0.00 |
| 1572638 | OMNEON VIDEO NETWORKS | WLJT-TV | 4/15/2005 | 0.00 |
| 1592756 | DISCOVERY | OMNEON VIDEO NETWORKS | 4/15/2005 | 0.00 |
| 1572641 | OMNEON VIDEO NETWORKS | THE EDUCATION NETWORKS | 4/28/2005 | 0.00 |
| 1572642 | OMNEON VIDEO NETWORKS | ABC TV NETWORK NY | 4/28/2005 | 0.00 |
| 1572640 | OMNEON VIDEO NETWORKS | TEN ENGINEERING | 4/28/2005 | 0.00 |
| 1572643 | OMNEON VIDEO NETWORKS | LKRN TV | 5/2/2005 | 0.00 |
| 1592778 | KLRN TV | OMNEON VIDEO NETWORKS | 5/4/2005 | 0.00 |
| 1572644 | OMNEON VIDEO NETWORKS | DISCOVERY-VA | 5/6/2005 | 0.00 |
| 2017752 | OHIO EDUCATIONAL TELECOMM. | OMNEON VIDEO NETWORKS | 5/6/2005 | 0.00 |
| 1572645 | OMNEON VIDEO NETWORKS | DISCOVERY | 5/9/2005 | 0.00 |
| 1572646 | OMNEON VIDEO NETWORKS | ASCENT MEDIA | 5/13/2005 | 0.00 |
| 1572647 | OMNEON VIDEO NETWORKS | OMNEON BIDEO NETWORKS | 5/19/2005 | 0.00 |
| 1592806 | DISCOVERY VIRGINIA | OMNEON VIDEO NETWORKS | 5/2+/2005 | 0.00 |
| 2150405 | ROSCOR CORP. | OMNEON VIDEO NETWORKS | 5/2+/2005 | 0.00 |
| 1572649 | OMNEON VIDEO NETWORKS | DNF CONTROLS | 5/25/2005 | 0.00 |
| 1572648 | OMNEON VIDEO NETWORKS | UNIVERSITY OF NEW MEXICO | 5/25/2005 | 0.00 |
| 1572650 | OMNEON VIDEO NETWORKS | KDLT TV | 5/28/2005 | 0.00 |
| 1572651 | OMNEON VIDEO NETWORKS | SIGNASYS | 6/2/2005 | 0.00 |
| 1572652 | OMNEON VIDEO NETWORKS | VENACA | 6/6/2005 | 0.00 |
| 1572653 | OMNEON VIDEO NETWORKS | KRVZ/KTVZ | 6/7/2005 | 0.00 |
| 1572655 | OMNEON VIDEO NETWORKS | WCYB | 6/7/2005 | 0.00 |
| 1572656 | OMNEON VIDEO NETWORKS | WOWT | 6/7/2005 | 0.00 |
| 1572654 | OMNEON VIDEO NETWORKS | MBJ, INTEGRATORS | 6/7/2005 | 0.00 |
| 1572667 | OMNEON VIDEO NETWORKS | WWBQ-TV | 6/8/2005 | 0.00 |
| 1572666 | OMNEON VIDEO NETWORKS | WHA-TV UNIVERSITY OF WISCONSIN | 6/8/2005 | 0.00 |
| 1572657 | OMNEON VIDEO NETWORKS | AVID | 6/9/2005 | 0.00 |
| 1572659 | OMNEON VIDEO NETWORKS | SCRIPPS NETWORK | 6/13/2005 | 0.00 |

| Account | Customer | Date | Amount |
|---|---|---|---|
| 1572668 OMNEON VIDEO NETWORKS | PCMC-NOC-OFFICE | 6/13/2005 | 0.00 |
| 1572660 OMNEON VIDEO NETWORKS | LIFETIME TV | 6/15/2005 | 0.00 |
| 2152064 AVID | OMNEON VIDEO NETWORKS | 6/16/2005 | 0.00 |
| 2152418 OMNEON VIDEO NETWORKS | CORUS ENTERTAINMENT | 6/17/2005 | 0.00 |
| 2152427 OMNEON VIDEO NETWORKS | ASCENT MEDIA | 6/20/2005 | 0.00 |
| 2152483 OMNEON VIDEO NETWORKS | ROSCOR CORPORATION | 6/20/2005 | 0.00 |
| 1572664 OMNEON VIDEO NETWORKS | OKLAHOMA EDCATIONAL TV | 6/22/2005 | 0.00 |
| 1572661 OMNEON VIDEO NETWORKS | TV GUIDE CHANNEL | 6/27/2005 | 0.00 |
| 1572663 OMNEON VIDEO NETWORKS | EDUCATIONAL COMMUNICATION BRD | 6/29/2005 | 0.00 |
| 1572662 OMNEON VIDEO NETWORKS | KLCS TV | 6/28/2005 | 0.00 |
| 1590474 OMNEON VIDEO NETWORKS | DIGITAL SYSTEM TECHNOLOGY | 6/29/2005 | 0.00 |
| 1590479 OMNEON VIDEO NETWORKS | CUNY TVRM #1400 | 6/30/2005 | 0.00 |
| 1590477 OMNEON VIDEO NETWORKS | KOVR | 6/30/2005 | 0.00 |
| 1590478 OMNEON VIDEO NETWORKS | VIACOM CORP/ WFOR-TV | 6/30/2005 | 0.00 |
| 1590476 OMNEON VIDEO NETWORKS | WGVU-TV | 6/30/2005 | 0.00 |
| 1590475 OMNEON VIDEO NETWORKS | TV MAGIC | 6/30/2005 | 0.00 |
| 1590480 OMNEON VIDEO NETWORKS | WHSV-ABC 3 | 7/13/2005 | 0.00 |
| 1590481 OMNEON VIDEO NETWORKS | CBS BROADCAST CTF. | 7/13/2005 | 0.00 |
| 1590482 OMNEON VIDEO NETWORKS | COSKG | 7/28/2005 | 0.00 |
| 1590483 OMNEON VIDEO NETWORKS | OMNEON VIDEO NETWORK S | 8/3/2005 | 0.00 |
| 1590485 OMNEON VIDEO NETWORKS | WEST VIRGINIA PBS | 8/5/2005 | 0.00 |
| 1590486 OMNEON VIDEO NETWORKS | STV/EVEREST PROD. CORP. | 8/5/2005 | 0.00 |
| 1590484 OMNEON VIDEO NETWORKS | CRISPIN CORP. | 8/5/2005 | 0.00 |
| 1590487 OMNEON VIDEO NETWORKS | ASCENT MEDIA | 8/26/2005 | 0.00 |
| 1590490 OMNEON VIDEO NETWORKS | WJZ-TV/VIACOM CORP. | 9/7/2005 | 0.00 |
| 1590491 OMNEON VIDEO NETWORKS | MTV NETWORKS/VIACOM | 9/22/2005 | 0.00 |
| 1590490 OMNEON VIDEO NETWORKS | WREG-TV | 9/22/2005 | 0.00 |
| 1590492 OMNEON VIDEO NETWORKS | MTV NETWORKS/VIACOM | 9/23/2005 | 0.00 |
| 2158558 OMNEON VIDEO NETWORKS | WEDU-TV | 9/26/2005 | 0.00 |
| 1590492 OMNEON VIDEO NETWORKS | DIGITAL TRANSACTION GROUP INC | 9/26/2005 | 0.00 |
| 2158852 OMNEON VIDEO NETWORKS | LA EDUCTIONAL TV AUTHORITY | 9/27/2005 | 0.00 |
| 2158763 OMNEON VIDEO NETWORKS | TESSADA & ASSOCIATES | 9/27/2005 | 0.00 |
| 2158782 OMNEON VIDEO NETWORKS | ASCENT MEDIA | 9/30/2005 | 0.00 |
| 2158853 OMNEON VIDEO NETWORKS | WTLV-TV | 10/10/2005 | 0.00 |
| 2159082 OMNEON VIDEO NETWORKS | TWIN CITIES PUBLIC TV | 10/2/2005 | 0.00 |
| 2159092 OMNEON VIDEO NETWORKS | OMNEON VIDEO NETWORK | 10/4/2005 | 0.00 |
| 1590493 OMNEON VIDEO NETWORKS | TV MAGIC INC. | 10/26/2005 | 0.00 |
| 1590494 OMNEON VIDEO NETWORKS | | | |
| 1590512 OMNEON VIDEO NETWORKS | | | |
| 1590511 OMNEON VIDEO NETWORKS | | | |

| | | | |
|---|---|---|---|
| 2160841 OMNEON VIDEO NETWORKS | MARK DEMAY | 10/27/2005 | 0.00 |
| 2160903 OMNEON VIDEO NETWORKS | TV MAGIC INC | 10/28/2005 | 0.00 |
| 2161625 OMNEON VIDEO NETWORKS | WXIA-TV | 11/8/2005 | 0.00 |
| 2161326 OMNEON VIDEO NETWORKS | SMOKY HILLS PUBLC TV | 11/9/2005 | 0.00 |
| 2161703 OMNEON VIDEO NETWORKS | OMNEON VIDEO NETWORKS | 11/16/2005 | 0.00 |
| 2182107 OMNEON VIDEO NETWORKS | TEN ENGINEERING | 11/16/2005 | 0.00 |
| 2162108 OMNEON VIDEO NETWORKS | TEN ENGINEERING | 11/16/2005 | 0.00 |
| 2162120 OMNEON VIDEO NETWORKS | APACE SYSTEMS CORP | 11/16/2005 | 0.00 |
| 2162242 OMNEON VIDEO NETWORKS | TEN ENGINEERING | 11/18/2005 | 0.00 |
| 2162254 OMNEON VIDEO NETWORKS | TEN ENGINEERING | 11/18/2005 | 0.00 |
| 2162261 OMNEON VIDEO NETWORKS | TEN ENGINEERING | 11/18/2005 | 0.00 |
| 1590510 OMNEON VIDEO NETWORKS | TEN ENGINEERING | 11/18/2005 | 0.00 |
| 1590509 OMNEON VIDEO NETWORKS | WILSHIRE ONNURI CHURH | 11/21/2005 | 0.00 |
| 1590508 OMNEON VIDEO NETWORKS | TV GUIDE NETWORKS INC. | 11/28/2005 | 0.00 |
| 1590507 OMNEON VIDEO NETWORKS | QUALCOMM | 11/29/2005 | 0.00 |
| 1590506 OMNEON VIDEO NETWORKS | CRISTIAN TELEVISION SYS. | 12/1/2005 | 0.00 |
| 1590507 OMNEON VIDEO NETWORKS | TONY SHORT | 12/1/2005 | 0.00 |
| 1590506 OMNEON VIDEO NETWORKS | OMNEON VIDEO NETWORKS | 12/1/2005 | 0.00 |
| 2163111 OMNEON VIDEO NETWORKS | OMNEON VIDEO NETWORKS | 12/7/2005 | 0.00 |
| 2163363 OMNEON VIDEO NETWORKS | DISCOVERY COMMUNICATIONS INC. | 12/2/2005 | 0.00 |

# EXHIBIT 2

1   JAMES ATTRIDGE (SBN124003)
    LAW OFFICE OF JAMES ATTRIDGE
2   1390 Market Street, Suite 1204
    San Francisco, CA  94102
3   Telephone: (415) 552-3088
    Facsimile:  (415) 522-0513
4
    Attorney for Plaintiff One Beacon Insurance
5   Company

6

7

8                    UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA- SAN FRANCISCO

10

11
    ONE BEACON INSURANCE COMPANY, a        CASE NO.  3:07-CV-03540-BZ
12  corporation

13              Plaintiff,

14      v.                                 **Stipulation Re: Authenticity of Evidence**

15  HAAS INDUSTRIES, INC., a corporation

16              Defendants

17

18      Come now the undersigned counsel to the respective parties and so stipulate that the

19  documents exchanged between them in the initial disclosures exchanged between them

20  shall be deemed authenticated and that any such objection to their admission into evidence

21  is waived.

22  Dated: January 21, 2008                Dated: January 22 2008

23

24  _____                  _____

25  James Attridge, counsel for plaintiff  Geoffrey Gill, counsel for defendant

26

27

28

                                    1