1  **COUNTRYMAN & McDANIEL**
   MICHAEL S. McDANIEL   [State Bar No. 66774]
2  cargolaw@aol.com
   GEOFFREY W. GILL     [State Bar No. 163621]
3  gwg@cargolaw.com
   LAX Airport Center, Eleventh Floor
4  5933 West Century Boulevard
   Los Angeles, California  90045
5  Telephone: (310) 342-6500
   Facsimile: (310) 342-6505
6
   Attorneys for defendant
7  HAAS INDUSTRIES, INC.

8              **UNITED STATES DISTRICT COURT**

9        **NORTHERN DISTRICT OF CALIFORNIA - SAN FRANCISCO**

10

11  ONE BEACON INSURANCE COMPANY, ) **CASE NO. 3:07-CV-03540-BZ**
    a corporation,               )
12                               ) **DECLARATION OF CARMEN HOLSTER**
                 Plaintiff,      ) **IN SUPPORT OF HAAS INDUSTRIES,**
13                               ) **INC.'S OPPOSITION TO**
         vs.                     ) **PLAINTIFF'S MOTION FOR SUMMARY**
14                               ) **JUDGMENT OR, IN THE**
    HAAS INDUSTRIES, INC., a      ) **ALTERNATIVE, FOR PARTIAL**
15  corporation,                 ) **SUMMARY JUDGMENT**
                                 )
16               Defendants.      ) Date:      April 2, 2008
                                 ) Time:      10:00 a.m.
17                               ) Courtroom: Courtroom G
                                 )
18  ——————————————————————————— )

19       I, Carmen Holster, declare and state as follows:

20

21       1.   I am and, since at least 1998, have been Comptroller of

22  Defendant HAAS Industries, Inc. ("HAAS").  I am over the age of 18.

23  I am competent to testify to the facts stated herein based on my

24  own personal knowledge.  I have been in the cargo transportation

25  and logistics business for over 25 years.  I have worked for HAAS

26  for more than 15 years in various capacities.  As Comptroller, I am

27  and have been responsible for company finances and oversee customer

28  accounts, claim handling, and operational management, from which I

                              - 1 -

1  have personal knowledge of HAAS' bill of lading ("B/L") format as
2  well as terms and conditions of carriage, tariffs, rate
3  structures/schedules, and billing practices.  On a regular basis,
4  I also corresponded with shippers, consignees, and motor carrier
5  representatives.  I have personal knowledge of HAAS's document
6  retention system, as well as those files and documents that HAAS
7  keeps its files and records in the ordinary course of its business,
8  including those related to this action.  I have retrieved and
9  reviewed HAAS's files and records relevant to the above-captioned
10  action prior to signing this declaration.

11

12      2.    HAAS is and has been a cargo transportation and logistics
13  company which specializes in effecting domestic, as well as
14  international shipments, and also warehousing services on behalf of
15  its customers.  HAAS has been in business since 1989.

16

17      3.    HAAS' freight rate structure is, and at all relevant
18  times, absent a customized rate not relevant to this claim, was
19  based upon a standard tariff schedule under which charges are
20  calculated according to geographical zone and cargo weight.  HAAS'
21  tariff schedule applicable in 2005 is attached hereto as Exhibit
22  "A."   This tariff schedule was available and would have been
23  provided to any customer who requested tariff information.  Omneon
24  made no such request.

25

26      4.    On the other hand, should a HAAS customer choose to
27  declare the value of a shipment, as that opportunity is provided by
28  HAAS' B/L, that customer is charged a commensurate freight rate

- 2 -

1 reflecting the added exposure undertaken by HAAS. Effective
2 January 17, 2005, the add on charge for declared value cargo became
3 $.70 per $100.00 of the value declared on the face of the B/L.
4 This information was communicated to all customers by means of an
5 explanatory "Dear Valued Customer" letter date January 12, 2005.
6 A copy of the form letter is attached as Exhibit "B." From a
7 review of our accounting file, I determined that, in keeping with
8 HAAS practice and procedure, a copy of the rate charge letter was
9 sent to Omneon on January 27, 2005. I only came across this letter
10 on March 11, 2008 when cross-referencing HAAS' files, as no copy
11 was in the general Omneon file which I had believed to be complete.
12
13     5.    Based upon my knowledge of and experience in the motor
14 carrier transportation and logistics industry, it has been the
15 industry practice for a motor carrier undertaking interstate cargo
16 transportation of non-household goods to limit its liability for
17 loss of or damage to the cargo to $0.50 per pound, absent a
18 declared value.
19
20     6.    As a matter of practice, and absent the customer
21 declaring a value for its cargo, HAAS by contract limits, and at
22 all times relevant herein had limited, its liability for the
23 interstate transportation of non-household goods to the higher of
24 $0.50 per pound or $50.00. That limitation of liability is, and at
25 all times relevant herein was, set forth on the front as well as
26 the reverse sides of HAAS' B/L under which HAAS' services are
27 provided. Should a customer of HAAS choose to declare a value for
28 a shipment, that customer places a value in the declared value box

- 3 -

1    on the HAAS B/L.  The declared value box is intentionally placed
2    over the shipper's signature line to make it particularly
3    conspicuous.  HAAS' customers have not usually declared a value for
4    a shipment.  By way of example, during the period of 1 May 2005 to
5    31 July 2005, the time period relevant to this action, HAAS handled
6    12,475 shipments of which only 959 had a declared value.  Four of
7    the 959 declared value shipments had a declared value of over
8    $100,000 and one had a declared value of over $250,000.
9    Conspicuously capitalized lettering on the face side of the B/L is:
10
11        DECLARED VALUE AGREED AND UNDERSTOOD TO BE NOT MORE THAN
12        $.50 PER POUND, PER PIECE, OR $50.00 WHICHEVER IS HIGHER
13        UNLESS HIGHER VALUE DECLARED AND CHARGES PAID.  FREIGHT
14        BILL SUBJECT TO CONDITIONS SET FORTH ON REVERSE SIDE.
15
16        7.    Further to my review of HAAS's files, I retrieved HAAS
17    B/L number SFO 1590479, dated June 30, 2005.  HAAS arranged for
18    interstate transportation of three pallets of cargo from Sunnyvale,
19    California to New York, New York (the "Subject Shipment").  A cargo
20    transportation and logistics company, HAAS keeps B/Ls of the type
21    discussed herein in the course of its regularly conducted business
22    and it is the regular practice of HAAS to make or accept the B/L on
23    the basis of information provided by the shipper.  A true and
24    correct copy of the front and reverse side of HAAS B/L SFO 1590479
25    is attached hereto as Exhibit "C" and "D" respectively.  Attached
26    as Exhibit "E" is a more legible copy of the B/L "backside"
27    "Conditions of Contract of Carriage," which also, at all relevant
28    times, were available on HAAS' website and otherwise would have

- 4 -

1   been provided, if requested. Between the Standard Tariff (Exhibit
2   "A" and letter of January 12, 2005 (Exhibit "B"), a HAAS customer
3   would have all information regarding HAAS freight charges. The
4   difficulty in reading Exhibit "D" is because it is the blue copy of
5   a multi-copy carbonless B/L form. These forms were held by
6   shippers, including Omneon, who filled in the handwritten
7   information (except as relates to the missing goods) and signs in
8   the lower left corner, immediately below the blank "DECLARED VALUE
9   FOR CARRIAGE" box. The top white sheet, with legible backside
10   "Conditions" is retained by the shipper while the under copies pass
11   on to HAAS. As can be seen from Exhibit "C," the shipper Omneon
12   signed the B/L, with the procedure being that the shipper must, and
13   does, sign prior to the shipment occurring. Exhibits "C" and "D"
14   depict the same B/L form as was used for all Omneon shipments.
15   Pages 000016 and 000017 to Exhibit 1 of the Attridge declaration
16   are internal HAAS documents, not disseminated to the shipper.
17
18     8.   As indicated by HAAS B/L SFO 1590479, Omneon did not
19   declare a value for the Subject Shipment. Further to my review of
20   HAAS's files, I have confirmed that Omneon also did not pay the
21   commensurate extra charges to declare value for the Subject
22   Shipment.
23
24     9.   Further to my review of HAAS's files, I confirmed that
25   Omneon had been a customer of HAAS since March 2004. HAAS had
26   arranged 156 shipments on behalf of Omneon prior to the Subject
27   Shipment, and 39 shipments after the Subject Shipment. For every
28   shipment performed on behalf of Omneon, Omneon accepted the

- 5 -

1  conditions, including the limitation absent a declared value, by
2  either signing the bill or by checking "accept" through HAAS'
3  online order system. This process occurs before the shipment takes
4  place. Of the 195 shipments HAAS arranged on behalf of Omneon,
5  none were booked with a declared value, and Omneon was never
6  charged, nor paid, the commensurate extra freight rate for a
7  declared value.

9      10. By way of demonstration, attached hereto as Exhibit "F"
10 is an accurate compilation report which I prepared summarizing all
11 shipments HAAS arranged on behalf of Omneon in the year 2005. That
12 report demonstrates that all shipments booked by Omneon with HAAS
13 prior to and subsequent to the Subject Shipment were booked without
14 a declared value.

16     11. Based on my knowledge and experience in the
17 transportation and logistics industry, a likely reason customers
18 generally do not declare value on their shipments is because they
19 procure independent cargo insurance from a third party provider and
20 see no need to pay what would be in effect a double insurance
21 premium.

23     12. Omneon made a cargo claim against HAAS with respect to
24 the subject shipment alleging damages of $154,912.50, Exhibit "G."
25 Because no value was declared for the Subject Shipment, in
26 accordance with HAAS' limitation of liability, I adjusted the claim
27 in the amount of $88.00. Attached hereto as Exhibit "H" is a true
28 and correct copy of my November 21, 2005 letter to Omneon

- 6 -

1  explaining HAAS' limitation of liability and offering HAAS check
2  number 70906 in the amount of $88.00 for settlement of the claim.
3  As is set forth on Exhibit "C," the subject shipment shipper and
4  "bill to" party is Omneon Video Networks.  I have confirmed form
5  our accounting file that the freight charges were paid by Omneon,
6  who also presented as "claimant" the claim for the loss.  Omneon
7  behaved and presented itself, and was accepted by HAAS, in all
8  respects, to be the proper party entitled to present, prosecute and
9  be paid the claim for lost goods.  Omneon accepted that offer by
10 endorsing HAAS check number 70906.  A true and correct copy of HAAS
11 check number 70906, as endorsed by Omneon, is attached hereto as
12 Exhibit "I."  Omneon never tendered back the $88.00 and, so far as
13 I know, retained that amount.

14

15      I declare under penalty of perjury under the laws of the State
16 of California and United States of America that the foregoing is
17 true and correct.

18

19      Executed at ~~South San Francisco,~~ Hayward California on March 12,
20 2008.

21

22                          CARMEN HOLSTER

23

24

25

26

27

28

- 7 -

EXHIBIT "A"

# STANDARD TARIFF



## ZONE A          ZONE B          ZONE C

|  | NEXT DAY | TWO-DAY | 3-5 DAY |
|---|---|---|---|
| WITHIN ZONE | MIN. $100.00<br>PER LB. 0.87 | MIN. $80.00<br>PER LB. 0.58 | MIN. $70.00<br>PER LB. 0.45 |
| CROSS 1 ZONE | MIN. $100.00<br>PER LB. 1.02 | MIN. $80.00<br>PER LB. 0.68 | MIN. $70.00<br>PER LB. 0.50 |
| CROSS 2 ZONES | MIN. $100.00<br>PER LB. $1.17 | MIN. $80.00<br>PER LB. 0.78 | MIN. $70.00<br>PER LB. 0.55 |

## RULES AND REGULATIONS

- Rates are door to door within areas A, B, and C of major airport cities.
- Shipments which require freighter service due to size, weight restrictions, or to meet service requirements, will be charged on a quote only basis.
- Weekends and holidays will be excluded when computing shipment arrival date
- Special service charges are not included in the above rates.
- Dimensional weight will apply to all serivce levels using factor 194.

PHONE: 800-875-5222
FAX: 650-873-8365
www.haasindustries.com
EFFECTIVE 04.24.01

HAAS

EXHIBIT "B"



January 12, 2005

Dear Valued Customer,

Due to the rising cost of insurance, it has become necessary for us to raise
our charge for declared value. Effective January 17, 2005 Haas Industries
will charge $.70 per $100.00 of value declared on the Haas Industries bill of
lading. The minimum will remain at $10.00. Obviously, if you do not
declare value on the bill of lading you will not be charged. This increase
does not change Haas Industries liability in case of loss or damage. You can
review our liability by reading the conditions of contract of carriage on the
reverse side of our bill of lading, or by visiting our website at
www.haasindustries.com  Thank you for you continued support.


Kind Regards,

Mike McDonald
General Manager

EXHIBIT "C"

ATTN: ~~REX~~ Stan     From: Rex

**HAAS**

PO BOX 26140 · SAN FRANCISCO, CA 94126-0840
Telephone: 650-875-5222 · 1-800-875-5222 · Fax 650-875-5357

FREIGHT BILL NUMBER
1590479

COMPANY
OMNEON VIDEO NETWORKS

ADDRESS
965 STEWARD DRIVE

CITY
SUNNYVALE CA 94088

CONNIE SIKES        1-408-585-4158

R11739

Incomplete
Delivery 7/8

COMPANY
CONV TV RM # 1400

16 EAST 35th Street

New York, NY 10016

OMNEON VIDEO NETWORKS

965 STEWARD DRIVE

SUNNYVALE CA 94088

R11739

3 Pallets w/8 Boxes

Dave Hoat     Pallet #2 missing

COPY of "BOL" showing missing Pallet

DELIVERY RECEIPT
1:00 PM

# COPY

EXHIBIT "D"



EXHIBIT "E"

## Conditions of Contract of Carriage

1. In tendering this shipment, the shipper agrees to these Conditions of Contract of Carriage, which no agent or employee of the parties may alter, and that this shipping document is non-negotiable and has been prepared by the shipper. The shipper certifies and represents to Haas Industries that the information inserted on the face of this shipping document is complete and accurate. It is agreed among the parties involved that the conditions of contract of carriage for this shipment are governed by Haas Industries tariffs, available for inspection at Haas Industries offices, and which are hereby incorporated into this contract, and a copy of which will be supplied upon request. *NOTE:* "Shipper" on this contract means the party from whom the shipment is received, the party who requested the shipment be transported by Haas Industries, and party having an interest in the shipment, and any party who acts as an agent for any of the above. Except to the extent of any written contract between shipper and Haas Industries, this shipping document supersedes and negates any claimed, alleged or asserted oral or written contract, promise, representation or understanding between the parties with respect to this shipment.

2. In the event that shipment is tendered to Haas Industries on a straight bill of lading or any other shipping document, Haas Industries rules and regulations will supersede any rules and regulations contained on the shipping document on which the freight was tendered.

3. Shipper warrants that each package in this shipment is properly and completely described on this shipping document, is properly marked and addressed, is packaged adequately to protect the enclosed goods to insure safe transportation with ordinary care in handling, and except as noted, is in good order and condition. For articles shipped in unenclosed containers, Haas Industries shall not be liable for damage/loss unless mishandling and/or loss is evident and is so noted on the delivery receipt at time of delivery. NOTE: A shipment in which delivery is made in exchange for a clear delivery receipt shall be prima facie evidence of having received ordinary care in handling.

4. At time of delivery, the consignee must note on the delivery receipt any exceptions to the shipping containers that would indicate a discrepancy (shortage in the shipment or damage to the containers). The consignee may not inspect the contents of the shipping containers until the consignee signs for the shipment on the delivery receipt. NOTE: Such notations as "subject to inspection" and "subject to recount" are not exceptions. NOTE: A shipment in which delivery is made in exchange for a clear delivery receipt shall be prima facie evidence of having received ordinary care in handling. *NOTE: Under no circumstances shall Haas Industries be liable for loss and/or damage to external shipping containers of any kind.*

5. Haas Industries SHALL NOT BE LIABLE IN ANY EVENT FOR ANY SPECIAL, INCIDENTAL OR CONSEQUENTIAL DAMAGES, INCLUDING BUT NOT LIMITED TO LOSS OF PROFITS, INCOME, INTEREST, UTILITY OR LOSS OF MARKET, WHETHER OR NOT Haas Industries HAD KNOWLEDGE THAT SUCH DAMAGES MIGHT BE INCURRED.

6. Due to the inherent nature of the transportation business, Haas Industries does not guarantee pick up, transportation or delivery by a stipulated date or a stipulated time, nor shall Haas Industries be liable for the consequences of failure to do so.

7. Overcharge claims must be received in writing by the corporate office of Haas Industries (P. O. Box 280840, San Francisco, CA 94128-0840) within one year after date of acceptance of the shipment by Haas Industries. Written notification on all other claims (except concealed loss/damage claims) must be received in writing by the corporate office of Haas Industries (P. O. Box 280840, San Francisco, CA 94128-0840) within 60 days after Haas Industries accepted the shipment. Notification of concealed loss/damage claims (i.e., claims for loss or damage discovered by the consignee after delivery and after a clear receipt has been given) must be received in writing by the corporate office of Haas Industries (P. O. Box 280840, San Francisco, CA 94128-0840) within 3 days after delivery, or if perishables, verbally within 48 hours. For damage claims and concealed loss claims, Haas Industries must be allowed the privilege to make inspection of the shipment and the container(s) and packaging material(s) at place of delivery. Claims must be perfected within 180 days after delivery or date delivery was intended. No claims will be entertained until all transportation charges have been paid. Claims may not be deducted from transportation charges and no claims may be deducted from any charges owed Haas Industries. Legal action to enforce a claim must be brought within one year after the claim has been denied in writing by Haas Industries, in whole or in part.

8. Haas Industries liability, in the absence of a higher declared value for carriage, is limited to a minimum of $50.00 per shipment or $0.50 per pound, per piece, of cargo lost, damaged, misdelivered or otherwise adversely affected, but in no event shall exceed the actual invoice value of the goods. This limitation is subject to provisions as published in Haas Industries governing tariffs in effect at the time of this shipment. Declared values for carriage in excess of $0.50 per pound, per piece, shall be subject to an excess valuation charge.

9. Unless each piece of the shipment has a declared value stated and is specifically identified on the Haas Industries shipping document at the time of the shipment and is so identified on the delivery receipt as being lost, damaged, destroyed, or otherwise affected at time of delivery, Haas Industries shall be liable subject to tariff provisions in effect at the time of the shipment for the "average declared value" of the shipment. The "average declared value" of the shipment shall be determined by first dividing the total declared value of the shipment by the total weight of the shipment. This figure, multiplied by the packaged weight of the piece(s) adversely affected, shall then establish the amount of Haas Industries liability. The total declared value amount must be inserted in the DECLARED VALUE box on the face of this shipping document. Haas Industries liability shall in no event exceed the actual invoice value of the goods adversely affected.

10. In the event of the failure or inability of the consignee to take delivery of the shipment, Haas Industries will notify shipper in writing at the address shown on the shipping document and request disposition instructions. If the shipper fails to provide disposition instructions within 30 days after the date of Haas Industries notice, Haas Industries will return shipment to the shipper at the shipper's expense. If the shipper fails to accept delivery of a shipment thus returned, Haas Industries may, upon 30 days written notice to the shipper, dispose of the shipment at public or private sale and pay itself out of the proceeds to satisfy the transportation charges owing on the shipment. Any sums collected by Haas Industries in excess of such transportation charges will be paid to the shipper. No sale or disposal pursuant to this rule will discharge any liability or lien to any greater extent than the proceeds thereof. The shipper and the consignee shall remain liable, jointly and severally, for any deficiency.

11. Haas Industries shall not be liable for loss, damage, delay or monetary loss of any type caused by: Acts of God; public authorities acting with actual or apparent authority; strikes; labor disputes; weather; mechanical failures; aircraft failures; civil commotions; acts or omissions of customs or quarantine officials; the nature of the freight or any defects thereof; public enemies; hazards incident to a state of war; acts of terrorism; and by acts, defaults or omissions of the shipper or consignee for failure to observe the terms and conditions of the contract of carriage contained in this shipping document, including but not limited to improper packaging, marking, incomplete/inaccurate shipping instructions and the rules relating to freight not acceptable for transportation of freight acceptable only under certain conditions outlined below.

12. Unless otherwise expressly provided in Haas Industries tariffs and subject to any conditions or restrictions contained therein, the following articles will not be accepted for carriage: any shipment prohibited by law; original works of art, antiques, bonds, coins of any kind, currency, currency equivalents, furs, fur clothing, gems or stones (cut or uncut), industrial diamonds, gold or silver, coined concentrates, jewelry (other that costume jewelry), pearls, precious metals, securities (negotiable), time sensitive written material (e.g., bids, contract proposals, etc.), when the declared value exceeds $0.50 per pound; household goods and/or personal effects, one-of-a-kind articles or models, prototypes, valuable rugs (i.e., Oriental rugs, Persian rugs) and prints or lithographs when the total declared value of the shipment exceeds $500.00 or when the declared value exceeds $0.50 per pound, per piece; and such other articles provided in Haas' governing tariffs and/or service guide. Haas Industries shall not be liable for any loss, damage, delay, liabilities or penalties resulting from the transportation of any of the foregoing articles, however described or misdescribed in this shipping document, and no employee or agent of Haas Industries has any authority to accept for transportation such articles or to waive the limitations herein contained.

13. Haas Industries liability for aggregate losses at any one time at any one place is limited to $1,000,000.00. For shipments having declared values over $25,000.00, Haas Industries must be given advance notice prior to pick up.

14. Rates and charges for this shipment will be based on actual or dimensional weight, whichever is greater. For domestic shipments dimensional weight will be assessed on the basis of one (1) pound for each 194 cubic inches, for international shipments dimensional weight will be assessed on a basis of one (1) pound for each 166 cubic inches.

15. If this is an International shipment, a) all rules relating to liability as established by the Warsaw Convention shall apply, b) except as otherwise provided in Haas Industries tariffs or conditions of carriage, in carriage to which the Warsaw Convention does not apply, Haas Industries liability shall not exceed U.S. $20.00 per kilogram or the equivalent of goods lost, damaged or delayed, unless a higher value is declared by the shipper and a supplementary charge paid, c) Haas Industries accepts this shipping document as a shipper's letter of instructions with authorization to prepare and sign on shipper's behalf an international shipping document, and d) Haas Industries reserves the option to act as agent of the carrier, instead of as a forwarder, in which event the direct carrier's tariffs shall apply to this shipment and e) the shipper may select by inserting on the face of this shipping document cargo coverage based on insurance and/or declared value for carriage.

16. Unless inserted otherwise on the face of this shipping document, the C.O.D. amount of the shipment shall be deemed to be the declared value for carriage amount. This declared value for carriage amount in excess of $0.50 per pound, per piece, shall be subject to an excess valuation charge.

17. Collect on Delivery (C.O.D.) service is provided under the following conditions: a) shipper must identify the shipment as a C.O.D. shipment by entering the amount to be collected in the "Shipper's C.O.D. Box" on the front of this shipping document, b) shipper must specify the type of payment to be received (e.g. cash, check, money order or cashier's check) in the "Special Services Box" on the front of this shipping document and c) Haas Industries and shipper agree that Haas Industries does not guarantee nor verify that a check, money order, cashier's check or other such financial instrument is valid or negotiable. All payments are collected at shipper's risk.

18. Unless prior arrangements are made, the acceptance of cash by Haas Industries and its agents for payment of freight charges and/or C.O.D. amounts is limited to a maximum of $2,000.00 per shipment and/or stop. Payment of freight charges and/or C.O.D. amounts in excess of $2,000.00 must be remitted by cashier's check, certified check, money order, or consignee's check as authorized by the shipper in writing.

19. Haas Industries shall have the right to a) substitute alternate carriers or other means of transportation and b) select the routing or deviate from that shown on the face hereof.

20. This shipment is subject to inspection by Haas Industries; however, Haas Industries is not obligated to perform such inspection.

21. The shipper and the consignee shall be liable jointly and severally for all unpaid charges payable on account of this shipment pursuant to this contract and to pay or indemnify Haas Industries for claims, fines, penalties, damages, costs (storage, handling, reconsignment, return of freight to shipper, etc.) or other sums which may be incurred by Haas Industries by reason of any violation of this contract or any other default of the shipper or consignee or their agents. Haas Industries shall have a lien on any goods shipped for failure to pay charges payable on account of this shipment pursuant to this contract. Haas Industries may refuse to surrender possession of the goods until such charges are paid. Should Haas Industries bring legal action for the enforcement of this contract or collection of any sums due and payable under this contract, Haas Industries shall be entitled to reasonable attorney fees and costs.

22. All invoices are due and payable in 14 days from the invoice date.

23. Shipper and consignee shall hold Haas Industries and its agents harmless for loss/damage/delay or any monetary losses which are a result of auxiliary services including but not limited to local cartage, crating, uncrating, packing, and unpacking which are requested by the shipper or consignee and arranged by Haas Industries as a customer service unless such services are actually performed by Haas Industries or its agents. Such limitation of liability shall extend to the selection by Haas Industries of the providers of the auxiliary services. Auxiliary services are those which are performed prior or subsequent to transportation and which may be billed directly by the provider of the services or by Haas Industries. Provider of auxiliary services are contractors for the shipper or consignee and are not agents for Haas Industries. Local cartage is the movement of unpackaged/uncrated freight. *NOTE*: Under no circumstances will the liability of Haas Industries for any monetary loss which is a result of any auxiliary services performed by Haas Industries or its agents be greater that the liability contained in this contract.

24. Should Haas Industries successfully defend itself of any legal actions brought by any party with an interest in this shipment, Haas Industries shall be entitled to reasonable attorney fees and costs. NOTE:  In lieu of legal actions, any disputed claim not greater than $15,000.00 is to be settled through binding arbitration submitted to the Transportation Arbitration Board or the American Arbitration Association under its cargo claim arbitration program. An alternative arbitrator is to be selected by Haas Industries if the claim is unacceptable for arbitration by both the above arbitrators.

25. Shipments are subject to security controls by carriers and, where appropriate, by government agencies. Copies of shipping documents will be retained until the shipment is delivered.

## INDIRECT AIR CARRIER STANDARD SECURITY PROGRAM

"Cargo items tendered for air transportation are subject to aviation security controls by air carriers and when appropriate, other government regulations. Copies of all relevant shipping documents showing the cargo's consignee, description, and other relevant data will be retained on file until the cargo completes its air transportation."

EXHIBIT "F"

HAAS

Omneon Networks 2005

| Airbill# | Shipper Name | Consignee Name | Shipment Date | Declared Value |
|---|---|---|---|---|
| 1586377 | OMNEON VIDEO NETWORKS | KTXT TV | 1/20/2005 | 0.00 |
| 1586378 | OMNEON VIDEO NETWORKS | WGN TELEVISION | 2/1/2005 | 0.00 |
| 1586380 | OMNEON VIDEO NETWORKS | CITY OF LONG BEACH | 2/11/2005 | 0.00 |
| 2011867 | AUSTIN FOAM PLASTICS | OMNEON VIDEO NETWORKS | 2/11/2005 | 0.00 |
| 1586379 | OMNEON VIDEO NETWORKS | MAJOR LEAGUE BASEBALL | 2/12/2005 | 0.00 |
| 1586381 | OMNEON VIDEO NETWORKS | OMNEON VIDEO NETWORKS | 2/14/2005 | 0.00 |
| 2012014 | CENTRAL FREIGHT LINES | OMNEON VIDEO NETWORKS | 2/15/2005 | 0.00 |
| 1586382 | OMNEON VIDEO NETWORKS | ROSCOR CORP. | 2/15/2005 | 0.00 |
| 1586383 | OMNEON VIDEO NETWORKS | ROSCOR CORPORATION | 2/16/2005 | 0.00 |
| 1586384 | OMNEON VIDEO NETWORKS | WDSE-TV EIGHT | 2/17/2005 | 0.00 |
| 1586402 | OMNEON VIDEO NETWORKS | HB COMMUNICATIONS | 2/18/2005 | 0.00 |
| 1586385 | OMNEON VIDEO NETWORKS | AF ASSOCIATES | 2/18/2005 | 0.00 |
| 1586401 | OMNEON VIDEO NETWORKS | RRWG TV  NEW MEXICO STATE U | 2/24/2005 | 0.00 |
| 1586400 | OMNEON VIDEO NETWORKS | TV MAGIC | 3/7/2005 | 0.00 |
| 1586387 | OMNEON VIDEO NETWORKS | KPTS CHANNEL 8 | 3/11/2005 | 0.00 |
| 1586389 | OMNEON VIDEO NETWORKS | NNY INC. | 3/14/2005 | 0.00 |
| 1586388 | OMNEON VIDEO NETWORKS | FLORICAL SYSTEMS | 3/16/2005 | 0.00 |
| 1586397 | OMNEON VIDEO NETWORKS | AMARILLO COLLEGE/ KACV TV | 3/17/2005 | 0.00 |
| 1586396 | OMNEON VIDEO NETWORKS | KBDI | 3/21/2005 | 0.00 |
| 1586395 | OMNEON VIDEO NETWORKS | WUSA-TV | 3/23/2005 | 0.00 |
| 1586394 | OMNEON VIDEO NETWORKS | AF ASSOCIATES | 3/24/2005 | 0.00 |
| 1586393 | OMNEON VIDEO NETWORKS | WHRO | 3/28/2005 | 0.00 |
| 1586392 | OMNEON VIDEO NETWORKS | KLRN | 3/29/2005 | 0.00 |
| 1586391 | OMNEON VIDEO NETWORKS | BECK ASSOCIATES | 3/30/2005 | 0.00 |
| 1586390 | OMNEON VIDEO NETWORKS | EQUITY BROADCASTING | 3/30/2005 | 0.00 |
| 2014690 | OMNEON VIDEO NETWORKS | DISCOVERY COMMUNICATIONS | 3/30/2005 | 0.00 |
| 2014694 | OMNEON VIDEO NETWORKS | A.F. ASSOCIATES | 3/30/2005 | 0.00 |
| 1572629 | OMNEON VIDEO NETWORKS | MILWAUKEE AREA TECH COLLEGE | 3/31/2005 | 0.00 |
| 1572630 | OMNEON VIDEO NETWORKS | DISCOVERY COMM. | 4/1/2005 | 0.00 |

| | | | | |
|---|---|---|---|---|
| 1572631 | OMNEON VIDEO NETWORKS | TELEVISION PRODUCTION SERVICE | 4/4/2005 | 0.00 |
| 1592750 | DISCOVER | OMNEON VIDEO NETWORKS | 4/7/2005 | 0.00 |
| 1572632 | OMNEON VIDEO NETWORKS | DISCOVER | 4/11/2005 | 0.00 |
| 1572635 | OMNEON VIDEO NETWORKS | LVCC-BOOTH #SU8868 | 4/12/2005 | 0.00 |
| 1572633 | OMNEON VIDEO NETWORKS | LVCC- BOOTH #SU10332 | 4/12/2005 | 0.00 |
| 1572634 | OMNEON VIDEO NETWORKS | LVCC.- BOOTH #SU8343 | 4/12/2005 | 0.00 |
| 1572637 | OMNEON VIDEO NETWORKS | CREST NATIONAL | 4/13/2005 | 0.00 |
| 1572636 | OMNEON VIDEO NETWORKS | SIGNASYS INC. | 4/13/2005 | 0.00 |
| 1572639 | OMNEON VIDEO NETWORKS | CEI | 4/14/2005 | 0.00 |
| 2015740 | TELEVISION PRODUCTION SVCS. | OMNEON VIDEO NETWORKS | 4/14/2005 | 0.00 |
| 1572638 | OMNEON VIDEO NETWORKS | WLJT-TV | 4/15/2005 | 0.00 |
| 1592756 | DISCOVERY | OMNEON VIDEO NETWORKS | 4/15/2005 | 0.00 |
| 1572641 | OMNEON VIDEO NETWORKS | THE EDUCATION NETWORKS | 4/28/2005 | 0.00 |
| 1572642 | OMNEON VIDEO NETWORKS | ABC TV NETWORK NY | 4/28/2005 | 0.00 |
| 1572640 | OMNEON VIDEO NETWORKS | TEN ENGINEERING | 4/28/2005 | 0.00 |
| 1572843 | OMNEON VIDEO NETWORKS | LKRN TV | 5/2/2005 | 0.00 |
| 1592778 | KLRN TV | OMNEON VIDEO NETWORKS | 5/4/2005 | 0.00 |
| 1572644 | OMNEON VIDEO NETWORKS | DISCOVERY-VA | 5/6/2005 | 0.00 |
| 2017752 | OHIO EDUCATIONAL TELECOMM. | OMNEON VIDEO NETWORKS | 5/8/2005 | 0.00 |
| 1572645 | OMNEON VIDEO NETWORKS | DISCOVERY | 5/9/2005 | 0.00 |
| 1572646 | OMNEON VIDEO NETWORKS | ASCENT MEDIA | 5/13/2005 | 0.00 |
| 1572647 | OMNEON VIDEO NETWORKS | OMNEON BIDEO NETWORKS | 5/13/2005 | 0.00 |
| 1592805 | DISCOVERY VIRGINIA | OMNEON VIDEO NETWORKS | 5/19/2005 | 0.00 |
| 2150405 | ROSCOR CORP. | OMNEON VIDEO NETWORKS | 5/24/2005 | 0.00 |
| 1572649 | OMNEON VIDEO NETWORKS | DNF CONTROLS | 5/25/2005 | 0.00 |
| 1572648 | OMNEON VIDEO NETWORKS | UNIVERSITY OF NEW MEXICO | 5/25/2005 | 0.00 |
| 1572650 | OMNEON VIDEO NETWORKS | KDLT TV | 5/26/2005 | 0.00 |
| 1572651 | OMNEON VIDEO NETWORKS | SIGNASYS | 6/2/2005 | 0.00 |
| 1572652 | OMNEON VIDEO NETWORKS | VENACA | 6/6/2005 | 0.00 |
| 1572653 | OMNEON VIDEO NETWORKS | KRVZ/KTVZ | 6/7/2005 | 0.00 |
| 1572655 | OMNEON VIDEO NETWORKS | WCYB | 8/7/2005 | 0.00 |
| 1572656 | OMNEON VIDEO NETWORKS | WOWT | 8/7/2005 | 0.00 |
| 1572654 | OMNEON VIDEO NETWORKS | MBJ INTEGRATORS | 8/7/2005 | 0.00 |
| 1572687 | OMNEON VIDEO NETWORKS | WWBQ-TV | 8/8/2005 | 0.00 |
| 1572866 | OMNEON VIDEO NETWORKS | WHA-TV UNIVERSITY OF WISCONSIN | 8/8/2005 | 0.00 |
| 1572657 | OMNEON VIDEO NETWORKS | AVID | 6/9/2005 | 0.00 |
| 1572659 | OMNEON VIDEO NETWORKS | SCRIPPS NETWORK | 6/13/2005 | 0.00 |

| | | | | |
|---|---|---|---|---|
| 1572868 | OMNEON VIDEO NETWORKS | PCMC-NOC-OFFICE | 6/13/2005 | 0.00 |
| 1572860 | OMNEON VIDEO NETWORKS | LIFETIME TV | 6/15/2005 | 0.00 |
| 2152064 | AVID | OMNEON VIDEO NETWORKS | 6/16/2005 | 0.00 |
| 2152418 | OMNEON VIDEO NETWORKS | CORUS ENTERTAINMENT | 6/17/2005 | 0.00 |
| 2152427 | OMNEON VIDEO NETWORKS | ASCENT MEDIA | 6/20/2005 | 0.00 |
| 2152483 | OMNEON VIDEO NETWORKS | ROSCOR CORPORATION | 6/20/2005 | 0.00 |
| 1572664 | OMNEON VIDEO NETWORKS | OKLAHOMA EDCATIONAL TV | 6/22/2005 | 0.00 |
| 1572861 | OMNEON VIDEO NETWORKS | TV GUIDE CHANNEL | 6/27/2005 | 0.00 |
| 1572663 | OMNEON VIDEO NETWORKS | EDUCATIONAL COMMUNICATION BRD | 6/29/2005 | 0.00 |
| 1572862 | OMNEON VIDEO NETWORKS | KLCS TV | 6/29/2005 | 0.00 |
| 1590474 | OMNEON VIDEO NETWORKS | DIGITAL SYSTEM TECHNOLOGY | 6/29/2005 | 0.00 |
| 1590479 | OMNEON VIDEO NETWORKS | CUNY TVRM #1400 | 6/30/2005 | 0.00 |
| 1590477 | OMNEON VIDEO NETWORKS | KOVR | 6/30/2005 | 0.00 |
| 1590478 | OMNEON VIDEO NETWORKS | VIACOM CORP/ WFOR-TV | 6/30/2005 | 0.00 |
| 1590475 | OMNEON VIDEO NETWORKS | WGVU-TV | 6/30/2005 | 0.00 |
| 1590476 | OMNEON VIDEO NETWORKS | TV MAGIC | 6/30/2005 | 0.00 |
| 1590480 | OMNEON VIDEO NETWORKS | WHSV-ABC 3 | 7/13/2005 | 0.00 |
| 1590482 | OMNEON VIDEO NETWORKS | CBS BROADCAST CTF. | 7/28/2005 | 0.00 |
| 1590481 | OMNEON VIDEO NETWORKS | COSKG` | 7/28/2005 | 0.00 |
| 1590483 | OMNEON VIDEO NETWORKS | OMNEON VIDEO NETWORK S | 8/3/2005 | 0.00 |
| 1590485 | OMNEON VIDEO NETWORKS | WEST VIRGINIA PBS | 8/5/2005 | 0.00 |
| 1590486 | OMNEON VIDEO NETWORKS | STV/EVEREST PROD. CORP. | 8/5/2005 | 0.00 |
| 1590484 | OMNEON VIDEO NETWORKS | CRISPIN CORP. | 8/5/2005 | 0.00 |
| 1590487 | OMNEON VIDEO NETWORKS | ASCENT MEDIA | 8/26/2005 | 0.00 |
| 1590490 | OMNEON VIDEO NETWORKS | WJZ-TV/VIACOM CORP. | 9/7/2005 | 0.00 |
| 1590491 | OMNEON VIDEO NETWORKS | MTV NETWORKS/VIACOM | 9/22/2005 | 0.00 |
| 2158558 | OMNEON VIDEO NETWORKS | WREG-TV | 9/22/2005 | 0.00 |
| 1590492 | OMNEON VIDEO NETWORKS | MTV NETWORKS/VIACOM | 9/23/2005 | 0.00 |
| 2158782 | OMNEON VIDEO NETWORKS | WEDU-TV | 9/26/2005 | 0.00 |
| 2158783 | OMNEON VIDEO NETWORKS | DIGITAL TRANSACTION GROUP INC | 9/26/2005 | 0.00 |
| 2158852 | OMNEON VIDEO NETWORKS | LA EDUCTIONAL TV AUTHORITY | 9/27/2005 | 0.00 |
| 2158853 | OMNEON VIDEO NETWORKS | TESSADA & ASSOCIATES | 9/27/2005 | 0.00 |
| 2159082 | OMNEON VIDEO NETWORKS | ASCENT MEDIA | 9/30/2005 | 0.00 |
| 1590493 | OMNEON VIDEO NETWORKS | WTVY-TV | 10/10/2005 | 0.00 |
| 1590494 | OMNEON VIDEO NETWORKS | TWIN CITIES PUBLIC TV | 10/12/2005 | 0.00 |
| 1590512 | OMNEON VIDEO NETWORKS | OMNEON VIDEO NETWORK | 10/14/2005 | 0.00 |
| 1590511 | OMNEON VIDEO NETWORKS | TV MAGIC INC. | 10/26/2005 | 0.00 |

| | | | | |
|---|---|---|---|---|
| 2180841 | OMNEON VIDEO NETWORKS | MARK DEMAY | 10/27/2005 | 0.00 |
| 2180903 | OMNEON VIDEO NETWORKS | TV MAGIC INC | 10/28/2005 | 0.00 |
| 2181625 | OMNEON VIDEO NETWORKS | WXIA-TV | 11/8/2005 | 0.00 |
| 2181626 | OMNEON VIDEO NETWORKS | SMOKY HILLS PUBLIC TV | 11/9/2005 | 0.00 |
| 2161703 | OMNEON VIDEO NETWORKS | OMNEON VIDEO NETWORKS | 11/9/2005 | 0.00 |
| 2182107 | OMNEON VIDEO NETWORKS | TEN ENGINEERING | 11/16/2005 | 0.00 |
| 2182108 | OMNEON VIDEO NETWORKS | TEN ENGINEERING | 11/16/2005 | 0.00 |
| 2182120 | OMNEON VIDEO NETWORKS | APACE SYSTEMS CORP | 11/16/2005 | 0.00 |
| 2182242 | OMNEON VIDEO NETWORKS | TEN ENGINEERING | 11/18/2005 | 0.00 |
| 2182254 | OMNEON VIDEO NETWORKS | TEN ENGINEERING | 11/18/2005 | 0.00 |
| 2182261 | OMNEON VIDEO NETWORKS | TEN ENGINEERING | 11/18/2005 | 0.00 |
| 1590510 | OMNEON VIDEO NETWORKS | WILSHIRE ONNURI CHURH | 11/21/2005 | 0.00 |
| 1590509 | OMNEON VIDEO NETWORKS | TV GUIDE NETWORKS INC. | 11/28/2005 | 0.00 |
| 1590508 | OMNEON VIDEO NETWORKS | QUALCOMM | 11/29/2005 | 0.00 |
| 1590507 | OMNEON VIDEO NETWORKS | CRISTIAN TELEVISION SYS. | 12/1/2005 | 0.00 |
| 1590506 | OMNEON VIDEO NETWORKS | TONY SHORT | 12/1/2005 | 0.00 |
| 2163111 | OMNEON VIDEO NETWORKS | OMNEON VIDEO NETWORKS | 12/7/2005 | 0.00 |
| 2163363 | OMNEON VIDEO NETWORKS | DISCOVERY COMMUNICATIONS INC. | 12/12/2005 | 0.00 |

EXHIBIT "G"

P 26 2005 12:07PM    LASERJET FAX                                    P.2

JUL-14-05   10:11   FROM-HAAS INDUSTRIES        850 873 8365      T-912  P.001/001  F-576



# CLAIM PRESENTATION

**CARRIER:** HAAS INDUSTRIES, INC.  
P. O. BOX 280840  
SAN FRANCISCO, CA  
94128-0840

**CLAIMANT:** Omneon Video Networks  
965 Stewart Drive  
Sunnyvale, CA 94085

**FREIGHT BILL NUMBER:** 15984779  
**DATE:** June 30, 2005  
**AMOUNT CLAIMED:$**_____  (X)LOSS  ( )DAMAGE  ( )OTHER  
                                      CHECK ONE

---

## DETAILED STATEMENT SHOWING HOW CLAIM AMOUNT IS DETERMINED

(NUMBER AND DESCRIPTION OF ARTICLES, NATURE AND EXTENT OF LOSS OR DAMAGE, INVOICE PRICE OF ARTICLES, ETC.

MSC-4272C-US, MEDIA STRG  X 3          $ 51,637.50  
16 X 300 GB  HARD DRIVES              $ 51,637.50  
                                       $ 51,637.50  
                                       $

**TOTAL AMOUNT CLAIMED**              $ 154,912.50

## THE FOLLOWING DOCUMENTS ARE SUBMITTED IN SUPPORT OF THIS CLAIM
(CHECK ALL THAT APPLY)

(X) BILL OF LADING  
(X) DELIVERY RECEIPT  
( ) ORIGINAL COMMERCIAL INVOICE  
( ) OTHER DOCUMENTS RELATED TO PROOF OF LOSS OR DAMAGE CLAIMED

THE FOREGOING STATEMENT OF FACTS IS HEREBY CERTIFIED AS CORRECT:

_____
SIGNATURE OF CLAIMANT

000020

**EXHIBIT "H"**



Ms. Connie Siller
Omneon Video Networks
965 Stewart Drive
Sunnyvale, CA 94085

November 21, 2005

Dear Ms. Siller

We have completed our review of your claim against Haas Industries, Inc. Freight Bill Number 1590479 in the amount of $154,912.50.

As stated in the Conditions of Contract of Carriage as well as on the face of the Freight Bill: "DECLARED VALUE AGREED AND UNDERSTOOD TO BE NOT MORE THAN $.50 PER POUND, PER PIECE, OR $50.00 WHICHEVER IS HIGHER UNLESS HIGHER VALUE DECLARED AND CHARGES PAID."

The complete Conditions of Contract of Carriage can be viewed on the reverse side of the freight bill or on our website at www.HaasIndustries.com.

Enclosed you will find our check number 70906 in the amount of $88.00 which represents our maximum liability for this claim. The settlement is based on two missing cartons weighing 176 pounds.

We apologize for any inconvenience this situation may have caused you or your company. Should you have any questions, please feel free to contact this office.

Sincerely,

Carmen Holster
Comptroller

**EXHIBIT "I"**

70906

**HAAS**
PO BOX 280840
SAN FRANCISCO CA 94128-0840
(650) 873-1222

WELLS FARGO BANK, N.A
11-4288-1210

11/21/2005

70906

$********88.00*

Eighty Eight and NO/100  Dollars

to the
order
of

Omneon Video Networks
965 Stewart Drive
Sunnyvale CA 94085

⑈070906⑈ ⑆121042882⑆ 364941298⑈

⑈0000008800⑈

04862006  28  614085184  888888830 870  10

-COMERICA
SAN JOSE CA        1726>121137522<
614085184 04-06-06 710 1717 02

WFB SF, CA 04072006
TRACER # 6895  PKT, 001
122105278
0113552901

CITY TO THE ORDER
OMNEON VIDEONET, C
OMNEON VIDEONET, C
189157234Z