1   JAMES ATTRIDGE [SBN NO. 124003]
    Business Trial Lawyer
2   The Fox Plaza, Suite 1204
    1390 Market Street
3   San Francisco, CA  94102
    Telephone:     (415) 552-3088
4
    Attorney for Plaintiff
5   ONEBEACON INSURANCE COMPANY

6

7                                    ·

8                  **UNITED STATES DISTRICT COURT**

9              **NORTHERN DISTRICT OF CALIFORNIA**

10                 **SAN FRANCISCO DIVISION**

11  ONEBEACON INSURANCE COMPANY,        | Case No:  C-07-3540 BZ (MEJ)

12          Plaintiff(s),               | **MOTION TO STRIKE EVIDENCE**
                                        | **PROFFERED BY DEFENDANT IN**
13      v.                              | **OPPOSITION TO PLAINTIFF'S MOTION**
                                        | **FOR SUMMARY JUDGMENT**
14  HAAS INDUSTRIES, INC.,

15          Defendant(s).               | Date:          April 2, 2008
                                        | Time:          10:00 a.m.
16                                      | Courtroom:     Courtroom G

17

18          Plaintiff and moving party hereby moves to strike paragraph 4 and Exhibit B of the

19  Declaration of Carmen Holster in opposition to this motion.  This motion is made on alternative

20  grounds:  (1) the Exhibit is a document which has never previously been disclosed and no

21  justification for non-disclosure has been made Paradigm Sales v. Weber Marketing Systems, 880

22  F.Supp. 1247, 1250 (N.D. Ind. 1995) and (2) there is insufficient foundation laid for the

23  document in that it cannot be established that it was ever sent to Omneon. . It is therefore

24  inadmissible. Orr v. Bank of America, NT&SA, 285 F.3d 764, 773 (9th Cir. 2002)

25          Ms. Holster states her belief that Exhibit B was sent to all customers in January 2005, but

26  that no copy was in her Omneon file and that she only came across it on March 11, 2008.  She

27  states that she believes the letter was sent to Omneon "based on a review of our accounting file"

28  without attaching the file or bothering to explain how that file could be so illuminating.

                                        1

1    Accordingly no sufficient foundation has been established for the document.

2         Moreover, in paragraph3 of her declaration, she states that Omneon never asked for a

3    copy of Haas' tariff, which she identifies as Exhibit A.  Haas' opposition on page 5 argues that

4    the absence of any tariff reference to the valuation charged assessed in lieu of the limitation is a

5    "red herring" because Omneon did not ask for it.

6         In light of her admission that she only found Exhibit B by serendipity, it does not

7    logically follow that Exhibit B would have been sent to Omneon anyway.

8

9                                   Respectfully submitted

10   DATED:  March 19, 2008          JAMES ATTRIDGE

11

12

13   By: _____*/s/ James Attridge*_____
                                   JAMES ATTRIDGE
14                                 Attorney for Plaintiff
                                   ONEBEACON INSURANCE COMPANY

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MOTION TO STRIKE EVIDENCE PROFFERED BY DEFENDANT IN OPPOSITION TO PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT