1  **COUNTRYMAN & McDANIEL**
   MICHAEL S. McDANIEL   [State Bar No. 66774]
2  cargolaw@aol.com
   GEOFFREY W. GILL    [State Bar No. 163621]
3  gwg@cargolaw.com
   LAX Airport Center, Eleventh Floor
4  5933 West Century Boulevard
   Los Angeles, California  90045
5  Telephone: (310) 342-6500
   Facsimile: (310) 342-6505
6
   Attorneys for Defendant
7  HAAS INDUSTRIES, INC.

8                    **UNITED STATES DISTRICT COURT**

9             **NORTHERN DISTRICT OF CALIFORNIA - SAN FRANCISCO**

10

11 ONE BEACON INSURANCE COMPANY,    )  **CASE NO. 3:07-CV-03540-BZ**
   a corporation,                  )
12                                 )  **SUPPLEMENTAL BRIEF REQUESTED**
              Plaintiff,           )  **BY MAGISTRATE JUDGE ZIMMERMAN**
13                                 )  **REGARDING ISSUE OF**
       vs.                         )  **STANDING/REAL PARTY IN**
14                                 )  **INTEREST**
   HAAS INDUSTRIES, INC., a        )
15 corporation,                    )  Date:    April 8, 2008
                                   )  Time:    On Submission
16            Defendants.          )
                                   )
17

18     Defendant Haas Industries, Inc.'s Thirteenth Affirmative

19 Defense is that ". . . One Beacon is not a real party in interest."

20

21     A real party in interest is one who "by the substantive law,

22 possesses the right sought to be enforced, and not necessarily the

23 person who will ultimately benefit from the recovery." *People of*

24 *the State of Illinois v. Life of Mid-America Insurance Co.*, 805

25 Fed.2d 763, 764 (7th Cir. 1986), citing C. Wright, Law of Federal

26 Courts, section 70.

27

28     The substantive law in this case is the Carmack Amendment,

- 1 -

section 14706(a)(1) of which exclusively provides that motor carriers and freight forwarders are liable to only "the person entitled to recovery under the . . . bill of lading."

Proper plaintiffs are those "to whom the carrier owes a duty to transport an item . . ." *Polesuk v. CBR Systems, Inc.*, 2006 WL 2796789 (S.D.N.Y. 2006). The relation creating such duty arises out of the bill of lading, and proper parties to bring a Carmack action are the parties named in the bill of lading. *Windows, Inc. v. Jordan Panel Systems, Corp.*, 177 F.3d 114, 118 (2d Cir. 1999) ("Suits under the Carmack Amendment may be brought against a carrier by any person entitled to recover <u>in</u> the carrier's 'bill of lading,' . . .")(emphasis added).

One Beacon's insured is Professional Products, Inc. ("PPI"). Maus declaration and attached Exhibit. One Beacon stands in the shoes of PPI, and has no greater right to bring an action or of recovery than PPI possesses. PPI is not named in, nor was a party to, Haas' bill of lading, and so was owed no duty by Haas and has no right of recovery against Haas.

Haas recognizes the potential that a claim may be assigned or a filing ratified. However, here there has been an accord and satisfaction of Omneon's claim. Haas has paid its "maximum liability" for the claim to Omneon and so Omneon's claim is extinguished. Opposition, Point V, pages 9-10, and Holster declaration, paragraph 9 and Exhibit "H." Whatever Omneon may have had to assign no longer exists because of the accord and

1 | satisfaction.
2 |
3 | Dated: April 8, 2008            **COUNTRYMAN & McDANIEL**
4 |                                 MICHAEL S. McDANIEL
  |                                 GEOFFREY W. GILL
5 |
6 |
7 |                          By:    _____
  |                                 GEOFFREY W. GILL
8 |                                 Attorneys for defendant
  |                                 HAAS INDUSTRIES, INC.
9 |
10-28

- 3 -

L:\Cases\HAAS\One Beacon\Supplemental Brief.wpd

SUPPLEMENTAL BRIEF