JAMES ATTRIDGE [SBN NO. 124003]
Business Trial Lawyer
The Fox Plaza, Suite 1204
1390 Market Street
San Francisco, CA 94102
Telephone:    (415) 552-3088

Attorney for Plaintiff
ONEBEACON INSURANCE COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| ONEBEACON INSURANCE COMPANY, | Case No: C-07-3540 BZ (MEJ) |
|---|---|
| Plaintiff(s), | SUPPLEMENTAL MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, FOR PARTIAL SUMMARY JUDGMENT |
| v. | |
| HAAS INDUSTRIES, INC., | |
| Defendant(s). | |
|  | Date:    April 2, 2008<br>Time:    10:00 a.m.<br>Courtroom:    Courtroom G |

**THE OWNER OF FREIGHT LOST BY AN INTERSTATE CARRIER HAS STANDING TO SUE UNDER THE CARMACK AMENDMENT IRRESPECTIVE OF WHETHER IT IS A PARTY TO THE BILL OF LADING**

The Carmack amendment somewhat cryptically provides that a carrier issuing a bill of lading is "liable to the person entitled to recover under the receipt or bill of lading", which is like saying "the person who can sue is entitled to sue." This language was inserted into Carmack by the Revised Interstate Commerce Act of 1978 Pub. Law 473, 92 Stat. 1337, 1466 (1978), self-described as "An Act to revise, codify, and enact without substantive change the Interstate Commerce Act." Specifically in the section entitled "Legislative Purpose and Construction," the legislative history states:

"Sect. 3(a) Sections 1 and 2 of this Act restate, without

> substantive change laws enacted before May 16, 1978 ... Those sections ma not be construed as making a substantive change in the laws replaced." Id. p. 1466. Accord: Automated Donut Systems, Inc. v. Consolidated Rail Corp., 424 N.E. 2d 265, 267 fn. 2 (Mass. App. 1981)

Prior to 1978, the Carmack amendment provided that the carrier issuing the bill of lading "shall be liable to the lawful holder thereof for any loss ..." Reider v. Thompson, 339 U.S. 113, 114, 94 L.Ed. 698, 700 (1949). Ten years after the passage of Carmack it was held:

> Under the Carmack Amendment ... the term "lawful holder" comprehends the owner of the property transported or the one beneficially entitled to recover for the loss or injury.

Norfolk Southern Ry. Co. v. Norfolk Truckers Exchange, 88 S.E. 318, 320 (Va. App. 1916). This understanding was affirmed later by a federal court:

> "... lawful holder" comprehends the owner of the property to be transported or the one beneficial entitled to recover for the loss or injury, and manual possession of the bill of lading is not a prerequisite to the right to sue.
>
> Thus, it having been conceded that the United States was the owner of the machinery it may sue for damage thereto even though it was not named in the bill of lading.

Delaware Ltw. R. Co. v. United States, 123 F.Supp. 579 (S.D.N.Y. 1954).

Recently, in Trepel v. Roadway Express, Inc., 194 F.3d 708, 711 (6th Cir. 1999) a plaintiff/owner/receiver sued both the carrier and the middleman who shipped his snake carving pursuant to a limitation of liability which did not hold up. No argument was made that the owner's remedy was only against the shipper who made the deal.

Neither case called to the attention of the Court by Haas supports its position. In fact they both stand for the proposition that PPI as owner of the cargo at the time it was lost has standing to sue under Carmack:

> In any event, the Carmack amendment does not limit the class of plaintiffs that may seek recovery thereunder to only shipper. Rather any action may be brought by any person entitled to recover under the receipt or bill of lading.

Polesuk v. CBR Systems, Inc., WL 2796789 (S.D.N.Y. 2006). Polesuck mimics the authorities cited by OneBeacon. In Windows, Inc. v. Jordan Panel Systems Corp., 177 F.3d 114, 118 (2nd

Cir. 1999), Jordan was a contractor, who like PPI, had bought product on an FOB basis which was destined for a third party end-user, Kennedy Airport. Presumably, the sale price of the windows had been factored into its construction contract with JFK Airport and either paid for, or agreed to be paid for. It was found to have standing to sue under Carmack precisely because of its ownership interest, not because of contractual niceties:

> "The fact that Jordan had assumed the risk of loss ... by the time the goods were damaged does not mean it is without a remedy. Under the 1906 Carmack amendment ... a buyer has long been able to recover directly from an interstate common carrier... Suits under the Carmack amendment may be brought against a carrier by any person entitled to recover in the carriers bill of lading including the buyer who was to receive the goods.

Id. p. 117-118.

Contractual principals do not strictly govern Carmack cases. If contract principals governed, there would be no need for Carmack. Carmack is a statutory cause of action, which is sui generis precisely because it polices the transportation component of commercial arrangements running from the mundane to the complex.

Respectfully submitted

DATED: April 14, 2008            JAMES ATTRIDGE


By: _____/s/ James Attridge_____
JAMES ATTRIDGE
Attorney for Plaintiff
ONEBEACON INSURANCE COMPANY