**COUNTRYMAN & McDANIEL**
MICHAEL S. McDANIEL [State Bar No. 66774]
cargolaw@aol.com
GEOFFREY W. GILL [State Bar No. 163621]
gwg@cargolaw.com
LAX Airport Center, Eleventh Floor
5933 West Century Boulevard
Los Angeles, California  90045
Telephone:  (310) 342-6500
Facsimile:  (310) 342-6505

Attorneys for defendant
HAAS INDUSTRIES, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA - SAN FRANCISCO**

| | |
|---|---|
| ONE BEACON INSURANCE COMPANY, a corporation,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>HAAS INDUSTRIES, INC., a corporation,<br><br>　　　　Defendants. | CASE NO. 3:07-CV-03540-BZ<br><br>TRIAL BRIEF OF DEFENDANT HAAS INDUSTRIES, INC.<br><br>Pre-Trial: June 26, 2008<br>Time:      4:00 p.m.<br>Trial:     July 1, 2008<br>Time:      9:00 a.m.<br>Judge: Hon. Bernard Zimmerman |

　　　This matter arises ouT of the admitted loss in transit of a partial shipment of components.  The triable issues have been distilled to three:

　　　1.　Whether the plaintiff One Beacon Insurance Company, insurer of the components' purchaser Professional Products, Inc. (PPI), has standing to bring and prosecute this action;

　　　2.　Whether defendant carrier, Haas Industries, Inc., made available to the shipper Omneon Video Networks (Omneon) sufficient information and opportunity to choose between liability levels - a determination considerably facilitated Haas contends by the "law of the case" doctrine, which establishes certain findings made by the

- 1 -

court in its Amended Order Denying Motions for Summary Judgment (Order); and

3. Whether there has been an effective accord and satisfaction.

Joint Pre-Trial Statement, 3.

Facts material to correct determination of these issues are set forth in the respective issue analyses.

## ISSUE I

### ONE BEACON, INSURER OF A NON-PARTY TO THE BILL OF LADING, LACKS STANDING EITHER TO BRING OR TO PROSECUTE THIS ACTION

One Beacon is the insurer of PPI, purchaser of the components. Neither by name nor by description does PPI appear as a party to the bill of lading. Exhibit "F," bill of lading.

The shipment permissibly moved by motor carrier in interstate commerce and so was subject to the Carmack Amendment, 49 U.S.C. § 14706, whose restrictive language limits the class of "person" to whom the carrier may be liable. The carrier is "liable to the person entitled to recover under the receipt or bill of lading." 49 U.S.C. § 14706(a)(1).

That One Beacon in this subrogation case would be the beneficiary of a decision adverse to Haas does not bestow real party in interest status. A real party in interest is one who "by the substantive law, possesses the right sought to be enforced, and not necessarily the person who will ultimately benefit from the recovery." *People of the States of Illinois v. Life of Midamerica Insurance Co.*, 805 F.2d 763, 764 (7th Cir. 1986), citing C. Wright, Law of Federal Courts, § 70.

Analysis restricts the potential "person entitled to recover" to parties to the bill of lading contract. Who is entitled to recover under a contract is a party to the contract. Proper plaintiffs are those "to whom the carrier owes a duty to transport an item . . . ." *Polesuk v. CBR Systems Inc.*, 2006 WL 2796789, *11 (S.D.N.Y. 2006) (plaintiff tendered goods to the carrier and signed the receipt as "shipper.")[1] That duty does not extend to all who may have an interest in the item.

One Beacon's insured is PPI, in whose shoes One Beacon stands. One Beacon has no greater right to bring an action or to recover than PPI possesses. PPI is not named in, nor was a party to, Haas' bill of lading, and so was owed no duty by Haas and has no right of recovery against Haas. While judicial efficiency is desirable, its purchase through judicial rewriting of legislation is impermissible. In fact, in the usual Carmack situation, the real party in interest easily can assign its interest, so the situation of the owner of the goods having to sue the consignor or shipper, who then would sue the carrier, is avoided. However, no assignment over to PPI by Omneon of its right to claim has been attempted, nor could such an assignment be effected now because Haas has reached an accord and satisfaction with Omneon. Whatever Omneon may have had to assign has been extinguished by the accord and satisfaction. Whether Omneon acted improperly in entering into the accord and satisfaction is between Omneon and PPI.

---

[1] This court's Order at page 3 refers to *Windows, Inc. v. Jordan Panel Systems Corp.*, 177 F.3d 114 (2nd Cir. 1999). The *Windows* windows were "shipped to purchaser Jordan[.]" 177 F.3d at 115. In the case at bar, the components were to shipped to CUNY instead of to the purchaser PPI.

- 3 -

## ISSUE II

## BY PROVIDING AVAILABILITY TO OMNEON OF INFORMATION AND OPPORTUNITY, HAAS IS ENTITLED UNDER CARMACK TO LIMIT ITS LIABILITY

To limit its liability under the Carmack Amendment, a carrier must:

    1.   Obtain an agreement with the shipper based on a choice of liability;

    2.   Give the shipper a reasonable opportunity to choose between levels of liability; and

    3.   Issue a bill of lading prior to shipment.

*Atlantic Mutual Insurance Co. v. Yasutomi Warehousing and distribution, inc.*, 326 F.Supp.2d 1123, 1126 (C.D. Cal. 2004) (Yasutomi).

One Beacon has contended that Haas failed to give the shipper a reasonable opportunity to choose between liability levels because: (1) the dollar amount of extra freight charges, if the value were declared, is not stated on the bill of lading; and (2) Haas did not maintain a private tariff. The court has found that "One Beacon is wrong on both counts." Order, 6.

These findings are the "law of the case," and should be sustained through trial.

The "law of the case" doctrine is "a fundamental precept of common law adjudication . . . that an issue once determined by a competent court is conclusive." *Arizona v. California*, 460 U.S. 605, 619 (1983). The situation triggering the doctrine is that the issue in question must have been "decided explicitly or by necessary implication in [the] previous disposition [,]" *Liberty*

*Mutual Insurance Company v. EEOC*, 691 F.2d 438, 441 (9th Cir. 1982), and is "designed to aid in the efficient operation of court affairs [whereby] a court is generally precluded from reconsidering an issue previously decided by the same court. . . ." *Milgard Tempering Inc. v. Selas Corporation of America*, 902 F.2d 703, 715 (9th Cir. 1990) (citation omitted). None of the exceptions to applying the doctrine are present here, such as: the decision was clearly erroneous, or there was an intervening change of the law, or evidence on remand from a superior court is substantially different, or other changed circumstances exist or manifest injustice would result. *U.S. v. Alexander*, 106 F.3d 874, 876 (9th Cir. 1997).

Even if the court were disinclined to apply the "law of the case" doctrine, the evidence nonetheless will establish Haas' right to limit its liability.

Pursuant to the practice between Omneon and Haas, Omneon held Haas bills of lading, which Omneon filled out prior to shipping. The front of Haas' bill of lading contains a conspicuous capitalized warning:

> DECLARED VALUE AGREED AND UNDERSTOOD TO BE NOT MORE THAN $0.50 PER POUND, PER PIECE, OR $50 WHICHEVER IS HIGHER UNLESS HIGHER VALUE DECLARED AND CHARGES PAID. FREIGHT BILL SUBJECT TO CONDITIONS SET FORTH ON REVERSE SIDE.

To the left of the warning is a box marked "DECLARED VALUE FOR CARRIAGE $   " with a blank space provided in which would be inserted the declared value of the shipment. The Conditions of Contract of Carriage on the reverse side of the bill of lading again state the $0.50 per pound liability limitation "in the

absence of a higher declared value for carriage" and that "[d]eclared values for carriage in excess of $0.50 per pound, per piece, shall be subject to an excess valuation charge." The methodology for calculating the "excess valuation charge" was communicated to customers such as Omneon by a "Dear Valued Customer" letter sent some five months before the loss at issue. See Exhibit "D;" "Effective January 17, 2005 Haas Industries will charge [for declared value] $0.70 per $100 of value declared on the Haas Industries bill of lading."

    Omneon had clear and conspicuous notice of a "$0.50 per pound, per piece, or $50" limitation "UNLESS VALUE DECLARED AND CHARGES PAID." Omneon was neophyte to the transportation business. Omneon had made 156 prior shipments with Haas in 2005 alone none of which moved on a "VALUE DECLARED" basis. Exhibit "P." the calculation for the declared value charge was communicated by letter; putting the calculation on the face of the bill of lading "is neither required by law nor commercially reasonable." Order, footnote 4. Haas' bill of lading clearly stated the monetary limit and means to avoid it. No more is required. *Yasutomi* 326 F.Supp.2d at 1326, citations omitted. Despite the ready availability of this information and a published weight and geographical zone based "standard tariff" for goods of all kinds (Exhibit "B"), if Omneon had any questions regarding freight charges or limitation, or both, Omneon had only to request from Haas whatever information Omneon may have believed was lacking. All information relevant and material to an informed decision whether to declare a value had been disclosed and otherwise was available for the asking.

    One may quibble whether other or better notice could have been

- 6 -
L:\Cases\HAAS\One Beacon\Trial Brief.wpd
TRIAL BRIEF OF DEFENDANT HAAS INDUSTRIES, INC.

given, but certainly what was given was at a minimum "reasonable," and no more than "reasonable" is required. *Yasutomi* at 1126. See also; *Deiro v. American Airlines*, 816 F.2d 1360, 1365 (". . . , the shipper is bound only if he has <u>reasonable</u> notice of the rate structure and is given a fair opportunity to pay the higher rate in order to obtain greater protection.") (emphasis added) (applying federal common law governing common carriers).

In any event, the lost goods were insured so the "function served by notice of limited liability is accomplished . . . whether or not such notice is actually given." *Read-Rite Corp. v. Burlington Air Express, Ltd.*, 186 F.3d 1190, 1198 (9th Cir. 1999). See also Travelers Indemnity Co. v. The Vessel SAM HOUSTON, 26 F.3d 895, 900 (9th Cir. 1994). Whether the insurance is spot or something else is a distinction without a difference, so long as the insurance covers the loss.

Considering that Omneon had made numerous shipments with Haas at the basic freight rate charge and without declaring value, any suggestion that an INCREASE in the declared value rate would have induced Omneon to suddenly begin declaring value and paying the increased rate is absurd.

Reasonable notice and opportunity were given Omneon to declare a higher value. Omneon decided to opt out and not declare a higher value. Why Omneon so decided, or whether Omneon acted by omission, really is an issue between Omneon and PPI, or perhaps between PPI and its insurer.

///

///

1

### Issue III

**THE CLAIM IS EXTINGUISHED BY ACCORD AND SATISFACTION**

One Beacon's claim has been long settled through accord and satisfaction, as raised in Haas' Fifteenth Affirmative Defense. By letter dated November 21, 2005, Haas' check in the sum of $88 was tendered to Omneon. Exhibit "N." Omneon cashed the check and presumably retained the proceeds.

California provides for accord and satisfaction through Cal U. Comm Code § 3311(b), which states that a claim is discharged if "the instrument or an accompanying written communication contains a conspicuous statement to the effect that the instrument [is] tendered as full satisfaction of the claim." Here the accompanying Holster letter conspicuously states that the tendered check "represents [Haas'] maximum liability for this claim, ["] and further states that the tender is "settlement" based upon the weight of the missing goods. Omneon was the shipper, paid the freight and presented the claim. Haas owed duties under its bill of lading to Omneon. The dispute was between Omneon and Haas. Omneon was the proper party with whom to negotiate the accord and satisfaction.

The defense of accord and satisfaction is appropriate in a Carmack case. On point is AXA S.A. v. Union Pacific Railroad Co., 269 F.Supp.2d 863 (S.D. Tx. 2003). In *AXA*, a Carmack shipment sustained damage in the amount of $224,371 while in transit. Defendant UP tendered its check in the sum of $50,000, UP's alleged maximum liability. Claimant plaintiff accepted in and cashed UP's check, notwithstandingwhich continued its claim for the full amount of the loss. Relying upon Texas Bus. and Comm. Code § 3.311, a

L:\Cases\HAAS\One Beacon\Trial Brief.wpd
**TRIAL BRIEF OF DEFENDANT HAAS INDUSTRIES, INC.**

1  statute with exactly the same relevant language as the California
2  statute, the court held that the defense of accord and satisfaction
3  has been established.  As with Haas' letter, UP's letter
4  accompanying the check stated that the claim had been accepted for
5  payment with the check constituting the limit of UP's liability.
6  As to UP's language constituting the statutory requirement of "a
7  conspicuous statement to the effect that the instrument [is]
8  tendered in full satisfaction of a claim[,]" the court recognized
9  that "the only reasonable interpretation of the statement is that
10 the check was offered in full settlement of the disputed claim."
11 269 F.Supp.2d at 866.  The court concluded that "accord and
12 satisfaction is a permissible defense to the Carmack Amendment
13 claim."  269 F.Supp.2d at 865.

## CONCLUSION

Upon any of the three issues, Haas prevails.

But what is significant it that if One Beacon is correct and explicit information on the bill of lading and otherwise available information is insufficient, then the long recognized concept of limited liability is tossed upon its ear.  Short of individual personal contact, one is hard pressed to conceive of what information and manner of dissemination would be considered reasonable.

///
///
///
///

```
 1
 2  Dated: June 13, 2008                    COUNTRYMAN & McDANIEL
                                            MICHAEL S. McDANIEL
 3                                          GEOFFREY W. GILL
 4
 5
 6                                   By:    _____
                                            GEOFFREY W. GILL
 7                                          Attorneys for defendant
                                            HAAS INDUSTRIES, INC.
 8
```

- 10 -

L:\Cases\HAAS\One Beacon\Trial Brief.wpd
TRIAL BRIEF OF DEFENDANT HAAS INDUSTRIES, INC.