UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA - SAN FRANCISCO

| | |
|---|---|
| ONE BEACON INSURANCE COMPANY, a corporation,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>HAAS INDUSTRIES, INC., a corporation,<br><br>　　　　Defendants. | CASE NO. 3:07-CV-03540-BZ<br><br>**JOINT PRE-TRIAL CONFERENCE STATEMENT**<br><br>Pre-Trial: June 26, 2008<br>Time:　　　4:00 p.m.<br>Trial:　　　July 1, 2008<br>Time:　　　9:00 a.m.<br>Judge: Hon. Bernard Zimmerman |

By and through their undersigned counsel, the parties, One Beacon Insurance Company and Haas Industries, Inc., respectfully submit this, their Joint Pre-Trial Statement.

**SUBSTANCE OF THE ACTION**

This is an action for commercial cargo lost while being transported in interstate commerce.

**RELIEF PRAYED**

Parties agree that if plaintiff prevails, plaintiff will receive the principal sum of $104,617.00 plus prejudgment interest

- 1 -

L:\Cases\HAAS\One Beacon\Joint Pre-Trial Statement.wpd　　　JOINT PRE-TRIAL CONFERENCE STATEMENT

calculated as provided in 28 U.S.C. § 1961. The parties agree that if defendant prevails as to any of its affirmative defenses, plaintiff will take nothing.

### UNDISPUTED FACTS

Professional Products Inc. ("PPI") purchased electronic equipment from Omneon Video Networks ("Omneon"). The equipment was to be shipped to the City University of New York ("CUNY"). Omneon contacted defendant Haas Industries, Inc. ("Haas") to transport the equipment. Omneon executed and Haas issued a bill of lading (Exhibits "G" and "I") for the transportation.

At the relevant time, Haas was a licensed motor contract carrier and property freight forwarder. It did not have authority as a common carrier or broker.

When the shipment was delivered to CUNY, it was short goods valued at $105,647.00.

PPI filed a claim with plaintiff One Beacon, its general property loss insurer. One Beacon paid the claim and is subrogated in the amount of $104,647.00.

Omneon filed a claim with Haas in the amount of $154,912.50. Haas tendered its check in the amount of $88.00, which it contends to be in settlement of the missing goods based upon the $.50 a lb. limitation of liability that Haas contends is applicable. Omneon cashed the check.

## STIPULATIONS

1. Plaintiff has established the elements of its *prima facie* case without prejudice to the issue of standing.

2. Parties stipulate to the admission of all joint exhibits, save for Exhibits "M," "T" and "U," as to which Haas reserves objection: "M" foundation and "T" and "U" relevancy.

## DISPUTED LEGAL ISSUES

1. Whether One Beacon has standing to bring this action.

2. What effect, if any, is to be given pursuant to the "law of the case" doctrine to the findings set forth in the court's Amended Order Denying Motions for Summary Judgment.

3. Whether Haas effectively has limited its liability.

4. Whether there has been an accord and satisfaction.

## DISPUTED FACTUAL ISSUES

One Beacon disputes whether Haas provided adequate means to determine what the excess valuation charge would be if a value for the cargo were declared.

## TRIAL PREPARATION

Trial will be limited to adjudication of three affirmative defenses: (1) Standing/real party in interest; (2) entitlement to limitation of liability; and (3) accord and satisfaction. Thus, defendant has the burden of moving forward.

Defendant will call Carmen Holster, Controller, Haas Industries, Inc., whose testimony generally will comport with her

declaration on file.

Plaintiff will call:

Denny Bell, Vice President, PPI, who will testify about PPI's policies and practices concerning the declaration of value and the purchase of insurance.

Connie Siller, Omneon Video Graphics, will testify that she has never seen Exhibit "D."

**EXHIBITS**

A. FMCSA Motor Carrier details and authority history.
B. Haas standard tariff.
C. Omneon nation trade show tariff.
D. January 12, 2005 "Dear Valued Customer" letter.
E. Invoice Haas to Omneon dated on or about January 27, 2005.
F. Haas freight bill - operations - WITH "Conditions of Contract of Carriage."
G. Haas freight bill - delivery receipt - with "Conditions of Contract of Carriage."
H. Haas freight bill and "Terms and Conditions of Contract."
I. Multiple page Haas bill of lading "Conditions of Contract of Carriage."
J. Direct Air Service bill of lading.
K. Omneon claim to Haas.
L. Haas claim to Direct Air Service.
M. Bell letter to Debbie Thatcher November 15, 2005.

- 4 -

     N.    Holster letter to Omneon Connie Siller November 21, 2005 with endorsed check.

     O.    John Turk letter to Williams December 9, 2005.

     P.    Compilation report - Haas - Omneon shipments 2005.

     Q.    James Attridge letter to Carmen Holster March 18, 2006.

     R.    Excerpts from National Motor Freight Classification.

     S.    Coverage summary One Beacon policy of insurance.

     T.    Read-Rite house waybill.

     U.    BAX Read-Rite tariff.

## **TRIAL**

Trial to the court will commence July 1, 2008 and will last approximately two days.

## **DISCOVERY RESPONSES**

No discovery responses will be used.

## **MOTIONS**

There will be no motions in limine.

## **SETTLEMENT**

A settlement conference was held before Magistrate Judge James on June 11, 2008 without the case settling.

///
///
///
///

## CONSENT TO MAGISTRATE

The parties have consented to trial before a Magistrate, 28 U.S.C. § 636(c).

Dated: June __, 2008          **LAW OFFICES OF JAMES ATTRIDGE**
                              JAMES ATTRIDGE


                        By:   _____
                              JAMES ATTRIDGE
                              Attorney for Plaintiff
                              ONE BEACON INSURANCE COMPANY


Dated: June __, 2008          **COUNTRYMAN & McDANIEL**
                              MICHAEL S. McDANIEL
                              GEOFFREY W. GILL



                        By:   _____
                              GEOFFREY W. GILL
                              Attorneys for Defendant
                              HAAS INDUSTRIES, INC.

1  Dated: June 12, 2008            LAW OFFICES OF JAMES ATTRIDGE
2                                  JAMES ATTRIDGE
3
4                            By:   _____
5                                  JAMES ATTRIDGE
                                   Attorney for Plaintiff
6                                  ONE BEACON INSURANCE COMPANY
7
8  Dated: June 13, 2008            COUNTRYMAN & McDANIEL
                                   MICHAEL S. McDANIEL
9                                  GEOFFREY W. GILL
10
11
12                           By:   _____
                                   GEOFFREY W. GILL
13                                 Attorneys for Defendant
                                   HAAS INDUSTRIES, INC.
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
                                        - 6 -
L:\Cases\HAAS\One Beacon\Joint Pre-Trial Statement.wpd       JOINT PRE-TRIAL CONFERENCE STATEMENT