**COUNTRYMAN & McDANIEL**
MICHAEL S. McDANIEL [State Bar No. 66774]
cargolaw@aol.com
GEOFFREY W. GILL [State Bar No. 163621]
gwg@cargolaw.com
LAX Airport Center, Eleventh Floor
5933 West Century Boulevard
Los Angeles, California  90045
Telephone:  (310) 342-6500
Facsimile:  (310) 342-6505

Attorneys for defendant
HAAS INDUSTRIES, INC.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA - SAN FRANCISCO

| | |
|---|---|
| ONE BEACON INSURANCE COMPANY, a corporation,<br><br>    Plaintiff,<br><br>  vs.<br><br>HAAS INDUSTRIES, INC., a corporation,<br><br>    Defendants. | CASE NO. 3:07-CV-03540-BZ<br><br>**FINDINGS OF FACT AND CONCLUSIONS OF LAW**<br><br>Pre-Trial: June 26, 2008<br>Time:      4:00 p.m.<br>Trial:     July 1, 2008<br>Time:      9:00 a.m.<br>Judge: Hon. Bernard Zimmerman |

    1.   At all relevant times defendant Haas Industries, Inc. was and is a cargo transportation and logistics company, authorized as a contract carrier by the Federal Motor Carrier Safety Administration.

    2.   On or about 30 June 2005, Omneon Video Networks ("Omneon") contacted Haas to arrange the transportation of computer components sold FOB origin to Professional Products Inc. ("PPI").

    3.   Haas issued its bill of lading covering the shipment.

4. In keeping with the custom of the industry, Haas arranged for the transportation of the shipment by truck in conformity with its understanding with Omneon.

5. Haas' bill of lading set forth on its face page a conspicuous capitalized warning:

DECLARED VALUE AGREED AND UNDERSTOOD TO BE NOT MORE THAN $.50 PER POUND PER PIECE, OR $50.00 WHICHEVER IS HIGHER UNLESS HIGHER VALUE DECLARED AND CHARGES PAID. FREIGHT BILL SUBJECT T CONDITIONS SET FORTH ON REVERSE SIDE.

To the left of the warning is a box marked "DECLARED VALUE FOR CARRIER $ " with a blank space provided to set forth the value of the shipment. The Conditions of Contract Carriage on the reverse of the bill of lading again state the $0.50 per lb. liability limitation "in the absence of a higher declared value for carriage" and that "[d]eclared values for carriage in excess of $0.50 per pound, per piece, shall be subject to an excess valuation charge."

6. Beneath the declared value space is a space for "SHIPPER'S SIGNATURE," with the additional language in the signature box "FREIGHT BILL SUBJECT TO CONDITIONS SET FORTH ON REVERSE SIDE."

7. Omneon, the shipper, left the declared value box on the bill of lading blank. Haas' standard tariff, relevant to this shipment, was based upon geographic destination zone (one of three)

and cargo weight. This standard tariff was available to shipper customers and would have been provided to Omneon, but Omneon never requested this information.

8.  Effective January 17, 2005, the additional freight charge for declared value cargo became $0.70 per each $100 of the value declared.

9.  This additional freight charge was communicated to Haas' customers, including Omneon on or about January 20, 2005, by means of an explanatory "Dear Valued Customer" letter dated January 12, 2005. It also would be disclosed to any customer who requested such information.

10. Shippers, including Omneon, held blank Haas bill of lading forms and filled in relevant information for each shipment.

11. For the shipment in suit, Omneon did not declare a value, but did sign the bill of lading in the space provided beneath the declared value space.

12. Prior to the shipment in suit, Haas had arranged 156 shipments on behalf of Omneon and 39 subsequently, all in 2005.

13. For each 2005 shipment (195 shipments), Omneon had accepted Haas' terms and conditions as set forth on Haas' bill of lading, including the $.50 per lb. or $50 limitation, by either signing the bill of lading or by checking "accept" through Haas'

online order system.

14. Omneon did not declare a value or pay the additional "declared value" freight charge on any of its year 2005 shipments through Haas.

15. As to each shipment, the respective bill fo lading was issued before the shipment occurred.

16. A portion of the at issue shipment was lost in transit.

17. Omneon made a claim its name against Haas for the loss. PPI was not a party to the bill of lading and its name nowhere appears on the bill of lading.

18. The weight of the lost portion of the shipment was 176 pounds.

19. Because no value had been declared and declared value freight had not been paid, Haas adjusted Omneon's claim upon the weight of the lost goods and Haas' limitation of $.50 per pound, in the total amount of $88.

20. Haas forwarded its $88 check to Omneon, accompanied by a letter explaining the basis for the adjustment, including a conspicuous statement that the check constituted full settlement of the claim.

21. Omneon accepted the adjustment by endorsing the check.

22. Omneon has not re-tendered the $88.

23. PPI had insured the shipment against loss or damage with One Beacon.

24. Following presentation of a claim to One Beacon, One Beacon paid PPI the insured value of the loss goods in the sum of $105,647 less a $1,000 deductible.

## CONCLUSIONS OF LAW

1. This matter is governed by the Carmack Amendment, 49 U.S.C. § 14706.

2. The court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337(a).

3. One Beacon, as subrogee of a person not entitled to recover under the bill of lading, lacks standing to assert or to prosecute this action. *Polesuk v. CBR Systems, Inc.*, 2006 WL 2796789 (S.D.N.Y. 2006).

4. The bill of lading executed by the shipper without a value being declared constitutes an agreement by the shipper to accept the carrier's liability limitation of $0.50 per pound. the information on Haas' bill of lading together with information available on request from Haas gave the shipper Omneon reasonable

L:\Cases\HAAS\One Beacon\Fact and Conslusions.wpd
FINDINGS OF FACT AND CONCLUSIONS OF LAW

1  opportunity to choose between levels of liability offered by Haas.
2  Haas' bill of lading was issued prior to the shipment. Haas'
3  therefore is entitled to limit its liability to $0.50 per pound.
4  *Atlantic Mutual Ins. v. Yasutomi Warehousing and Distribution,*
5  *Inc.*, 326 F. Supp.2d 1123 (C.D. Cal. 2004).

7  5.   Haas' adjustment with shipper Omneon constitutes an
8  effective accord and satisfaction of the claim. AXA S.A. v. Union
9  Pacific Railroad Company, 269 F. Supp.2d 863 (S.D. Tx. 2003)

11 Dated: June 13, 2008                **COUNTRYMAN & McDANIEL**
                                        MICHAEL S. McDANIEL
12                                      GEOFFREY W. GILL

15                                      By:  _/s/ Geoffrey Gill_____
                                             GEOFFREY W. GILL
16                                           Attorneys for defendant
                                             HAAS INDUSTRIES, INC.