1  **COUNTRYMAN & McDANIEL**
   MICHAEL S. McDANIEL   [State Bar No. 66774]
2  cargolaw@aol.com
   GEOFFREY W. GILL     [State Bar No. 163621]
3  gwg@cargolaw.com
   LAX Airport Center, Eleventh Floor
4  5933 West Century Boulevard
   Los Angeles, California  90045
5  Telephone:  (310) 342-6500
   Facsimile:  (310) 342-6505
6
7  Attorneys for defendant
   HAAS INDUSTRIES, INC.

8              **UNITED STATES DISTRICT COURT**

9       **NORTHERN DISTRICT OF CALIFORNIA - SAN FRANCISCO**

10

11 ONEBEACON INSURANCE COMPANY,  ) CASE NO. 3:07-CV-03540-BZ
   a corporation,                )
12                               ) MOTION OF HAAS INDUSTRIES,
              Plaintiff,         ) INC. FOR ATTORNEY FEES WITH
13                               ) DECLARATION IN SUPPORT
      vs.                        )
14                               )
   HAAS INDUSTRIES, INC., a      ) Date:      September 17, 2008
15 corporation,                  ) Time:       10:00 a.m.
                                 ) Courtroom: G
16            Defendants.        ) Hon. Bernard Zimmerman
   _____)
17

18      PLEASE TAKE NOTICE that at 10:00 am on Wednesday, September,

19 17, 2008, in Courtroom G in the United State District Court for the

20 Northern District of California, United States Courthouse, 450

21 Golden Gate Ave., San Francisco, California 94102-3483, defendant

22 Haas Industries, Inc., will move pursuant to Fed. R. Civ. P.

23 54(d)(2)(A) and Civil Local Rule 54-6 for recovery of its attorney

24 fees.

25

26      The relief sought is an Order directing that plaintiff

27 ONEBEACON INSURANCE COMPANY pay $46,200.00 as attorney fees

28 necessarily incurred in the successful defense of the action

- 1 -

L:\Cases\HAAS\One Beacon\MOTION for attorneys fees.wpd
                    MOTION FOR ATTORNEY FEES

1  brought against HAAS INDUSTRIES INC. by ONEBEACON INSURANCE
2  COMPANY.

4      Attorney fees may be deemed "costs." *Faerfers v. Caviar*
5  *Creator, Inc.*, 2008 WL 1970325 *2 (E.D.Cal. 2008); Haas' Answer,
6  WHEREFORE Clause, para. 3.  The Judgment permits recovery of Hass'
7  "costs."  This motion is brought in the event the "costs" referred
8  to in the Judgment are limited to 28 U.S.C. §1920 "costs."

10          **MEMORANDUM OF POINTS AND AUTHORITIES**

11      Federal Rule of Civil Procedure 54(d)(2)(A), as well as Local
12  Civil Rule 54-6, provides for the recovery of attorney fees by the
13  prevailing party  where permitted.   In this case, recovery is
14  provided for in the underlying bill of lading.

16      Though under the so called " American Rule," attorney fees are
17  not generally taxable  as costs against the losing party, the
18  American Rule gives way where, as here, "a party has sued under a
19  contract that includes a valid agreement for a fee award to the
20  prevailing party. (Citations omitted)."  *Faerfers v. Caviar*
21  *Creator, Inc.*, 2008 WL 1970325 *2 (E.D.Cal. 2008).

23      This action was brought upon the allegation that "Haas took
24  possession of the shipment and issued a bill of lading . . ."
25  Complaint, para. 6.

27      Clause 24 of Haas Industries Bill of Lading (admitted as trial
28  Exhibit "I" and attached as Exhibit "2" to the declaration of

1 Geoffrey W. Gill filed herewith) provides in part that

2         Should Haas Industries successfully defend itself of any

3         legal actions brought by any party with an interest in

4         this shipment, Haas Industries shall be entitled to

5         reasonable attorney fees and costs.

6

7     Certainly, ONEBEACON had an "interest in" the shipment as

8 subrogee with respect to the insurance it paid as a result of a

9 missing part of the shipment.  However, that interest does not

10 render ONEBEACON a "person entitled to recover under the receipt or

11 bill of lading."  ONEBEACON's subrogor, PPI, was not a person

12 entitled to recover under the Carmack Amendment.  Findings of Fact

13 and Conclusions of Law, para.15.  Therefore, there is no

14 contradiction between ONEBEACON's liability for contractually

15 allowed attorney fees and ONEBEACON's lack of standing to sue HAAS.

16 Findings and Conclusions, para. 21.

17

18     Haas Industries successfully defended itself against the

19 action brought by ONEBEACON.  Gill declaration, para. 5.

20

21     Attorney fees in the sum of $46,200.00, based upon an hourly

22 rate of $210.00 for 220 hours necessarily expended in the

23 successful defense of the action, are reasonable in amount and in

24 relation to the relevant circumstances. Gill declaration, para. 10.

25

26 ///

27 ///

28 ///

1

## CONCLUSION

2        Attorney fees in the reasonable amount of $46,200.00 have been

3  incurred necessarily in the defense of this action, and an order

4  awarding said attorneys fees should be entered.

5

Dated: July 25, 2008          **COUNTRYMAN & McDANIEL**
6                                MICHAEL S. McDANIEL
                                 GEOFFREY W. GILL
7

8

9

                          By: _Geoffrey W. Gill_____
10                             GEOFFREY W. GILL
                               Attorneys for defendant
11                             HAAS INDUSTRIES, INC.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

L:\Cases\HAAS\One Beacon\MOTION for attorneys fees.wpd
MOTION FOR ATTORNEY FEES

### DECLARATION OF GEOFFREY W. GILL
### IN SUPPORT OF MOTION FOR ATTORNEYS FEES

I, Geoffrey W. Gill, being duly sworn, depose and state:

1.    I am an attorney admitted to practice before this court and the courts of the state of California, as well as before numerous other federal district courts and federal courts of appeal and, additionally, am a member of the state bars of New York and Florida.   Since July of 2007, I have been Of Counsel to the firm Countryman & McDaniel, counsel of record for Haas Industries, Inc., and the attorney primarily charged with the handling of this matter.

2.    I make this declaration upon matters personally known to me to be true as further appears below.

3.    On July 23, 2008, I attempted to contact James Attridge, counsel for plaintiff OneBeacon Insurance Company, by telephone and in his absence, left a voice message in an effort to confer regarding possible resolution of this motion for attorney fees.   I followed up with a detailed email. On July 24, 2008, Mr. Attridge responded by email.  A true copy of this email exchange is attached as Exhibit "1."   I carefully and objectively have considered the points raised by Mr. Attridge, and believe this motion to be well founded in fact and law.

4.    Attached as Exhibit "2" is a true copy of the Haas Industries bill of lading "Terms and Conditions," admitted as trial

- 1 -

1   Exhibit "I."  Clause 24 thereof provides in relevant part:

2              Should Haas Industries successfully defend itself of any

3              legal actions brought by any party with an interest in

4              this shipment, Haas Industries shall be entitled to

5              reasonable attorney fees and costs.

6

7       5.  The court's Findings of Facts and Conclusions of Law, and

8   Judgment, entered July 11, 2008, establish Haas' successful defense

9   against the action brought by OneBeacon, which claimed to have an

10  interest in the shipment an insurer of the shipment.  Complaint,

11  para. 11.  A true copy of the Complaint is attached as Exhibit "3."

12

13      6.  I have reviewed this firm's time entries contemporaneously

14  maintained by involved attorneys as case related activities were

15  accomplished.  A total of 242.8 hours of attorney time necessarily

16  was expended from inception of this firm's representation of Haas'

17  interests through review of the court's Findings of Fact and

18  Conclusions of Law, and Judgment.  The necessary activities include

19  review of facts and law, and the preparation for and participation

20  in the argument of OneBeacon's motion for summary judgment and the

21  trial of the action.  The firm's hourly rate has been $210

22  throughout this period.  Of that total, 22.8 hours were expended by

23  experienced transportation law attorneys Cameron Roberts and Andrew

24  Kehagiaras, who departed the firm in mid-2007.  As I was successor

25  to those two attorneys, Haas is making no claim for those 22.8

26  hours, so as to avoid any claim for redundant activity.

27  Additionally, no claim is made for costs attributable to

28  transportation between the firm's Los Angeles office and San

- 2 -

Francisco, or for overnight lodging and expenses.

7.  Of the remaining 220 hours (242.8 - 22.8), I performed 200.5 hours of case related work.  I graduated Fordham University School of Law in 1974 and, since that time, have devoted my legal practice to transportation law, including authorship and annual supplementation since 1997 of Thompson West's Federal Forms (and commentary), Volumes 7 and 7A, <u>Admiralty</u>, and speaking on transportation related legal issues before numerous academic and professional groups.

8.  The balance of 19.5 hours was performed by firm associate Christoph Wahner, a 2005 University of San Diego School of Law graduate, who also devotes his legal practice to transportation law.  In fact, the major practice area of Countryman & McDaniel is transportation law.

9.  The firm, during the relevant period, has charged a set hourly rate of $210.  Based upon my knowledge, from discussions with clients and attorneys, and my billing experience working with several law firms, in this practice area, this rate is on the low-end of rates charged in this practice area.

10. From the inception of this firm's involvement in the defense of this matter, this firm has attempted to persuade OneBeacon of the defenseability of Haas Industries' position.  For example, attached as Exhibit "4" is a copy of the firm's letter validating the legitimacy of Haas' bill of lading limitation.  From

- 3 -

1 | the initial exchange of correspondence through argument of
2 | OneBeacon's summary judgment motion and trial, the law and the
3 | facts have remained the same.
4
5 | 11. In view of the above stated facts, I respectfully submit
6 | that Haas' request for attorney fees in the sum of $46,200.00
7 | reflects a fee reasonable in amount and in relation to the relevant
8 | circumstances.
9
10 | I declare under penalty of perjury under the laws of the State
11 | of California and United States of America that the foregoing is
12 | true and correct.
13
14 | Executed at Los Angeles, California on July 25, 2008.
15
16 | _____
   | GEOFFREY W. GILL
17
18
19
20
21
22
23
24
25
26
27
28

- 4 -

**EXHIBIT "1"**

**Geoffrey W. Gill**

| | |
|---|---|
| **From:** | James Attridge [jattridge@attridgelaw.com] |
| **Sent:** | Thursday, July 24, 2008 9:12 AM |
| **To:** | Geoffrey W. Gill |
| **Subject:** | Re: ONE BEACON adv. HAAS INDUSTRIES |

> Dear Jeff: I am set for a jury trial starting August 25, 2008 and if
> it
goes it is likely to be ongoing through the 3rd of September. Given that attorneys fees
are not recoverable in Carmack amendment cases (See:
Arnell v. Mayflower)and you did not request them in your answer or reference them in any
of your pleadings, including your settlement conference statement you may wish to relay to
your client that any such motion will be opposed.


Hi James:
>
>
>
> Further to my attempt to reach you by phone and voice message, please
> be advised that we are directed to move the court for attorneys fees
> pursuant to clause 24 of Haas' bill of lading terms and conditions.
> Attorneys fees total $50,988.00.
>
>
>
> I propose a hearing date of September 3, 2008 unless you advise that
> said date is inconvenient for you.  Of course, I shall be glad to
> discuss with you resolution of this issue.
>
> With kind regards,
>
> Geoffrey W. Gill
>
> Law Offices of Countryman & McDaniel
> Office Telephone: 310-342-6500
> Office Fax: 310-342-6505
> 5933 West Century Boulevard, Suite 1111, Los Angeles, CA 90045 USA.
>
> Visit  <blocked::http://www.cargolaw.com/> www.cargolaw.com
>
> PRIVACY NOTICE: This message is intended only for the use of the
> individual or entity to whom it is addressed and may contain
> information that is privileged, confidential or exempt from disclosure
> under applicable federal or state law.  If the reader of this message
> is not the intended recipient or the employee or agent responsible for
> delivering the message to the intended recipient, you are hereby
> notified that any dissemination, distribution or copying of this
> communication is strictly prohibited.  If you have received this
> communication in error, please notify us immediately by telephone and
> return the original message (and all copies you may have
> made) to us at the above address via regular US mail.
>
>
>
>

1

Ex. 1.

**EXHIBIT "2"**

## Conditions of Contract of Carriage

1. In tendering this shipment, the shipper agrees to these Conditions of Contract of Carriage, which no agent or employee of the parties may alter, and that this shipping document is non-negotiable and has been prepared by the shipper. The shipper certifies and represents to Haas Industries that the information inserted on the face of this shipping document is complete and accurate. It is agreed among the parties involved that the conditions of contract of carriage for this shipment are governed by Haas Industries tariffs, available for inspection at Haas Industries offices, and which are hereby incorporated into this contract, and a copy of which will be supplied upon request. *NOTE:* "Shipper" on this contract means the party from whom the shipment is received, the party who requested the shipment be transported by Haas Industries, and party having an interest in the shipment, and any party who acts as an agent for any of the above. Except to the extent of any written contract between shipper and Haas Industries, this shipping document supersedes and negates any claimed, alleged or asserted oral or written contract, promise, representation or understanding between the parties with respect to this shipment.

2. In the event that shipment is tendered to Haas Industries on a straight bill of lading or any other shipping document, Haas Industries rules and regulations will supersede any rules and regulations contained on the shipping document on which the freight was tendered.

3. Shipper warrants that each package in this shipment is properly and completely described on this shipping document, is properly marked and addressed, is packaged adequately to protect the enclosed goods to insure safe transportation with ordinary care in handling, and except as noted, is in good order and condition. For articles shipped in unenclosed containers, Haas Industries shall not be liable for damage/loss unless mishandling and/or loss is evident and is so noted on the delivery receipt at time of delivery. NOTE: A shipment in which delivery is made in exchange for a clear delivery receipt shall be prima facie evidence of having received ordinary care in handling.

4. At time of delivery, the consignee must note on the delivery receipt any exceptions to the shipping containers that would indicate a discrepancy (shortage in the shipment or damage to the containers). The consignee may not inspect the contents of the shipping containers until the consignee signs for the shipment on the delivery receipt. NOTE: Such notations as "subject to inspection" and "subject to recount" are not exceptions. NOTE: A shipment in which delivery is made in exchange for a clear delivery receipt shall be prima facie evidence of having received ordinary care in handling. *NOTE: Under no circumstances shall Haas Industries be liable for loss and/or damage to external shipping containers of any kind.*

5. Haas Industries SHALL NOT BE LIABLE IN ANY EVENT FOR ANY SPECIAL, INCIDENTAL OR CONSEQUENTIAL DAMAGES, INCLUDING BUT NOT

000005 Ex. 2

LIMITED TO LOSS OF PROFITS, INCOME, INTEREST, UTILITY OR LOSS OF MARKET, WHETHER OR NOT Haas Industries HAD KNOWLEDGE THAT SUCH DAMAGES MIGHT BE INCURRED.

6. Due to the inherent nature of the transportation business, Haas Industries does not guarantee pick up, transportation or delivery by a stipulated date or a stipulated time, nor shall Haas Industries be liable for the consequences of failure to do so.

7. Overcharge claims must be received in writing by the corporate office of Haas Industries (P. O. Box 280840, San Francisco, CA 94128-0840) within one year after date of acceptance of the shipment by Haas Industries. Written notification on all other claims (except concealed loss/damage claims) must be received in writing by the corporate office of Haas Industries (P. O. Box 280840, San Francisco, CA 94128-0840) within 60 days after Haas Industries accepted the shipment. Notification of concealed loss/damage claims (i.e., claims for loss or damage discovered by the consignee after delivery and after a clear receipt has been given) must be received in writing by the corporate office of Haas Industries (P. O. Box 280840, San Francisco, CA 94128-0840) within 3 days after delivery, or if perishables, verbally within 48 hours. For damage claims and concealed loss claims, Haas Industries must be allowed the privilege to make inspection of the shipment and the container(s) and packaging material(s) at place of delivery. Claims must be perfected within 180 days after delivery or date delivery was intended. No claims will be entertained until all transportation charges have been paid. Claims may not be deducted from transportation charges and no claims may be deducted from any charges owed Haas Industries. Legal action to enforce a claim must be brought within one year after the claim has been denied in writing by Haas Industries, in whole or in part.

8. Haas Industries liability, in the absence of a higher declared value for carriage, is limited to a minimum of $50.00 per shipment or $0.50 per pound, per piece, of cargo lost, damaged, misdelivered or otherwise adversely affected, but in no event shall exceed the actual invoice value of the goods. This limitation is subject to provisions as published in Haas Industries governing tariffs in effect at the time of this shipment. Declared values for carriage in excess of $0.50 per pound, per piece, shall be subject to an excess valuation charge.

9. Unless each piece of the shipment has a declared value stated and is specifically identified on the Haas Industries shipping document at the time of the shipment and is so identified on the delivery receipt as being lost, damaged, destroyed, or otherwise affected at time of delivery, Haas Industries shall be liable subject to tariff provisions in effect at the time of the shipment for the "average declared value" of the shipment. The "average declared value" of the shipment shall be determined by first dividing the total declared value of the shipment by the total weight of the shipment. This figure, multiplied by the packaged weight of the piece(s) adversely affected, shall then establish the amount of Haas Industries liability. The total declared value amount must be inserted in the DECLARED VALUE box on the face of this shipping document.

000006

Haas Industries liability shall in no event exceed the actual invoice value of the goods adversely affected.

10. In the event of the failure or inability of the consignee to take delivery of the shipment, Haas Industries will notify shipper in writing at the address shown on the shipping document and request disposition instructions. If the shipper fails to provide disposition instructions within 30 days after the date of Haas Industries notice, Haas Industries will return shipment to the shipper at the shipper's expense. If the shipper fails to accept delivery of a shipment thus returned, Haas Industries may, upon 30 days written notice to the shipper, dispose of the shipment at public or private sale and pay itself out of the proceeds to satisfy the transportation charges owing on the shipment. Any sums collected by Haas Industries in excess of such transportation charges will be paid to the shipper. No sale or disposal pursuant to this rule will discharge any liability or lien to any greater extent than the proceeds thereof. The shipper and the consignee shall remain liable, jointly and severally, for any deficiency.

11. Haas Industries shall not be liable for loss, damage, delay or monetary loss of any type caused by: Acts of God; public authorities acting with actual or apparent authority; strikes; labor disputes; weather; mechanical failures; aircraft failures; civil commotions; acts or omissions of customs or quarantine officials; the nature of the freight or any defects thereof; public enemies; hazards incident to a state of war; acts of terrorism; and by acts, defaults or omissions of the shipper or consignee for failure to observe the terms and conditions of the contract of carriage contained in this shipping document, including but not limited to improper packaging, marking, incomplete/inaccurate shipping instructions and the rules relating to freight not acceptable for transportation of freight acceptable only under certain conditions outlined below.

12. Unless otherwise expressly provided in Haas Industries tariffs and subject to any conditions or restrictions contained therein, the following articles will not be accepted for carriage: any shipment prohibited by law; original works of art, antiques, bonds, coins of any kind, currency, currency equivalents, furs, fur clothing, gems or stones (cut or uncut), industrial diamonds, gold or silver, coined concentrates, jewelry (other that costume jewelry), pearls, precious metals, securities (negotiable), time sensitive written material (e.g., bids, contract proposals, etc.), when the declared value exceeds $0.50 per pound; household goods and/or personal effects, one-of-a-kind articles or models, prototypes, valuable rugs (i.e., Oriental rugs, Persian rugs) and prints or lithographs when the total declared value of the shipment exceeds $500.00 or when the declared value exceeds $0.50 per pound, per piece; and such other articles provided in Haas' governing tariffs and/or service guide. Haas Industries shall not be liable for any loss, damage, delay, liabilities or penalties resulting from the transportation of any of the foregoing articles, however described or misdescribed in this shipping document, and no employee or agent of Haas Industries has any authority to accept for transportation such articles or to waive the limitations herein contained.

13. Haas Industries liability for aggregate losses at any one time at any one place is limited to $1,000,000.00. For shipments having declared values over $25,000.00, Haas Industries must be given advance notice prior to pick up.

14. Rates and charges for this shipment will be based on actual or dimensional weight, whichever is greater. For domestic shipments dimensional weight will be assessed on the basis of one (1) pound for each 194 cubic inches, for international shipments dimensional weight will be assessed on a basis of one (1) pound for each 166 cubic inches.

15. If this is an International shipment, a) all rules relating to liability as established by the Warsaw Convention shall apply, b) except as otherwise provided in Haas Industries tariffs or conditions of carriage, in carriage to which the Warsaw Convention does **not** apply, Haas Industries liability shall not exceed U.S. $20.00 per kilogram or the equivalent of goods lost, damaged or delayed, unless a higher value is declared by the shipper and a supplementary charge paid, c) Haas Industries accepts this shipping document as a shipper's letter of instructions with authorization to prepare and sign on shipper's behalf an international shipping document, and d) Haas Industries reserves the option to act as agent of the carrier, instead of as a forwarder, in which event the direct carrier's tariffs shall apply to this shipment and e) the shipper may select by inserting on the face of this shipping document cargo coverage based on insurance and/or declared value for carriage.

16. Unless inserted otherwise on the face of this shipping document, the C.O.D. amount of the shipment shall be deemed to be the declared value for carriage amount. This declared value for carriage amount in excess of $0.50 per pound, per piece, shall be subject to an excess valuation charge.

17. Collect on Delivery (C.O.D.) service is provided under the following conditions: a) shipper must identify the shipment as a C.O.D. shipment by entering the amount to be collected in the "Shipper's C.O.D. Box" on the front of this shipping document, b) shipper must specify the type of payment to be received (e.g. cash, check, money order or cashier's check) in the "Special Services Box" on the front of this shipping document and c) Haas Industries and shipper agree that Haas Industries does not guarantee nor verify that a check, money order, cashier's check or other such financial instrument is valid or negotiable. All payments are collected at shipper's risk.

18. Unless prior arrangements are made, the acceptance of cash by Haas Industries and its agents for payment of freight charges and/or C.O.D. amounts is limited to a maximum of $2,000.00 per shipment and/or stop. Payment of freight charges and/or C.O.D. amounts in excess of $2,000.00 must be remitted by cashier's check, certified check, money order, or consignee's check as authorized by the shipper in writing.

19. Haas Industries shall have the right to a) substitute alternate carriers or other means of transportation and b) select the routing or deviate from that shown on the face hereof.

000008

Terms and Conditions                                                                                Page 5 of 6

20. This shipment is subject to inspection by Haas Industries; however, Haas Industries is not obligated to perform such inspection.

21. The shipper and the consignee shall be liable jointly and severally for all unpaid charges payable on account of this shipment pursuant to this contract and to pay or indemnify Haas Industries for claims, fines, penalties, damages, costs (storage, handling, reconsignment, return of freight to shipper, etc.) or other sums which may be incurred by Haas Industries by reason of any violation of this contract or any other default of the shipper or consignee or their agents. Haas Industries shall have a lien on any goods shipped for failure to pay charges payable on account of this shipment pursuant to this contract. Haas Industries may refuse to surrender possession of the goods until such charges are paid. Should Haas Industries bring legal action for the enforcement of this contract or collection of any sums due and payable under this contract, Haas Industries shall be entitled to reasonable attorney fees and costs.

22. All invoices are due and payable in 14 days from the invoice date.

23. Shipper and consignee shall hold Haas Industries and its agents harmless for loss/damage/delay or any monetary losses which are a result of auxiliary services including but not limited to local cartage, crating, uncrating, packing, and unpacking which are requested by the shipper or consignee and arranged by Haas Industries as a customer service unless such services are actually performed by Haas Industries or its agents. Such limitation of liability shall extend to the selection by Haas Industries of the providers of the auxiliary services. Auxiliary services are those which are performed prior or subsequent to transportation and which may be billed directly by the provider of the services or by Haas Industries. Provider of auxiliary services are contractors for the shipper or consignee and are not agents for Haas Industries. Local cartage is the movement of unpackaged/uncrated freight. *NOTE*: Under no circumstances will the liability of Haas Industries for any monetary loss which is a result of any auxiliary services performed by Haas Industries or its agents be greater that the liability contained in this contract.

24. Should Haas Industries successfully defend itself of any legal actions brought by any party with an interest in this shipment, Haas Industries shall be entitled to reasonable attorney fees and costs. NOTE: In lieu of legal actions, any disputed claim not greater than $15,000.00 is to be settled through binding arbitration submitted to the Transportation Arbitration Board or the American Arbitration Association under its cargo claim arbitration program. An alternative arbitrator is to be selected by Haas Industries if the claim is unacceptable for arbitration by both the above arbitrators.

25. Shipments are subject to security controls by carriers and, where appropriate, by government agencies. Copies of shipping documents will be retained until the shipment is delivered.

000009

## INDIRECT AIR CARRIER STANDARD SECURITY PROGRAM

"Cargo items tendered for air transportation are subject to aviation security controls by air carriers and when appropriate, other government regulations. Copies of all relevant shipping documents showing the cargo's consignee, description, and other relevant data will be retained on file until the cargo completes its air transportation."

**EXHIBIT "3"**

1   JAMES ATTRIDGE (SBN124003)
    LAW OFFICE OF JAMES ATTRIDGE
2   1390 Market Street, Suite 1204
    San Francisco, CA  94102
3   Telephone: (415) 552-3088
    Facsimile:  (415) 522-0513
4
    Attorney for Plaintiff One Beacon Insurance
5   Company

6

7

8                    UNITED STATES DISTRICT COURT

9          NORTHERN DISTRICT OF CALIFORNIA- SAN FRANCISCO

10

11  ONE BEACON INSURANCE COMPANY, a          CASE NO. 07         3540
12  corporation

13                 Plaintiff,                **COMPLAINT FOR DAMAGE TO
                                             CARGO IN INTERSTATE COMMERCE
14      v.                                   49 USC 14704a), 49 USC 14706**

15  HAAS INDUSTRIES, INC., a corporation

16                 Defendants

17

18  Plaintiff alleges:

19                    **FIRST CLAIM FOR RELIEF**

20                         **(Cargo Loss)**

21

22      1.  Plaintiff One Beacon Insurance Company, is and at all times material was, a

23          corporation engaged in the business of insurance and authorized to do business

24          within this judicial district.

25      2.  Defendant Haas Industries, Inc. was at all times material a corporation licensed to

26          do business with its headquarters located in South San Francisco, California. Haas

27          engaged in business as a common carrier, contract carrier and freight forwarder. As

28

                                        1

1    of June 30, 2005, Haas had received authority from the United States Department

2    of Transportation to engage in transportation as a contract carrier, but had not

3    received authority to engage in transportation as a common carrier.

4    3. Jurisdiction is predicated upon 28 USC 1331 and 1337b).

5    4. Venue is proper because defendant's headquarters is located in San Mateo County.

6    5. In or about June, 2005, plaintiff's insured, Professional Products, Inc. purchased a

7    quantity of computer wafers from Omneon Video Graphics of Sunnyvale,

8    California for resale to Leizure Associates, Inc. of Baltimore, Maryland. Pursuant to

9    the terms of sale title was to pass to Professional Products, Inc. free on board at

10   Omneon's dock in Sunnyvale.

11   6. On or about June 30, 2005 Haas took possession of the shipment and issued a bill of

12   lading for transportation in interstate commerce.

13   7. Plaintiff is informed and believes that Haas had not entered into a contract carriage

14   agreement with either Omneon or Professional Products, Inc. as defined in 49 USC

15   14101b).

16   8. Plaintiff is informed and believes that Haas brokered the shipment to another

17   carrier. Plaintiff is further informed and believes that as of June 30, 2005 Haas had

18   not been granted authority to act as a broker by the United States Department of

19   Transportation as that term is defined at 49 USC 13102(2).

20   9. At all times material, Haas did not maintain a private tariff which provided shippers

21   a menu of options permitting them to chose between a variety of freight rates tied to

22   different levels of liability for which Haas would be responsible should the freight

23   be lost or damaged.

24   10.On or about July 8, 2005 the shipment arrived at destination one pallet short. The

25   lost product has never been delivered.

26   11.Prior to the shipment of the herein described cargo and prior to any loss thereto,

27   plaintiff issued its policy of insurance whereby it agreed to indemnify the owner of

28   said cargo, and its assigns, against loss of said cargo while in transit, and plaintiff

has therefore become obligated to pay and has paid to the person entitled to

payment under said policy the sum of $105,705.00 on account of the herein

described loss.

12. Plaintiff has therefore been damaged in the amount of $105,705.00, no part of which

has been paid despite demand therefore.

WHEREFORE, plaintiff prays for relief as follows:

1. For damages in the amount of $105,705.00.

2. Interest at the applicable rate since the date of loss.

3. For attorneys fees pursuant to 49 USC 14704a).

4. For whatever further relief the court deems warranted.

Dated: July 9, 2007                                         Respectfully submitted,

                                                            James Attridge, Counsel for Plaintiff

# EXHIBIT "4"

LAW OFFICES

## *Countryman & McDaniel*

MICHAEL S. McDANIEL†††
BYRON E. COUNTRYMAN
CAMERON W. ROBERTS†
ANDREW D. KEHAGIARAS††
CHRISTOPH M. WAHNER

†ALSO ADMITTED IN WASHINGTON
††ALSO ADMITTED IN MICHIGAN
†††PROCTOR IN ADMIRALTY

LAX AIRPORT CENTER
ELEVENTH FLOOR
5933 WEST CENTURY BOULEVARD
LOS ANGELES, CALIFORNIA 90045
TEL (310) 342-6500
FAX (310) 342-6505
E-MAIL: info@cargolaw.com
www.cargolaw.com

11 August 2006

**Via Facsimile to (415) 522-0513**
James Attridge, Esq.
1390 Market Street
Suite 1204
San Francisco, CA 94102

Re:   ***HAAS Industries re: Claim of One Beacon Insurance Company***
      **HAAS Bill of Lading No.**      :      **1590479**
      **Date of Loss**                 :      **July 8, 2005**
      **Claim Amount**                 :      **$105,705.00**
      **Our File No.**                 :      **4584-901**

Subject:      **Fair Opportunity Doctrine**

Dear Jim:

In a final attempt to persuade you that your interpretation of the case law is incorrect, I refer you to the case of *Ferrostaal vs. M/V Sea Phoenix*.[1]  Unlike the unpublished cases that One Beacon relies on, *Ferrostaal* articulates a thoughtful history of fair opportunity doctrine from the early Supreme Court cases in the 1865 to seminal the post-Carmack case of *New York, New Haven and Hartford Railroad Company vs. Nothngale*.[2]

As the *Ferrostaal* explains, *Nothngale* was a railroad case and gave no indication that the doctrine extended beyond rail carriage.  The phrases "fair opportunity to choose" and "reasonable opportunity to discover" were *dicta*. The decision upheld the rights of an individual passenger who *never* saw the bill of lading, not a commercial shipper, as the one presented in our case.[3]

---

[1] 447 F.3d 212 (2006).

[2] 346 U.S. 28 (1953).

[3] *See Ferrostaal* at 221-222.

L:\Cases\HAAS\One Beacon\attridge-ltr-004.wpd

*Ex. 4*

*Countryman & McDaniel*

James Attridge, Esq.
11 August 2006
Page 2

It is noteworthy that *Nothingale* relies on he reasoning of *Boston & Maine R. Co. v. Piper*, 246 U.S. 439, 444-445 (1918) that in turn relies on *Adams Express Co. v. Croninger*, 226 U.S. 491, 509, 510 (U.S. 1913) that in turn relies on *York Mfg. Co. v. Railroad*, 3 Wall (1865). But, it is nothing short of ironic that *York* makes no mention of a "fair opportunity" or a "tariff." *York* simply enforces the limitation based on a "special contract."

Subsequent to *Nothngale*, the court in *Anton vs. Greyhound Van Lines*,[4] another rail passenger case, stated that there needed to be a "fair opportunity to choose between higher or lower liability . . .."

Following *Nothngale* and *Anton*, the Seventh Circuit case of *Hughes*, a household goods case, cited to *Anton* stating the test as: "a fair opportunity to choose between alternative levels of coverage" or "to give the shipper reasonable opportunity to choose between two or more levels of liability."[5]  It is undisputed that the Ninth Circuit follows the Seventh Circuit with respect to the fair opportunity test in cases of household goods.[6]

The HAAS bill of lading and the terms and conditions on its website, put the shipper on notice of the limitation of liability. In addition, they give the shipper a fair opportunity to choose between the $0.50 per lb. limitation or a declared value with a correspondingly greater charge. Simply put, the language on the face of the HAAS bill of lading tracks *Nothngale, Anton* and both *Hughes* cases. The issue is not rates published in a tariff, but the opportunity to choose between two or more levels of liability. The test, as stated, does not require the *ad valorem* freight rate be published in a tariff.

Given the course of dealing and the sophistication of the parties in our case, the shipper had both reasonable notice of the liability limitation and the opportunity to obtain information necessary to making a deliberate and well-informed choice.[7]  It is undisputed that the shipper did not inquire or request that information. Accordingly, the signed bill of lading is the *best evidence* that the shipper made an absolute, deliberate, and well-informed choice to accept HAAS's $.50 per pound limitation.

---

[4] 591 F.2d 103, (1st Cir. 1978).

[5] *Hughes vs. United Van Lines, Inc.*, 829 F.2d 1407, 1415 (7th Cir. 1987) citing *Anton*.

[6] *Hughes Aircraft Co. v. North American Van Lines, Inc.*, 970 F.2d 609, 612 (9th Cir. 1992).

[7] The Ninth Circuit has held that "actual possession of the bill of lading" is unnecessary when a shipper is "familiar as a matter of commercial practice with the terms and limitations of Sea-Land's bill of lading." *Sea-Land Serv. v. Lozen Int'l, LLC*, 285 F.3d 808, 815 (9th Cir. 2002).

*Countryman & McDaniel*

James Attridge, Esq.
11 August 2006
Page 3

Nevertheless, my client is interested in resolving the matter short of litigation. To that end, I am willing to recommend settlement in the amount of $15,000.00 or, in the alternative, I suggest we have the matter arbitrated by an individual or panel that is competent to understand the legal issues.

With kind regards,

*Countryman & McDaniel*

Cameron W. Roberts
CWR:mp