**COUNTRYMAN & McDANIEL**
MICHAEL S. McDANIEL [State Bar No. 66774]
cargolaw@aol.com
GEOFFREY W. GILL [State Bar No. 163621]
gwg@cargolaw.com
LAX Airport Center, Eleventh Floor
5933 West Century Boulevard
Los Angeles, California 90045
Telephone: (310) 342-6500
Facsimile: (310) 342-6505

Attorneys for defendant
HAAS INDUSTRIES, INC.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA - SAN FRANCISCO

| | |
|---|---|
| ONEBEACON INSURANCE COMPANY, a corporation, <br><br> Plaintiff, <br><br> vs. <br><br> HAAS INDUSTRIES, INC., a corporation, <br><br> Defendants. | CASE NO. 3:07-CV-03540-BZ <br><br> REPLY OF DEFENDANT HAAS INDUSTRIES, INC. |

OneBeacon opposes Haas' request for attorney's fees upon two arguments:

1. "Requests for attorneys' fees are not allowed if they are not requested in the initial pleadings." and

2. "Attorney's fees are not recoverable in Carmack case."[1]

Neither argument is supported by citation to Ninth Circuit law. In fact, there is no merit in the circumstances of this case to either argument in opposition.

Some circuits have held that attorney's fees are special

---

[1] Significantly, OneBeacon does not argue that the contractual fee provision does not apply.

- 1 -

L:\Cases\HAAS\One Beacon\Reply.wpd
REPLY OF DEFENDANT HAAS INDUSTRIES, INC.

damages and so must be specifically stated under Fed. R. Civ. P. 9(g). However, the Ninth Circuit appears not to be among those circuits that read Rule 9(g) so restrictively. Consideration of the purpose for the rule provides an explanation.

Rule 9(g) exists so that a defendant may be made aware of "special" damages - those damages "not normally associated with the claim." Avitia v. Metropolitan Club of Chicago, Inc., 49 F.3d 1219, 1226 (7th Cir. 1995). Justification lies in notifying a defending party so it may begin preparing a defense to any "special" damages sought. Certainly OneBeacon, an insurance company, cannot deny knowing that as a result of its Complaint, Haas necessarily would be caused to incur attorneys fees. Nor can OneBeacon deny knowing that Haas reserved to itself the right to claim attorney's fees" should Haas Industries successfully defend itself," as "costs" were claimed in Haas' Answer. So much was stated in the terms and conditions of the waybill upon which OneBeacon brought its action, the relevant language being quoted at paragraph 4 of the Gill Declaration in support. Significantly, the waybill, and its terms and conditions, were entered as trial exhibits. See discussion in Asset Research Corporation v. Finnegan, 216 F.3d 1268, 1272 (11th Cir. 2000). Nor were attorneys' fees of this sort defensible at the trial, so OneBeacon suffered no prejudice.

Upon the Court rendering its July 11, 2008 decision, Haas' successful defense was established. Fed. R. Civ. P.54(c) provides that:

> Every final judgment shall grant the relief to which the
> party in whose favor it is rendered is entitled, even if the

1  party has not demanded such relief in its pleadings.

3  10 Moore's Federal Practice - Civil §54.72[1][d] explains that
4  "The failure to request attorney's fees in the pleadings does not
5  act as a bar to that relief; instead, the court should award
6  attorney's fees under Rule 54(c) whenever that relief is
7  appropriate under the law and the facts proven, and a timely and
8  properly documented motion for the fees is filed under Rule 54
9  (d)(2)."  Haas' motion was filed within the 14 day period of Rule
10 54(d)(2) and is properly documented.

11 Where, as in the Haas bill of lading, a "contractual provision
12 authorizes a fee award, such an award becomes the rule rather than
13 the exception, and should be awarded routinely as are costs of suit
14 [,]" notwithstanding a failure to raise the issue in the initial
15 pleadings, or even during the trial.  Engel v. Teleprompter
16 Corporation, 732 F.2d 1238, 1241 (5th Cir. 1984).

17 Nor is OneBeacon correct in asserting that attorney's fees
18 are not recoverable in Carmack cases.  The two cases cited by
19 OneBeacon do not support so broad a proposition.  Accura Systems,
20 Inc. v. Watkins Motor Lines, Inc., 98 F.3d 874 (5th Cir. 1996),
21 relied upon the principle that state law causes of action are
22 preempted by Carmack, whereas the contractual right to attorneys
23 fees is a different situation.  Polygram Group Distribution, Inc.
24 v. Transus,Inc., 990 F.Supp.2nd 1454 (N.D.Ga. 1997), disallowed
25 attorneys fees sought under Georgia statute O.C.G.A. §13-6-11,
26 described in the opinion as allowing fees and costs "for stubborn
27 litigiousness."

28 Nothing in Haas' waybill allowance of attorney's fees

compromises Carmack nor "substantively enlarge[s] the responsibility of the carrier" nor "provide[s] an alternative avenue of recovery," the bases for disallowing attorneys' fees under the doctrine of preemption. As with the attorneys' fees allowed in A.T. Clayton & Co., Inc. v. Missouri-Kansas-Texas Railroad Company, 901 F.2d 833 (10th Cir. 1990), a Carmack case, the Haas' waybill "simply provides an incidental compensatory allowance for the expense of employing an attorney [and] is incidental to and consistent with the overall purpose of the Carmack Amendment since it promotes settlement, ..., and discourages unnecessary litigation." 901 F.2d at 835.

## CONCLUSION

Haas' motion should be granted and Haas awarded its reasonable attorneys fees in the amount of $46,200.00.

Dated: August 20, 2008

COUNTRYMAN & McDANIEL
MICHAEL S. McDANIEL
GEOFFREY W. GILL

By: /s/ Geoffrey W. Gill
GEOFFREY W. GILL
Attorneys for defendant
HAAS INDUSTRIES, INC.

L:\Cases\HAAS\One Beacon\Reply.wpd
REPLY OF DEFENDANT HAAS INDUSTRIES, INC.