UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ONEBEACON INSURANCE COMPANY,)
)
     Plaintiff(s),   )   No.  C07-3540 BZ
)
  v.                  )   **ORDER GRANTING MOTION FOR**
)   **ATTORNEY'S FEES**
HAAS INDUSTRIES, INC,   )
)
     Defendant(s).   )
)
_____)

    OneBeacon Insurance Company ("OneBeacon") sued Haas Industries, Inc. ("Haas") as the subrogee of Professional Products, Inc. ("PPI") under the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 14706, to recover the cost of PPI's lost electronic equipment. Omneon Video Networks ("Omneon") had sold the equipment to PPI, and arranged for Haas to ship the equipment. Some of the equipment was lost in transit. OneBeacon claimed that under section 14706, Haas was liable for the actual value of the equipment because Haas' bill of lading failed to adequately limit its liability.

    After a court trial, I entered judgment on behalf of

1

Haas. I found that OneBeacon did not have standing to sue under the relevant portion of the Carmack Amendment[1] and that, regardless of the standing issue, OneBeacon had successfully limited its liability under the Carmack Amendment. Haas has now moved to recover its attorney's fees under the fee provision in the bill of lading. It provides that: "[s]hould Haas Industries successfully defend itself of any legal actions brought by any party with an interest in this shipment, Haas Industries shall be entitled to reasonable attorneys fees and costs."

OneBeacon opposes the motion on two grounds. OneBeacon contends that attorney's fees are not recoverable in Carmack Amendment cases and that Haas is not entitled to attorney's fees because it did not request them in its answer.[2]

OneBeacon is correct that the relevant section of the Carmack Amendment does not provide for attorney's fees. Mosso v. Dependable Auto Shippers, Inc., No. 1:07-00005, 2007 WL 2746723, at *5 (E.D. Cal., Sept. 19,2007). However, this does not prevent the parties from agreeing to a provision awarding attorney's fees in the bill of lading. Id. at *6; see also Travelers Cas. and Sur. Co. of Amer. v. Pacific Gas & Elec. Co., 127 S.Ct. 1199, 1203 (2007) (The American rule that the

---

[1] 49 U.S.C. section 14706(a)(I) provides that a carrier is "liable to the person entitled to recover under the receipt or bill of lading."

[2] At the hearing, OneBeacon raised several additional arguments that it did not raise in its opposition. I decline to consider these arguments for the purpose of deciding this motion. Palacios v. City of Oakland, 970 F.Supp. 732, 744 (N.D. Cal. 1997). There will be no further briefing on these arguments.

2

1  prevailing party is not entitled to attorney's fees can be
2  overcome by an enforceable contract providing for them.)  As
3  Mosso noted, neither Accura Sys., Inc. v. Watkins Motor Lines,
4  Inc., 98 F.3d 874 (5th Cir. 1996) nor PolyGram Group
5  Distribution, Inc. v. Transus, Inc., 990 F.Supp. 1454 (N.D.
6  Ga. 1997), the same cases on which OneBeacon relies, "nor any
7  other case interpreting § 14706 addresses the validity of
8  attorney's fees provisions included within a bill of lading."
9  Id. at *5.
10     Nor am I persuaded by OneBeacon's second ground for
11 opposing the motion, that Haas is precluded from requesting
12 attorney's fees because they were not requested in its
13 answer.[3]  OneBeacon cites no authority, and I am not aware of
14 any, that would deny a defendant fees if not prayed for in its
15 answer.  The cases OneBeacon cites involve *plaintiffs* who
16 failed to demand attorney's fees in their *complaints,* often
17 where the fees were deemed to be special damages which must be
18 sought in the prayer.  None of OneBeacon's cases require a
19 defendant to pray for attorney's fees on the answer.[4]  More
20 persuasive is the Fifth Circuit's holding in Engel v.
21 Teleprompter Corp., that a prevailing defendant in a breach of
22 contract case could collect attorney's fees even if it failed

---

[3]     Haas did pray for its costs of suit.

[4]     Plaintiff does cite to Judge Schwarzer's treatise which states that a defendant "should" set forth a request for attorney's fees in the answer.  Schwarzer, et al., Federal Civil Procedure Before Trial, 8:249 (2008).  However, the treatise cites no authority for that proposition, instead relying on cases involving a plaintiff's duty to pray for attorney's fees in the complaint.  Id. at 8:154.

3

to seek fees in its answer. 732 F.2d 1238, 1242 (5th Cir. 1984) ("Where a statute or contractual provision authorizes a fee award, such an award becomes the rule rather than the exception, and should be awarded routinely as are costs of suit. We stress that no one disputes that the present contract authorizes a fee award under these circumstances." *Id.* at 1241) *see also* James WM. Moore, Moore's Federal Practice, § 54.72[1][d] (2008) ("court should award attorney's fees under Rule 54(c)[5] whenever that relief is appropriate under the law and the facts proven, and timely and properly documented motion for fees is filed under Rule 54(d)(2)").[6]

Haas' request for attorney's fees is timely under Local Rule 54-6(a). Other than the two arguments addressed above, OneBeacon makes no claim that the fee provision is not enforceable. Nor does it challenge the hours claimed or the rate requested. I find that Haas' request for $46,200 in fees (220 hours at $210.00 per hour) is reasonable in light of the significant time required to defend this action, including OneBeacon's motion for summary judgment and its claims at trial. As such, Haas' motion for attorney's fees is **GRANTED**

///

///

---

[5] "**Demand for Judgment; Relief to Be Granted.** . . . Every other final judgment should grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings." Fed. R. Civ. P. 54(c).

[6] OneBeacon does not claim it has been prejudiced by Haas' failure to request fees, which is not surprising since OneBeacon pled the existence of bill of lading that contained the fee provision.

4

and it is awarded $46,200 in fees.

Dated: September 18, 2008

                                  Bernard Zimmerman
                          United States Magistrate Judge

G:\BZALL\-BZCASES\ONE BEACON\ORDER GRANTING MOTION FOR ATTORNEY FEES.BZ VERSION.wpd